UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK



14 CV 712

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO
"MOSCOW DISTILLERY CRISTALL,"

        Plaintiffs,

        -against-

SPIRITS INTERNATIONAL B.V.,
FORMERLY KNOWN AS SPIRITS
INTERNATIONAL N.V.; SPI SPIRITS
LIMITED; SPI GROUP SA; YURI SHEFLER;
ALEXEY OLIYNIK; ALLIED DOMECQ
INTERNATIONAL HOLDINGS B.V.;
ALLIED DOMECQ SPIRITS & WINES USA,
INC., d/b/a ALLIED DOMECQ SPIRITS,
USA; WILLIAM GRANT & SONS USA;
WILLIAM GRANT & SONS, INC.; and
STOLI GROUP (USA) LLP,

        Defendants.

---

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
FEB 04 2014
U.S.D.C. S.D. N.Y.
CASHIERS

---

        Plaintiffs Federal Treasury Enterprise Sojuzplodoimport ("FTE") and OAO "Moscow

Distillery Cristall" (individually "Cristall" and, with FTE, collectively "Plaintiffs"), by their

attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, allege as follows:

**INTRODUCTION**

        1.     This action arises out of Defendants' unlawful misappropriation and unauthorized

commercial exploitation of the famous STOLICHNAYA and related trademarks (the

"STOLICHNAYA Marks" or the "Marks") in connection with the sale of vodka and other spirits

in the United States.

        2.     The STOLICHNAYA trademarks were created by the Soviet Union, which began

producing STOLICHNAYA branded vodka in the late 1940s. In 1967, a Soviet state enterprise

1

then named V/O-SPI and later renamed VVO-SPI applied to register the STOLICHNAYA trademark with the United States Patent and Trademark Office ("USPTO"). In 1969, the USPTO issued a federal trademark registration to VVO-SPI, and for more than twenty years, vodka made in Russia and produced under the authority and supervision of VVO-SPI was sold by VVO-SPI's licensees in the United States under the STOLICHNAYA trademark.

3.      In 1991 and 1992, amidst the chaos surrounding the dissolution of the Soviet Union, VVO-SPI's directors seized control of VVO-SPI's operations and assets, including the STOLICHNAYA Marks, and fraudulently purported to privatize VVO-SPI. Defendants claim rights in the STOLICHNAYA trademarks through VAO-SPI, the private corporation that VVO-SPI's directors fraudulently represented to be VVO-SPI's successor.

4.      Upon discovering that the STOLICHNAYA Marks has been stolen, the Russian Federation, the successor government to the Soviet Union, successfully sued in the Russian courts to establish that VVO-SPI had not been privatized, and this determination was upheld by the European Court of Human Rights.

5.      VVO-SPI subsequently transferred all of its right in the STOLICHNAYA trademarks to the Russian Federation, which formed plaintiff Federal Treasury Enterprise Sojuzplodoimport ("FTE") to conduct the operations previously performed by VVO-SPI, including the export of STOLICHNAYA vodka to the United States. On February 3, 2014, the Russian Federation assigned to FTE all of its right, title and interest in the STOLICHNAYA Marks, as well as all claims concerning prior unlawful misappropriation and unauthorized use of the Marks.

6.      FTE and Cristall, which FTE has given an exclusive license to produce vodka and other products bearing the STOLICHNAYA Marks for sale in the United States, bring this action

against Defendants for, *inter alia*, trademark infringement, trademark dilution and unfair competition arising out of their unauthorized use and infringement of the STOLICHNAYA Marks in connection with the sale of vodka the United States.

## THE PARTIES

7.      Plaintiff FTE is an economic entity owned by the Russian Federation organized and existing under the laws of Russia, with its principal place of business in Russia.  FTE was formed by the Russian Federation in December 2001 to assume operations and functions formerly performed by VVO-SPI.  On February 3, 2014, the Russian Federation assigned its right, title and interest in the STOLICHNAYA Marks in the United States to FTE, as well as all of the Russian Federation's claims against Defendants.

8.      Plaintiff Cristall is a corporation organized and existing under the laws of Russia, with its principal place of business in Russia.  FTE has granted Cristall an exclusive license to produce vodka and other products bearing the STOLICHNAYA marks for sale in the United States.

9.      Defendant Shefler is an alien who maintains a residence in the United States.

10.      Defendant Oliynik is a non-resident alien.

11.      Defendant SPI Group SA is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Switzerland.

12.      Defendant Spirits International, B.V. ("Spirits International"), formerly Spirits International N.V., is a subsidiary of SPI Group SA; is organized and existing under the laws of the Netherlands; and has its principal place of business in Luxembourg.  Spirits International purports to be the owner of various federal trademark registrations, including U.S. Trademark Registration Nos. 865,462, 1,244,735 and 1,291,454 for the STOLICHNAYA Marks.

13.     Defendant SPI Spirits Limited ("SPI Spirits") is a corporation organized and existing under the laws of Cyprus, with its principal place of business in Cyprus.

14.     SPI Group SA, Spirits International, and SPI Spirits are part of the SPI Spirits Group, a group of companies owned or controlled by defendants Shefler and Oliynik.  At all relevant times mentioned in this Complaint, SPI Group SA, Spirits International, and SPI Spirits have been or are mere shells, instrumentalities, and/or conduits through which Defendants Shefler and Oliynik conduct, and have conducted, their unlawful activities.  To avoid an inequitable result, SPI Group SA, Spirits International, and SPI Spirits should be regarded as the alter egos of Shefler and Oliynik.  Shefler, Oliynik, SPI Group SA, Spirits International, and SPI Spirits are referred to collectively as "SPI."

15.     Defendant Allied Domecq International Holdings, B.V. ("ADIHBV")  is a corporation organized and existing under the laws of the Netherlands, with its principal place of business in the Netherlands.  Defendant Allied Domecq Spirits and Wines USA, Inc. ("AD USA") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Connecticut.  Upon information and belief, AD USA is licensed to do business in New York by the Alcoholic Beverage Control State Liquor Authority and maintains offices at 565 Taxter Road, Elmsford, New York.  ADIHBV and AD USA are referred to collectively as "Allied Domecq."

16.     Defendant William Grant & Sons USA ("WGS USA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York City.  Defendant William Grant & Sons, Inc. ("WGS Inc.") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New York City.  Upon information and belief, WGS Inc. is licensed to do business in New York by

the Alcoholic Beverage Control State Liquor Authority.  WGS Inc. and WGS USA are referred to collectively as "WGS."

17.    Defendant Stoli Group (USA) LLC ("Stoli Group") is a corporation organized and existing under the laws of Delaware, and, upon information and belief, its principal place of business is in New York.  Upon information and belief, Stoli Group maintains an office at 135 E. 75th Street, New York, NY 10022.  Stoli Group is licensed to do business in New York by the Alcoholic Beverage Control State Liquor Authority.

18.    Defendants, and each of them, were and/or are acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent, and approval of one another.

## JURISDICTION AND VENUE

19.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

20.    This Court has personal jurisdiction over Defendants because they transact business in the State of New York, and/or have contracted to supply goods or services in the State, and/or have committed the acts of, *inter alia*, trademark infringement, dilution and federal and state unfair competition that have given rise to this action in this district.

21.    Each defendant is or was, directly or indirectly, transacting business within New York State and this district involving the use of the STOLICHNAYA Marks, and each has, directly or indirectly, committed tortious acts within and/or without the state of New York with respect to the use and purported ownership of the Marks, which have caused injury to Plaintiffs within the State.  Each defendant, through business transactions and other activities concerning the Marks derives or has derived substantial revenue from the sale and consumption of goods in

this State and from interstate and international commerce, and through such conduct expects, or should reasonably expect, its or his acts to have consequences in this State.

22.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE FAMOUS STOLICHNAYA MARKS

23.     The Soviet Union began producing vodka under the STOLICHNAYA trademark in the late 1940s.  In Russian, "Stolichnaya" means "from the capital" and connotes unsurpassed quality.

24.     In 1967, the Soviet Union organized an enterprise named V/O-SPI to which it delegated authority, *inter alia*, to export STOLICHNAYA brand vodka manufactured in Russia.

25.     V/O SPI first applied to register the STOLICHNAYA trademark with the USPTO in 1967.

26.     In February 1969, the USPTO issued U.S. Trademark Registration No. 865,462 for the mark STOLICHNAYA to V/O-SPI.

27.     V/O-SPI subsequently applied for and obtained Trademark Registration Nos. 1,291,454 (for the mark STOLICHNAYA) and 1,244,735 (for the mark STOLI), which were issued August 21, 1984 and July 5, 1983, respectively.

28.     In or about 1990, V/O-SPI was reorganized and renamed VVO-SPI.

29.     From 1969 to 2000, STOLICHNAYA branded vodka was sold in the United States by V/O-SPI's and/or VVO-SPI's authorized licensees and distribution partners, Monsieur Henri Wines, Ltd. and PepsiCo, Inc. ("PepsiCo").

30.     During this time, immense quantities of STOLICHNAYA brand vodka were sold, accounting for a significant percentage of total vodka sales in the United States.

31.     Millions of dollars were spent annually to advertise and promote the STOLICHNAYA brand in the United States.

32.     Due in part to these efforts, STOLICHNAYA vodka came to be considered a "premium" vodka by U.S. consumers, acquired secondary meaning in the minds of U.S. consumers, and became a famous brand name.

33.     VVO-SPI worked closely with its distribution partners to ensure the vodka being sold under the STOLICHNAYA Marks in the United States maintained uniform characteristics and a high level of quality. Vodka sold under the STOLICHNAYA brand in the United States during this time was obtained from particular Russian distilleries selected by VVO-SPI and was inspected and certified to comport with the State standards of the Russian Government.

## DEFENDANTS' UNLAWFUL ACTIVITIES

34.     In 1990, the Soviet Union began to collapse.  In the accompanying chaos, billion dollar enterprises were "hijacked" by their managers and/or directors.

35.     The staff of VVO-SPI, led by its General Director, Evgeniy Filippovich Sorochkin ("Sorochkin"), did the same.  They conspired to make it appear that VVO-SPI (a state-controlled entity) had been lawfully transformed into a private joint stock company by creating a private company using a name, VAO-SPI, nearly identical to VVO-SPI, and by asserting in VAO-SPI's corporate charter that it was VVO-SPI's successor.

36.     VVO-SPI was not in fact transformed into VAO-SPI or otherwise privatized.

37.     Defendants claim rights in the STOLICHNAYA Marks based upon a chain of purported transfers originating with a purported assignment by VAO-SPI to an entity controlled by SPI, which has been declared null and void by the Russian courts.

**Allied Domecq's Infringement**

38.     In or about November 2000, VAO-SPI entered into an agreement with Allied Domecq in which Allied Domecq agreed to distribute and sell vodka bearing the STOLICHNAYA Marks.

39.     In or about January 1, 2001, by falsely represented themselves to be VVO-SPI's legitimate successor, SPI induced PepsiCo to purport to assign its rights to the STOLICHNAYA Marks to Allied Domecq.

40.     This purported assignment was invalid.  SPI is not VVO-SPI's successor in interest and does not own the STOLICHNAYA Marks, and as a mere licensee, PepsiCo did not own the STOLICHNAYA Marks and therefore did not have the right to transfer the Marks to Allied Domeq.

41.     From January 2001 to August 2008, Allied Domecq imported, advertised, distributed, and sold substantial quantities of vodka bearing the STOLICHNAYA Marks in New York and elsewhere in the United States.

42.     Allied Domecq bought all the vodka it sold bearing the STOLICHNAYA Marks in the United States from SPI.

43.     Allied Domecq's use of the STOLICHNAYA Marks was not authorized by VVO-SPI, FTE, or the Russian Federation and was therefore infringing.

44.     Allied Domecq knew or should have known that the purported assignment of the STOLICHNAYA Marks to it was invalid because on December 11, 2000 a Russian court issued a judgment, upheld by the highest court in Russia as well as the European Court of Human Rights, holding that VAO-SPI was not VVO-SPI's successor.

45.     Allied Domecq was aware of this judgment, which rendered SPI's chain of title to the Marks invalid, in January 2001 when it accepted the purported assignment of the Marks from the PepsiCo.

46.     Indeed, Allied Domecq's November 2000 agreement with VAO-SPI, as well as its annual reports, specifically noted the possibility that the Russian Federation would claim title to the Marks.

47.     Separately, in connection with litigation between FTE and defendant Spirits International, N.V, Allied Domecq  also knew that Dutch courts held that VVO-SPI was not privatized.

**WGS's Infringement**

48.     In or about December 15, 2008, SPI entered into an agreement with WGS to distribute and sell vodka bearing the STOLICHNAYA Marks in the United States.  To the extent this agreement purported to authorize WGS to use the STOLICHNAYA Marks, the agreement was invalid because SPI had no right to the Marks.

49.     From December 2008 to the present, WGS has imported, advertised, distributed, and sold substantial quantities of vodka bearing the STOLICHNYA Marks in New York and elsewhere in the United States.

50.     WGS's use of the Marks was not authorized by VVO-SPI, FTE, or the Russian Federation and is therefore infringing.

51.     WGS either knew or should have known that its use of the Marks was unauthorized.  Before contracting with SPI, WGS was aware of Russian decisions invalidating the SPI's chain of title to the Marks, and since at least 2008 it has known FTE had sued SPI and Allied Domecq alleging that their purported chain of title to the Marks was invalid.

**Stoli Group's Infringement**

52.     Upon information and belief, on or about January 1, 2014, SPI entered into an agreement with Stoli Group to distribute and sell vodka bearing the STOLICHNAYA Marks in the United States.  To the extent this agreement purported to authorize Stoli Group to use the STOLICHNAYA Marks, the agreement was invalid because SPI had no right to use the Marks.

53.     Upon information and belief, from January 1, 2014 to the present, Stoli Group has imported, advertised, distributed, and/or sold vodka bearing the STOLICHNYA Marks in New York and elsewhere in the United States.

54.     Stoli Group's use of the Marks was not authorized by VVO-SPI, FTE, or the Russian Federation and is therefore infringing.

55.     Stoli Group either knew or should have known that its use of the Marks was unauthorized.  Before contracting with SPI, Stoli Group was aware of Russian decisions invaliding the SPI's chain of title to the Marks, and it knew FTE had sued SPI, Allied Domecq and WGS alleging that their purported chain of title to the Marks was invalid.

**SPI's Infringement**

56.     By entering into agreements with Allied Domecq, WGS and Stoli Group to distribute and sell vodka bearing the STOLICHNAYA Mark, and by supplying the vodka sold by Allied Domecq, WGS and Stoli Group, SPI has contributed to the infringement by Allied Domecq, WGS and Stoli Group.

57.     In addition, upon information and belief, SPI has itself imported, advertised, distributed, and sold vodka bearing the STOLICHNAYA Marks in New York and elsewhere in the United States.

58.     SPI's use of the STOLICHNAYA Marks was not authorized by VVO-SPI, FTE, or the Russian Federation.

10

59.     Based on the decisions of the Russian courts as well as Shefler's personal knowledge gained while an officer of VAO-SPI, SPI knew or should have known that its chain of title to the STOLICHNAYA Marks was defective and that its use of the Marks was unauthorized and infringing.

**Defendants Infringing Sale of Inauthentic STOLICHNAYA Vodka**

60.     Defendants have unlawfully imported and sold vodka in the United States bearing the STOLICHNAYA trademark, infringing and diluting the distinctive quality of the STOLICHNAYA brand.

61.     The vodka sold by Defendants under the STOLICHNAYA brand was and is materially different in quality and character from the authentic STOLICHNAYA brand vodka sold on behalf of VVO-SPI in the United States.

62.     Upon information and belief, in or about 2002, SPI began exporting vodka into the U.S under the STOLICHNAYA Mark that was produced and/or bottled in Latvia—not Russia—where authentic STOLICHNAYA brand vodka is produced.  Defendants have imported, advertised, distributed, and sold vodka from Latvia bearing the STOLICHNAYA Marks in New York and elsewhere in the United States.

63.     The vodka sold by Defendants is not subject to the same quality control measures as authentic, Russian made STOLICHNAYA vodka produced and sold by Plaintiffs.

64.     Nevertheless, consumers are likely to believe that the STOLICHNAYA branded vodka being sold by Defendants today is the same high-quality vodka originating from the same source, and subject to the same quality control measures, as vodka sold under the STOLICHNAYA brand in the United States between 1969 and 2000.

Prior Legal Proceedings in the United States

65.     In 2004, FTE sued SPI and Allied Domecq for, *inter alia*, trademark infringement. In August 2013, however, the United States Court of Appeals for the Second Circuit held that FTE lacked standing to sue for trademark infringement because, while the Russian Federation had entrusted it with responsibility for using and enforcing the STOLICHNAYA Marks, it had not assigned the trademarks to FTE.

66.     To rectify its lack of standing according to the Second Circuit, on February 3, 2014, the Russian Federation assigned the STOLICHNAYA Marks to FTE. Attached hereto as **Exhibit A** is a true and correct copy of this assignment.

## FIRST CLAIM

### (Federal Trademark Infringement—15 U.S.C. § 1114(1))

67.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 66, above, as though fully set forth herein.

68.     FTE is the rightful owner of the STOLICHNAYA Marks and has given Cristall the exclusive right to produce vodka bearing the Marks for sale in the United States.

69.     Defendants have used the STOLICHNAYA Marks without permission or authorization.

70.     Defendants' unauthorized use of the STOLICHNAYA Marks constituted and continues to constitute trademark infringement and was and is likely to cause: (a) confusion, deception and mistake among the consuming public and trade; and (b) irreparable injury to FTE, including injury to its reputation and to the distinctive high quality of its trademarks.

71.     Defendants' wrongful conduct has caused, and unless enjoined will continue to cause, irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and

enjoining Defendants, their agents, servants, and employees and all persons acting thereunder, in concert with, or on their behalf, from using, licensing, or selling the Marks.

72.    Because Defendants' wrongful activities constituted and continue to constitute trademark infringement, and because Defendants' conduct was wanton, deliberate, malicious, and willful, Plaintiffs also are entitled to the remedies set forth in 15 U.S.C. §§ 1117(a) and 1118. Specifically, Plaintiffs are entitled to recover all profits earned by the Defendants, trebled; all damages Plaintiffs have sustained, trebled; as well as attorney's fees, costs, and all other available remedies.

## SECOND CLAIM

### (False Designation of Origin/Federal Unfair Competition—15 U.S.C. § 1125(a))

73.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 72, above, as though fully set forth herein.

74.    The aforesaid acts of Defendants constitute use in commerce of words, terms, names, symbols, and devices, and combinations thereof; false designation of origin; false and misleading descriptions of fact; and false and misleading representations of fact in commercial advertising or promotion which misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' vodka.

75.    Defendants' acts are intended to reap the benefit of the goodwill that Plaintiffs have created in the STOLICHNAYA Marks and constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

76.    Defendant's acts have caused, and are causing, great and irreparable harm to Plaintiffs and, unless permanently restrained by this Court, this injury will continue.

## THIRD CLAIM

### (Federal Dilution—15 U.S.C. § 1125(c))

77.    FTE repeats and realleges each and every allegation of paragraphs 1 through 76, above, as though fully set forth at length.

78.    The STOLICHNAYA Marks have been used in commerce in the United States since at least 1967 and have become famous.

79.    Defendants unauthorized use of the STOLICHNAYA Marks in connection with their vodka products has diluted, and will continue to dilute, the distinctive quality of the STOLICHNAYA Marks in violation of 15 U.S.C. § 1125(c).

80.    Defendants' wrongful conduct has caused, and unless enjoined will continue to cause, irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

81.    FTE is also entitled to the remedies set forth in 15 U.S.C §§ 1117(a) and 1118. Specifically, FTE is entitled to recover all profits earned by Defendants, trebled; all damages FTE has sustains, trebled; as well as the costs of this action.

## FOURTH CLAIM

### (Common Law Trademark Infringement)

82.    FTE repeats and realleges each and every allegation of paragraphs 1 through 81, above, as though fully set forth at length.

83.    FTE is the rightful owner of the STOLICHNAYA Marks and has given Cristall the exclusive right to produce vodka bearing the Marks for sale in the United States.

84.    Defendants have used the STOLICHNAYA Marks without permission or authorization by Plaintiffs.

85.    Defendants' unauthorized use of the STOLICHNAYA Marks constituted and continues to constitute trademark infringement, and was and is likely to cause: (a) confusion,

deception and mistake among the consuming public and trade; and (b) irreparable injury to FTE, including injury to its reputation and to the distinctive high quality of its trademarks.

86.    Additionally, Defendants' actions were and are in bad faith, in conscious disregard of Plaintiffs' rights, and performed with the intention of depriving FTE of its intellectual property rights.  Defendants had knowledge that their conduct was infringing or, at minimum, recklessly disregarded the possibility.  Accordingly, Defendants' conduct merits, and Plaintiffs seek, an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter such conduct in the future.

87.    Defendants' wrongful conduct has caused, and unless enjoined will continue to cause, irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendants, their agents, servants, and employees and all persons acting thereunder, in concert with, or on their behalf, from using, licensing, or selling the Marks.

## FIFTH CLAIM

### (Common Law Unfair Competition)

88.    FTE repeats and realleges each and every allegation of paragraphs 1 through 87, above, as though fully set forth at length.

89.    By reason of the foregoing acts, Defendants have engaged in common law unfair competition.  FTE, its predecessors in interest, and their licensees invested a substantial amount of time, effort and money to develop the STOLICHNAYA Marks, which are now extremely valuable both in New York and the United States as a whole.  As a result of FTE's labors, and those of its predecessors and licensees, consumers in New York and the United States have come to expect that STOLICHNAYA vodka comes from a single source other than the Defendants.

90.     By reason of the foregoing acts, Defendants are palming off their vodka to consumers as if it were authentic STOLICHNAYA vodka, and Defendants' use of the STOLICHNAYA Marks is likely to cause confusion as to the source of Defendant's vodka.

91.     Pursuant to its agreement with FTE, plaintiff Cristall intends to sell genuine Russian vodka under the STOLICHNAYA Marks, which would compete with the vodka sold by the WGS Defendants and/or Stoli Group.

92.     Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining all Defendants, their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using, licensing, assigning other than to FTE, or selling the Marks.

93.     As a result of Defendants' actions, Plaintiffs have been and are being damaged, in an amount to be proved at trial.  In addition to their actual damages, Plaintiffs seek and are entitled to an accounting of all profits enjoyed by Defendants as a result of their wrongful conduct.

94.     Additionally, Defendants' actions were and are in bad faith, in conscious disregard of Plaintiffs' rights, and performed with the intention of depriving FTE of its intellectual property rights.  Defendants had knowledge that their conduct was infringing or, at minimum, recklessly disregarded the possibility.  Accordingly, Defendants' conduct merits, and Plaintiffs seek, an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter such conduct in the future.

95.     The aforesaid acts of Defendants constitute unfair competition in violation of common law.

## SIXTH CLAIM

### (Trademark Dilution Under New York Law)

96.      FTE repeats and realleges each and every allegation of paragraphs 1 through 95, above, as though fully set forth at length.

97.      The STOLICHNAYA Marks are famous and well-known throughout the entire country and in New York, having been used throughout the United States and in New York for decades.  The STOLICHNAYA Marks thus possess a distinctive quality capable of dilution.

98.      Defendants are using the same or substantially similar trademarks in connection with their sale of vodka products in the U.S.

99.      Defendants' conduct is likely to cause dilution and unless enjoined, will continue to damage and lessen the distinctiveness of the STOLICHNAYA Marks by blurring and tarnishing the marks.  Such conduct violates New York General Business Law § 360-l.

100.     Defendants actions were and continue to be intentional or with a reckless disregard or willful blindness to Plaintiffs' rights.

## SEVENTH CLAIM

### (Contributory Federal And Common Law Trademark Infringement)

101.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 100, above, as though fully set forth herein.

102.     SPI is liable for contributory trademark infringement as the suppliers of infringing goods to Allied Domecq, WGS and/or Stoli Group.  SPI has supplied, and continues to supply, infringing products to Allied Domecq, WGS and/or Stoli Group even after SPI, Allied Domecq, WGS and Stoli Group knew, or had reason to know, that Allied Domecq, WGS and/or Stoli Group were infringing the STOLICHNAYA Marks.

103.    SPI is also liable for contributory trademark infringement because it intentionally induced Allied Domecq, WGS and/or Stoli Group to infringe the STOLICHNAYA Marks.

104.    SPI's wrongful conduct has caused and, unless enjoined, will continue to cause, irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining SPI, its agents, servants, and employees and all persons acting thereunder, in concert with, or on its behalf, from using, licensing, assigning other than to FTE, or selling the Marks.

105.    Plaintiffs are also entitled to the remedies set forth in 15 U.S.C. §§ 1117(a) and 1118.  Specifically, Plaintiffs are entitled to recover all profits earned by Defendants, trebled; all damages FTE has sustained, trebled; as well as attorney's fees, costs, and all other available remedies.

## EIGHTH CLAIM

### (Contributory Federal And Common Law Unfair Competition)

106.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 105, above, as though fully set forth herein.

107.    SPI is liable for contributory unfair competition as the suppliers of infringing goods to Allied Domecq, WGS and/or Stoli Group.  SPI has supplied, and continues to supply, infringing products to Allied Domecq, WGS and/or Stoli Group even after SPI, Allied Domecq, WGS and Stoli Group knew, or had reason to know, that such products were bring used in a manner that is likely to cause confusion as to the origin and sponsorship of those goods, as well as a false association between Allied Domecq, WGS and/or Stoli Group, on the one hand, and FTE on the other.

108.    Upon information and belief, SPI is also liable for contributory unfair competition because they intentionally induced Allied Domecq, WGS and/or Stoli Group to use infringing

goods in a manner that is likely to cause confusion as to the origin and sponsorship of those goods, and the affiliation between Allied Domecq, WGS and/or Stoli Group on the one hand, and FTE on the other.

109.    SPI's wrongful conduct has caused and, unless enjoined, will continue to cause, irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining SPI, its agents, servants, and employees and all persons acting thereunder, in concert with, or on its behalf, from using, licensing, assigning other than to FTE, or selling the STOLICHNAYA Marks.

110.    FTE is also entitled to the remedies set forth in 15 U.S.C §§ 1117(a) and 1118. Specifically, FTE is entitled to recover all profits earned by Defendants, all damages FTE has sustains, trebeled, as well as the costs of this action.

## NINTH CLAIM

### (Contributory Federal And New York Trademark Dilution)

111.    FTE repeats and realleges each and every allegation of paragraphs 1 through 110, above, as though fully set forth at length.

112.    SPI is liable for contributory trademark dilution as the suppliers of infringing goods to Allied Domecq, WGS and Stoli Group.  SPI has supplied, and continued to supply, infringing products to Allied Domec, WSG and/or Stoli Group even after SPI, Allied Domecq, WGS and Stoli Group knew, or had reason to know, that such products dilute FTE's famous STOLICHNAYA Marks.

113.    Upon information and belief, SPI is also liable for contributory trademark dilution because they intentionally induced Allied Domecq, WGS and/or Stoli Group to dilute FTE's famous STOLICHNAYA Mark.

114.   Defendants' wrongful conduct has caused, and unless enjoined, will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## TENTH CLAIM

### (Rectification of Register—15 U.S.C. § 1119)

115.   FTE repeats and realleges each and every allegation of paragraphs 1 through 114, above, as though fully set forth herein.

116.   Spirits International is not now, and never has been, the rightful owner or registrant of the STOLICHNAYA Marks because it did not acquire valid title to them and because it did not control the nature and quality of the vodka bearing the STOLICHNAYA Marks.

117.   Allied Domecq is not now, and never has been, the rightful owner or registrant of the STOLICHNAYA Marks because it did not acquire valid title to them and because it did not control the nature and quality of the vodka bearing STOLICHNAYA Marks.

118.   Accordingly, FTE seeks an order from the Court to the Director of the United States Patent and Trademark Office ("USPTO") certifying that FTE is the rightful owner of the STOLICHNAYA Marks and directing it to rectify the Federal Register to reflect FTE as the owner and registrant of the STOLICHNAYA Marks.

## ELEVENTH CLAIM

### (Cancellation of Registrations—15 U.S.C. §§ 1119, 1052, 1064)

119.   FTE repeats and realleges each and every allegation of paragraphs 1 through 118, above, as though fully set forth herein.

120.   FTE is the rightful owner of the STOLICHNAYA Marks, which have acquired considerable value and have become well-known and famous to the consuming public and trade in the United States and throughout the world.

121.    SPI and Allied Domecq have registered trademarks incorporating the STOLICHNAYA Marks or derivatives thereof in the United States without the authorization or consent of FTE or the Russian Federation.

122.    The trademarks derived from the STOLICHNAYA Marks that SPI and Allied Domecq have registered are confusingly similar to, and dilutive of, the STOLICHNAYA Marks, and were and are intended to confuse and deceive consumers.

123.    The trademarks derived from the STOLICHNAYA Marks that SPI and Allied Domecq have registered are used to misrepresent the source of the good sold in connection therewith, suggest a false connection to the Russian Federation, employ a geographical indication which identifies a place other than the origin of the goods, and were obtained fraudulently.

124.    SPI and/or Allied Domecq knowingly misrepresented to the UPSTO that they were entitled to register and/or use the STOLI Marks, with an intent to deceive the USPTO, in connection with the original applications and also in connection with the subsequent affidavits submitted thereafter.  The USPTO reasonably relied on these misrepresentations in issuing and/or continuing the registrations.

125.    On these grounds, FTE seeks cancellation of any STOLICHNAYA-related trademarks that Defendants have registered or that may become registered, including the following:

| Mark | Serial No. | Filing Date | Reg. No. | Reg. Date | Status as of present date |
|------|-----------|-------------|----------|-----------|---------------------------|
| STOLICHNAYA CRANBERI | 78/150258 | 08/02/02 | 2984881 | 08/16/05 | Registered |
| STOLI CRANBERI | 78/150200 | 08/02/02 | 2915969 | 01/04/05 | Registered |
| STOLICHNAYA CITROS | 78/150196 | 08/02/02 | 2936005 | 03/29/05 | Registered |

| Mark | Serial No. | Filing Date | Reg. No. | Reg. Date | Status as of present date |
|---|---|---|---|---|---|
| STOLICHNAYA ELIT | 78/153281 | 08/12/02 | 3325498 | 10/30/07 | Registered |
| STOLICHNAYA ELIT and design | 78/177458 | 10/23/02 | 3044248 | 01/17/06 | Registered |
| STOLI OHRANJ and design | 78/597869 | 03/30/05 | 3076407 | 04/04/06 | Registered |
| STOLI OHRANJ and design | 78/602661 | 04/06/05 | 3076475 | 04/04/06 | Registered |
| STOLI BLUEBERI | 78/707756 | 09/07/05 | 3110643 | 06/27/06 | Registered |
| STOLI BLUEBERI (stylized) | 78/710734 | 09/12/05 | 3110644 | 06/27/06 | Registered |
| STOLICHNAYA STOLI BLUEBERI BLUEBERRY FAVORED RUSSIAN VODKA | 78/712452 | 09/14/05 | 3341339 | 11/20/07 | Registered |
| STOLICHNAYA STOLI BLUEBERI BLUEBERRY FLAVORED RUSSIAN VODKA and design | 78/758074 | 11/21/05 | 3331722 | 11/06/07 | Registered |
| STOLICHNAYA STOLI CRANBERI CRANBERRY FLAVORED RUSSIAN VODKA and design | 78/758082 | 11/21/05 | 3236313 | 05/01/07 | Registered |
| STOLICHNAYA STOLI CRANBERI CRANBERRY FLAVORED RUSSIAN VODKA and design | 78/758089 | 11/21/05 | 3236314 | 05/01/07 | Registered |
| STOLI BLAKBERI | 77/296216 | 10/04/07 | 3620153 | 05/12/09 | Registered |
| STOLI PEACHIK | 77/298233 | 10/08/07 | 3526585 | 11/04/08 | Registered |
| STOLICHNAYA STOLI POMEGRANIK POMEGRANATE FLAVORED RUSSIAN VODKA SPI and design | 77/719236 | 04/22/09 | 3883661 | 11/30/10 | Registered |
| STOLI GALA APPLIK | 77/778148 | 07/10/09 | 3861810 | 10/12/10 | Registered |
| FROM THE HOUSE OF STOLICHNAYA | 85/031409 | 05/06/10 | 4080771 | 06/03/12 | Registered |
| STOLICHNAYA STOLI WILD CHERRI | 85/068226 | 06/22/10 | 3987082 | 06/28/11 | Registered |

| Mark | Serial No. | Filing Date | Reg. No. | Reg. Date | Status as of present date |
|------|-----------|-------------|----------|-----------|---------------------------|
| and design | | | | | |
| STOLICHNAYA STOLICHNAYA and design | 79/085598 | 06/28/10 | 4116695 | 03/27/12 | Registered |
| STOLICHNAYA STOLICHNAYA | 85/219536 | 01/18/11 | 4126541 | 04/10/12 | Registered |
| STOLICHNAYA GOLD | 79/104840 | 10/12/11 | 4255752 | 12/11/12 | Registered |
| STOLI STICKI | 85/491325 | 12/09/11 | 4269571 | 01/01/13 | Registered |
| STOLI CHOCOLAT RAZBERRI STOLICHNAYA | 79//110196 | 01/12/12 | 4293958 | 02/26/13 | Registered |
| STOLICHNAYA STOLI | 79/120515 | 09/19/12 | N/A | N/A | Pending |
| STOLI CHOCOLAT KOKONUT STOLICHNAYA | 79/120514 | 09/19/12 | N/A | N/A | Pending |
| STOLI SALTED KARAMEL STOLICHNAYA | 79/120461 | 09/19/12 | N/A | N/A | Pending |

## PRAYER FOR RELIEF

Wherefore, FTE and Cristall pray for judgment against Shefler, Oliynik, SPI Group SA, Spirits International, SPI Spirits, ADIHBV, AD USA, WGS USA, WGS Inc. and Stoli Group, and each of them, as follows:

A.   For a preliminary and permanent injunctions prohibiting the Defendants from using, licensing, assigning other than to FTE, or selling the STOLICHNAYA Marks.

B.   For an accounting of Defendants' unjust profits, trebled; damages, trebled; as well as costs, attorneys' and investigators' fees.

C.   For a declaration that FTE is the rightful owner of the STOLICHNAYA Marks in the United States, and for an order directing the USPTO to rectify the Principal Register to accurately reflect that ownership.

D.    For cancellation of any trademarks that Defendants have registered or are in the process of registering that are derived from the STOLICHNAYA Marks or an order directing Defendants to assign the registrations to FTE.

E.    For Plaintiffs' damages, costs, attorneys' and investigators' fees, punitive and exemplary damages in an amount sufficient to punish Defendants and deter others, and an accounting of the Defendants' unjust profits.

F.    For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Russian Federal Treasury Enterprise Sojuzplodoimport and OAO "Moscow Distillery Cristall" respectfully demand trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York
February 4, 2014

QUINN EMANUEL
URQUHART & SULLIVAN, LLP

By: _____
Robert L. Raskopf
Marc Greenwald
Jessica A. Rose

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7400
robertraskopf@quinnemanuel.com
marcgreenwald@quinnemanuel.com
jessicarose@quinnemanuel.com

Attorneys for Plaintiffs
Federal Treasury Enterprise Sojuzplodoimport
"FTE" and OAO "Moscow Distillery Cristall"

and

Daniel H. Bromberg
danbromberg@quinnemanuel.com

QUINN EMANUEL
URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139
(650) 801-5000

# EXHIBIT A

СОГЛАШЕНИЕ ОБ УСТУПКЕ ПРАВ НА
ТОВАРНЫЕ ЗНАКИ В СОЕДИНЕННЫХ
ШТАТАХ АМЕРИКИ

Assignment of United States Trademarks

*eб 01 - 09/ 18    от  03. 02 2014*

ПРИНИМАЯ ВО ВНИМАНИЕ, ЧТО целью настоящего Соглашения об уступке (именуемого в дальнейшем «Соглашение») является установление юридических и финансовых условий, которые будут применяться к полной уступке Федеральным агентством по управлению государственным имуществом (именуемым в дальнейшем «Цедент»), федеральный орган исполнительной власти Российской Федерации, расположенный по адресу: 109012, г. Москва, Никольский пер.,9, действующий на основании постановления Правительства Российской Федерации от 01.02.2014 № 69, федеральному казенному предприятию «Союзплодоимпорт» (именуемому в дальнейшем «Цессионарий»), государственному предприятию, расположенному по адресу: 107139, г. Москва, Орликов пер., д. 1/11, всех прав на все товарные знаки, состоящие или включающие слова STOLICHNAYA и/или STOLI, в Соединенных Штатах Америки и на всех территориях под юрисдикцией США (далее «США»), включая товарные знаки США, зарегистрированные советским государственным предприятием В/О «Союзплодоимпорт», а именно,

WHEREAS, the purpose of this Assignment (hereinafter referred to as "the Assignment") is to set forth the legal and financial conditions that shall apply to the full assignment by the Federal Agency on State Property Management (hereinafter referred to as "Assignor"), a federal state executive body of the Russian Federation, address: 109012, Moscow, Nikolskiy pereulok, 9, acting in accordance with decree of the Russian government dated February 01, 2014 no. 69, to Federal Treasury Enterprise Sojuzplodoimport (hereinafter referred to as "Assignee"), , a state enterprise, address: 107139, Moscow, Orlikov pereulok, 1/11, of all right title and interest to any and all marks consisting of or incorporating the words STOLICHNAYA and/or STOLI in the United States of America and all territories under its jurisdiction (the "U.S."), including marks registered by V/O «Sojuzplodoimport», a Soviet state enterprise:

Знак

Mark

STOLICHNAYA (№ 865,462)
STOLICHNAYA (№ 1,291,454)
STOLI (№ 1,244,735)
а также последующие регистрации товарных знаков в США, перечень которых не является исчерпывающим, а именно:

STOLICHNAYA (№ 865,462)
STOLICHNAYA (№ 1,291,454)
STOLI (№ 1,244,735)
as well as further United States Trademark Registrations, including but not limited to:

STOLICHNAYA (№2,317,475)
STOLICHNAYA RUSSIAN
VODKA (№1,852,552)
STOLICHNAYA KAFYA (№2,155,523)
STOLICHNAYA LIMONNAYA
VODKA (№2,334,080)
STOLICHNAYA LIMONNAYA (№2,339,463)
STOLICHNAYA LIMONNAYA
VODKA (№2,334,079)
STOLICHNAYA OHRANJ (№ 2,291,831)
STOLICHNAYA OHRANJ (№ 2,233,190)
STOLICHNAYA OHRANJ (№ 1,988,911)
STOLI PERSIK (№ 2,189,745)
STOLICHNAYA STOLI PERSIK (№ 2,339,689)

STOLICHNAYA (№2,317,475)
STOLICHNAYA RUSSIAN
VODKA (№1,852,552)
STOLICHNAYA KAFYA (№2,155,523)
STOLICHNAYA LIMONNAYA
VODKA (№2,334,080)
STOLICHNAYA LIMONNAYA (№2,339,463)
STOLICHNAYA LIMONNAYA
VODKA (№2,334,079)
STOLICHNAYA OHRANJ (№ 2,291,831)
STOLICHNAYA OHRANJ (№ 2,233,190)
STOLICHNAYA OHRANJ (№ 1,988,911)
STOLI PERSIK (№ 2,189,745)
STOLICHNAYA STOLI PERSIK (№ 2,339,689)

STOLICHNAYA STOLI RAZBERI (№ 2,204,355)
STOLI RAZBERI (№ 2,175,465)
STOLICHNAYA STRASBERI (№ 2,202,991)
STOLI STRASBERI (№ 2,205,863)
STOLI VANIL (№ 2,192,600)
STOLI ZINAMON (№ 2,192,681)
STOLICHNAYA GOLD (заявка) (№ 2,455,605)
STOLICHNAYA STOLI KAFIYA (№2,509,871)
STOLICHNAYA ZINAMON (№ 2,509,874)
STOLICHNAYA STOLI ZINAMON
(№ 2,509,873)
STOLICHNAYA VANIL (№ 2,857,139)
STOLICHNAYA STOLI VANIL (№ 2,898,451)
STOLICHNAYA STOLI
STRASBERI (№ 2,552,858)
STOLI KAFYA (№ 2,509,872)
STOLI STICKI (№ 4,269,571)
STOLICHNAYA STOLI WILD
CHERRI (№ 3,987,082)
STOLI CHOCOLAT
RAZBERI STOLICHNAYA (№ 4,293,958)
STOLICHNAYA STOLI CRANBERI
CRANBERRY FLAVORED RUSSIAN
VODKA (№ 3,236,314)
STOLICHNAYA STOLI CRANBERI
CRANBERRY FLAVORED RUSSIAN
VODKA (№ 3,236,313)
STOLICHNAYA STOLI BLUEBERI
BLUEBERRY FLAVORED RUSSIAN VODKA
(№ 3,331,722)
STOLICHNAYA STOLI BLUEBERI
BLUEBERRY FLAVORED RUSSIAN VODKA
(№ 3,341,339)
STOLI BLUEBERI (№ 3,110,644)
STOLI BLUEBERI (№ 3,110,643)
STOLI OHRANJ (№ 3,076,475)
STOLI OHRANJ (№ 3,076,407)
STOLI CRANBERI (№ 2,915,969)
STOLI GALA APPLIK (№ 3,861,810)
STOLICHNAYA STOLI POMEGRANIK
POMEGRANATE FLAVORED RUSSIAN
VODKA SPI (№ 3,883,661)
STOLI PEACHIK (№ 3,526,585)
STOLI BLAKBERI (№ 3,620,153)
STOLICHNAYA STOLI (№ 79,120,515)
STOLI CHOCOLAT KOKONUT
STOLICHNAYA (№ 79,120,514)
STOLI SALTED KARAMEL
STOLICHNAYA (№ 79,120,461)
BEST CHILLED STOLI GENUINE RUSSIAN
VODKA (№ 78,506,588)
STOLI PEACHI (№ 78,176,857)

STOLICHNAYA STOLI RAZBERI (№ 2,204,355)
STOLI RAZBERI (№ 2,175,465)
STOLICHNAYA STRASBERI (№ 2,202,991)
STOLI STRASBERI (№ 2,205,863)
STOLI VANIL (№ 2,192,600)
STOLI ZINAMON (№ 2,192,681)
STOLICHNAYA GOLD (заявка) (№ 2,455,605)
STOLICHNAYA STOLI KAFIYA (№2,509,871)
STOLICHNAYA ZINAMON (№ 2,509,874)
STOLICHNAYA STOLI ZINAMON
(№ 2,509,873)
STOLICHNAYA VANIL (№ 2,857,139)
STOLICHNAYA STOLI VANIL (№ 2,898,451)
STOLICHNAYA STOLI
STRASBERI (№ 2,552,858)
STOLI KAFYA (№ 2,509,872)
STOLI STICKI (№ 4,269,571)
STOLICHNAYA STOLI WILD
CHERRI (№ 3,987,082)
STOLI CHOCOLAT
RAZBERI STOLICHNAYA (№ 4,293,958)
STOLICHNAYA STOLI CRANBERI
CRANBERRY FLAVORED RUSSIAN
VODKA (№ 3,236,314)
STOLICHNAYA STOLI CRANBERI
CRANBERRY FLAVORED RUSSIAN
VODKA (№ 3,236,313)
STOLICHNAYA STOLI BLUEBERI
BLUEBERRY FLAVORED RUSSIAN VODKA
(№ 3,331,722)
STOLICHNAYA STOLI BLUEBERI
BLUEBERRY FLAVORED RUSSIAN VODKA
(№ 3,341,339)
STOLI BLUEBERI (№ 3,110,644)
STOLI BLUEBERI (№ 3,110,643)
STOLI OHRANJ (№ 3,076,475)
STOLI OHRANJ (№ 3,076,407)
STOLI CRANBERI (№ 2,915,969)
STOLI GALA APPLIK (№ 3,861,810)
STOLICHNAYA STOLI POMEGRANIK
POMEGRANATE FLAVORED RUSSIAN
VODKA SPI (№ 3,883,661)
STOLI PEACHIK (№ 3,526,585)
STOLI BLAKBERI (№ 3,620,153)
STOLICHNAYA STOLI (№ 79,120,515)
STOLI CHOCOLAT KOKONUT
STOLICHNAYA (№ 79,120,514)
STOLI SALTED KARAMEL
STOLICHNAYA (№ 79,120,461)
BEST CHILLED STOLI GENUINE RUSSIAN
VODKA (№ 78,506,588)
STOLI PEACHI (№ 78,176,857)



3

STOLICHNAYA STOLI WHITE
POMEGRANIK (№ 77,899,772)
STOLI KARAMEL (№ 77,296,278)
STOLI CITRONA (№ 76,361,601)
STOLI KRIMSON (№ 76,306,107)
STOLI CRANBERRY (№ 76,279,999)
STOLI LEMON (№ 76,279,997)
STOLICHNAYA STOLI
STRASBERI (№ 76,183,174)
STOLI CHOKALAT (№ 75,404,631)
STOLICHNAYA STOLI VANIL (№ 75,189,988)
STOLICHNAYA STOLI
ZINAMON (№ 75,189,987)
STOLICHNAYA STOLI KAFYA (№ 75,189,986)
STOLI KAFYA (№ 75,129,532)
STOLI JINSANG (№ 75,129,530)
STOLI (№ 4,295,005)

(далее «Товарные знаки»);

ПРИНИМАЯ ВО ВНИМАНИЕ, ЧТО Цедент подтверждает и признает, что Цессионарий уже обладает исключительными правами (i) владеть и использовать Товарные знаки в США; (ii) обеспечивать соблюдение своих прав на Товарные знаки в США; и (iii) подавать иски по возмещению убытков и использовать другие средства правовой защиты в отношении нарушения прав на Товарные знаки в США или их размыванием; и Цедент заключает настоящее Соглашение во избежание каких-либо сомнений;

ПРИНИМАЯ ВО ВНИМАНИЕ, ЧТО Цедент и Цессионарий желают уточнить и гарантировать, что Цессионарий обладает и в случае, если такое право не было бы передано ему ранее, посредством настоящего соглашения получает право на Товарные знаки в США;

С УЧЕТОМ ВЫШЕСКАЗАННОГО, в обмен на встречное удовлетворение, получение и обоснованность которого настоящим подтверждается, Цедент настоящим

1. передает в полном объеме права на Товарные знаки в США, включая регистрации и заявки на регистрацию, вместе с гудвилом, который символизируют Товарные знаки, в пользу Цессионария, начиная с 01 февраля 2014 года. Цедент безоговорочно отказывается от всех прав на Товарные знаки в США;

2. передает в полном объеме все другие

STOLICHNAYA STOLI WHITE
POMEGRANIK (№ 77,899,772)
STOLI KARAMEL (№ 77,296,278)
STOLI CITRONA (№ 76,361,601)
STOLI KRIMSON (№ 76,306,107)
STOLI CRANBERRY (№ 76,279,999)
STOLI LEMON (№ 76,279,997)
STOLICHNAYA STOLI
STRASBERI (№ 76,183,174)
STOLI CHOKALAT (№ 75,404,631)
STOLICHNAYA STOLI VANIL (№ 75,189,988)
STOLICHNAYA STOLI
ZINAMON (№ 75,189,987)
STOLICHNAYA STOLI KAFYA (№ 75,189,986)
STOLI KAFYA (№ 75,129,532)
STOLI JINSANG (№ 75,129,530)
STOLI (№ 4,295,005)

(the "Trademarks");

WHEREAS, Assignor acknowledges and agrees that Assignee already has exclusive rights to (i) hold, use and exploit the Trademarks in the U.S.; (ii) enforce its rights in the Trademarks in the U.S.; and (iii) bring suit to recover damages and other relief for past or present infringements or dilutions of the Trademarks in the U.S.; and Assignor is entering into this Agreement for avoidance of doubt;

WHEREAS, Assignor and Assignee desire to clarify and ensure beyond any doubt that Assignee has and will by this instrument have good title to the Trademarks in the U.S., to the extent that such title conceivably might not have been previously conveyed to it;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby

1. sells, conveys, transfers, assigns and sets over its entire right, title and interest in and to the Trademarks in the U.S., including the registrations and applications therefore, together with the goodwill of the business symbolized by the Trademarks, to the Assignee effective February 01, 2014. Assignor expressly relinquishes any and all right, title, and interest in and to the Trademarks in the U.S.;

2. sells, conveys, transfers, assigns and sets over its



4

знаки и интеллектуальную собственность, производную и/или основанную на Товарных знаках в США, в дальнейшем именуемую как «Передаваемое имущество», вместе с гудвилом, которые символизирует Передаваемое имущество, в пользу Цессионария, начиная с 01 февраля 2014 года. Правообладатель безоговорочно отказывается от всех прав на Передаваемое имущество в США;

3. передает в полном объеме права на интеллектуальную собственность любого вида, которая имеет какое-либо отношение к Товарным знакам в США, и которой владеет Цедент, в том числе, но не ограничиваясь, регистрации товарных знаков, заявки на регистрацию товарных знаков, товарные знаки, охраняемые нормами обычного права, бренды, фирменные наименования, доменные имена и авторские права (в том числе, помимо прочего этикетки и реклама) вместе с гудвилом, который они символизируют, в пользу Цессионария, начиная с 01 февраля 2014 года;

4. передает в полном объеме право на подачу исков и взыскание убытков за прошлые, настоящие и будущие нарушения прав, все соответствующие прошлые и настоящие требования (в том числе по праву справедливости) к третьим лицам, включая требования, которые Цессионарий пытался подать в суд США Южного округа штата Нью-Йорк против компаний Spirits International B.V., SPI Spirits Limited, SPI Group S.A., Allied Domecq International Holdings B.V., Allied Domecq Spirits and Wines USA, Inc., William Grant & Sons USA, и William Grant & Sons, Inc. а также против Юрия Шефлера и Алексея Олийника (далее – «Нью-Йоркский процесс»), в случае, если такие права не были переданы ранее и таким образом, что они были переданы до того, как были предъявлены требования в Нью-Йоркском процессе, а Цессионарий настоящим принимает все обязательства в отношении данных требований, начиная с 01 февраля 2014 года;

5. предоставляет Цессионарию право зарегистрировать настоящее Соглашение и любые другие документы, которые могут быть необходимы для исполнения настоящего Соглашения, и уведомить о настоящем Соглашении соответствующие патентные ведомства;

6. подтверждает, что не выполнял уступку, передачу прав или продажу, не заключал никаких

entire right, title and interest in all other marks and intellectual property derivative of and/or based on the Trademarks in the U.S., hereinafter referred to as the "Assigned Property", together with the goodwill of the business symbolized by the Assigned Property, to the Assignee effective February 01, 2014. Assignor expressly relinquishes any and all right, title, and interest in and to the Assigned Property in the U.S.;

3. sells, conveys, transfers, assigns and sets over its entire right title and interest in all intellectual property rights of any kind whatsoever relating to the Trademarks in the U.S. and owned by Assignor, including but not limited to trademark registrations, trademark applications, common law trademarks, brands, trade names, domain names, and copyrights (including but not limited to labels and advertisements) together with the goodwill of the business symbolized by it, to Assignee effective February 01, 2014;

4. sells, conveys, transfers, assigns and sets over the right to sue and collect damages for past, present and future infringements, all related pre-existing or current legal and equitable claims against third parties, including the claims that Assignee has attempted to bring in the United States District Court for the Southern District of New York against Spirits International B.V., SPI Spirits Limited, SPI Group S.A., Allied Domecq International Holdings B.V., Allied Domecq Spirits and Wines USA, Inc., William Grant & Sons USA, and William Grant & Sons, Inc. and Yuri Shefler and Alexey Oliynik (the "New York Action"), to the extent such rights were not previously transferred, and as if they had been transferred prior to the time the claims asserted or that would be asserted in the New York Action arose, and Assignee does hereby assume all obligations with respect thereto effective February 01, 2014;

5. authorize the Assignee to record this Assignment and any other documents that may be necessary to effectuate this Assignment and provide notice of this Assignment to respective trademark offices;

6. agrees that no assignment, sale, agreement or encumbrance has been made or entered into which



5

соглашений и не принимал никаких обязательств, которые могли бы противоречить настоящему Соглашению.

Любые противоречия, которые могут возникнуть из настоящего Соглашения, регулируются правом штата Нью-Йорк, кроме противоречий между правовыми принципами, которые потребуют применения любого другого права.

would conflict with this Assignment.

The laws of the State of New York shall govern any controversy arising out of or relating to this Assignment, without regard to conflicts of laws principles that would require the application of any other law.

Дата 03.02.2014
Федеральное агентство по управлению государственным имуществом (Цедент)

Подпись
О.К. Дергунова
Заместитель Министра экономического развития Российской Федерации -- руководитель Федерального агентства по управлению государственным имуществом

Dated: February 03, 2014
Federal Agency on State Property Management (Assignor)

By
Name: O.K. Dergunova
Title: Deputy Minister of economic development of the Russian Federation - Head of Federal Agency on State Property Management

Дата 03.02.2014
Федеральное казенное предприятие «Союзплодоимпорт» (Цессионарий)

Подпись
И.О. Алёшин
Генеральный директор

Dated: February 03, 2014
Federal Treasury Enterprise "Sojuzplodoimport" (Assignee)

By
Name: I.O. Aleshin
Title: Director General