UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO
"MOSCOW DISTILLERY CRISTALL,"

          Plaintiffs,

          v.

SPIRITS INTERNATIONAL B.V., SPI
SPIRITS LIMITED, SPI GROUP SA,
YURI SHEFLER, ALEXEY OLIYNIK,
ALLIED DOMECQ INTERNATIONAL
HOLDING B.V., ALLIED DOMECQ
SPIRITS & WINE USA, INC.,
WILLIAM GRANT & SONS USA,
WILLIAM GRANT & SONS, INC., and
STOLI GROUP (USA) LLC,

          Defendants.

------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/5/14
```

**MEMORANDUM OPINION
AND ORDER**

**14-cv-0712 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

        In an Opinion and Order on August 25, 2014 ("August 25 Order"), I

granted in part and denied in part Defendants' joint motion to dismiss.[1]  Both FTE

---

[1]    *See Federal Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*,
No. 14 Civ. 0712, 2014 WL 4207133 (S.D.N.Y. Aug. 25, 2014) ("*FTE V*").

and Defendants now move for partial reconsideration of the August 25 Order.[2]  In

the alternative, Defendants request that the Court certify the res judicata issue for

interlocutory appeal.  For the following reasons, both motions are DENIED.

## II.    LEGAL STANDARD

### A.    Motion for Reconsideration

"The standard for granting . . . a motion [for reconsideration] is strict,

and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court."[3]

Reconsideration of a court's previous order is "an  extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial

resources."[4]  Typical grounds for reconsideration include "an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error

---

[2]      *See* Memorandum of Law in Support of Defendants' Joint Motion for
Reconsideration or, in the Alternative, Certification of Issues for Interlocutory
Appeal ("Def. Mem.") at 1; Plaintiffs' Memorandum of Law in Support of Their
Motion for Partial Summary Judgment ("Pl. Mem.") at 1.

[3]      *Hochstadt v. New York State Educ. Dept.*, 547 Fed. App'x 9, 10 (2d
Cir. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[4]      *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300
(S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v.
Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, and 05 Civ.
4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006).

or prevent manifest injustice."[5]

### B.     Certification for Interlocutory Appeal

The decision whether to grant an interlocutory appeal lies within the district court's discretion.[6] Section 1292(b) allows a district judge to certify a question or Order to the appellate court when it is "not otherwise appealable under this section" if she is "of the opinion that such order involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[7]

## III.   DISCUSSION

---

[5]     *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6]     *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("District courts [have] first line discretion to allow interlocutory appeals."); *D.M. Rothman Co., Inc. v. Cohen Mktg. Int'l, Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006) ("[T]he determination of whether [section] 1292(b) certification is appropriate under these standards lies with the discretion of the district court.") (quoting *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, No. 03 Civ. 7248, 2004 WL 1286806, at *6 (S.D.N.Y. June 10, 2004)).

[7]     *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

3

## A.    FTE's Motion

FTE has not pointed to any new or overlooked facts, intervening changes in law, or the possibility of manifest injustice.  Instead, FTE's motion rehashes arguments that I considered and rejected in the August 25 Order.

FTE contends that the Court should reconsider its ruling that res judicata bars FTE's non-Section 32(1) claims.[8]  Because this Court determined that the Second Circuit's dismissal of the Section 32(1) claims was not an "adjudication on the merits," FTE argues that res judicata does not bar any of its claims.[9]  Although FTE pled all but two of its non-Section 32(1) claims in its Second Amended Complaint ("SAC"), it abandoned them in its Third Amended Complaint ("TAC") for tactical reasons.[10]  The remaining two claims were pled for the first time in the present Complaint.[11]  By abandoning its claims, FTE deliberately prevented any adjudication on the merits.

---

[8]    *See* Pl. Mem. at 2-3.  FTE's non-Section 32(1) claims are federal unfair competition (Claim 2), federal trademark dilution (Claim 3), state law trademark infringement (Claim 4), state law unfair competition (Claim 5), state law trademark dilution (Claim 6), contributory unfair competition (Claim 8), and contributory federal trademark dilution (Claim 9).

[9]    *See id.*

[10]    *See FTE V*, 2014 WL 4207133, at *6.

[11]    *See id.*

4

Even if FTE could avoid the application of res judicata, all of its non-Section 32(1) claims would be time-barred.  Because FTE asserted its Section 32(1) claims in each of its complaints, those claims were tolled between 2004 and 2014.[12]  But FTE's non-Section 32(1) claims were not tolled.  Under New York law, tolling does not apply to claims that a plaintiff has voluntarily dropped.[13]  FTE's claims accrued in January 2001 when Defendants began using the Marks.[14]  The applicable statutes of limitations — none of which are more than six years — had run by 2014 when FTE filed the Complaint.[15]  Finally, although trademark infringement is a "continuing wrong," laches bars both damages and injunctive

---

[12]    *See id.* at *9.

[13]    *See* C.P.L.R. § 205 (stating that tolling does not apply where an action "is terminated . . . by a voluntary discontinuance"); *Drees v. County of Suffolk*, No. 06 Civ. 3298, 2009 WL 875530, at *14 (E.D.N.Y. Mar. 30, 2009) ("[T]here is no tolling of the statute of limitations during the time plaintiff's claim was pending in State Division because of her self-initiated discontinuance of her State Division action for administrative convenience.").

[14]    *See* Compl. ¶ 39.

[15]    *See Parks v. ABC, Inc.*, 341 Fed. App'x 737, 739 (2d Cir. 2009) (citing *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996)) ("New York's six-year fraud statute of limitations [applies] to . . . Lanham Act claim[s]."); *Charles Atlas, Ltd. v. DC Comics, Inc.*, 112 F. Supp. 2d 330, 334 (S.D.N.Y. 2000) ("[T]he statute of limitations for violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-1 . . . is three years."); *Zinter Handling, Inc. v. General Elec. Co.*, 956 N.Y.S.2d 626, 630 (3d Dep't 2012) (finding that state law unfair competition claim is governed by three-year statute of limitations).

relief.[16]  FTE "had knowledge of defendant's use of its marks" and "inexcusably delayed in taking action with respect thereto."[17]  Defendants would be prejudiced if FTE were allowed to resurrect its non-Section 32(1) claims.  Defendants consented to FTE's motion for leave to file the TAC presumably *because* FTE agreed to drop the non-Section 32(1) claims.[18]  FTE may not now reintroduce these claims in this decades-long litigation.

### B.    Defendants' Motion

Similarly, Defendants have failed to identify any "controlling decisions or data that the court overlooked" that might warrant reconsideration of the August 25 Order.

*First*, Defendants argue that the Court overlooked certain statements

---

[16]    *Vaad L'Hafotzas Sichos, Inc. v. Kehot Publ'n Soc.*, 935 F. Supp. 2d 595, 602 (E.D.N.Y. 2013) (noting that without laches, "a plaintiff could delay filing suit indefinitely").  *Accord Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1974 n.15 (2014) ("In contrast to the Copyright Act, the Lanham Act, which governs trademarks, contains no statute of limitations, and expressly provides for defensive use of 'equitable principles, including laches.'") (quoting 15 U.S.C. § 1115(b)(9)).

[17]    *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1040 (2d Cir. 1980).

[18]    *See* 2/18/11 Order (granting FTE's motion to amend the SAC "with Defendants' consent").

from the TAC that show that the alleged infringement began in 1992, not 2001.[19]

Specifically, Defendants contend that FTE's claims are time-barred because "no later than [] 1992, Pepsico was openly using the marks . . . based on the authority of VAO-SPI."[20]  At the outset, I note that Defendants may not assert a new argument for the first time on reconsideration.[21]  In their motion to dismiss, Defendants did not argue that FTE's trademark claims accrued in 1992.  Instead, they argued that FTE's "antecedent misappropriation" claim accrued in 1992 and is therefore time-barred.[22]

---

[19]     *See* Def. Mem. at 3.

[20]     *Id.* at 3-4 (citing TAC ¶¶ 89-92).

[21]     *See Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013), *aff'd sub nom., Arthur Glick Truck Sales, Inc. v. Travelers Cas. & Sur. Co. of America*, No. 13 Civ. 3373, 2014 WL 4179878 (2d Cir. Aug. 25, 2014) ("[A] motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

[22]     Moreover, Defendants support their new argument with allegations drawn from the TAC in *FTE III* but omitted from FTE's present Complaint.  As noted, given its tardiness, I need not consider this argument at all.  However, I note in passing that "[a] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding," it is not considered binding in a subsequent proceeding. *Setevage v. Department of Homeland Sec.*, 539 Fed. App'x 11, 13 (2d Cir. 2013) (citing *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528–29 (2d Cir. 1985)). *Accord American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 (S.D.N.Y. 2004) ("[W]hile research discloses no Second Circuit authority on point, the general rule seems to be that a judicial admission only binds the party that

In any event, Defendants' argument is meritless.  In the Complaint,

FTE alleges that *VVO-SPI* — FTE's predecessor in interest — "authorized"

PepsiCo to use the Marks as a licensee.[23]  Defendants cannot explain how they or

their predecessor — *VAO-SPI* — could have infringed the Marks by supplying

vodka bearing the Marks to a party authorized to use them.  Therefore, the

infringement did not begin until 2001 when "SPI [successor in interest to VAO-

SPI] induced PepsiCo to purport to assign its rights to the [] marks to Allied

Domecq" by "falsely represent[ing] themselves to be VVO-SPI's legitimate

successor."[24]

       *Second*, Defendants argue that the Court should reconsider its ruling

regarding FTE's standing because allowing FTE to cure its standing defect would

---

makes it in the action in which it is made, not 'in separate and subsequent cases.'")
(quoting *State Farm Mutual Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th
Cir. 1968); *accord Universal American Barge Corp. v. J–Chem, Inc.*, 946 F.2d
1131, 1142 (5th Cir. 1991)).  Therefore, these allegations are not binding here.

[23]    Compl. ¶ 29.  Defendants contend that PepsiCo was the "owner" of
the Marks, but the Complaint alleges that PepsiCo was a "mere licensee." *Id.* ¶ 39.

[24]    *Id.* ¶ 39.  Defendants also argue that the limitations period should not
have been tolled between 2004 and 2014 because C.P.L.R. § 205 only applies to
toll the statute of limitations when "it is the same person or entity whose rights are
sought to be vindicated in both actions."  Def. Mem. at 4 n.2.  But section 205
contains no such limitation.  In any event, regardless of whether FTE had standing,
it asserted claims on its own behalf from 2004 through 2014.

be "manifestly unfair."[25]  Under the "manifest unfairness" exception, "[a] prior

jurisdictional dismissal has full res judicata effect when it is manifestly unfair to

permit a second action after [the plaintiff] satisf[ies] a precondition that easily

could have been satisfied at the time of the prior action."[26]  I already considered

and rejected Defendants' argument because — as Defendants concede — the

"manifest unfairness" exception is not recognized in the Second Circuit.[27]

Nor should the Court certify the "manifest unfairness" issue for

interlocutory appeal.  While resolution of this issue might advance the termination

of this litigation, Defendants' request does not raise "a controlling question of law

as to which there is substantial ground for difference of opinion."[28]  Only the

Fourth Circuit has recognized this exception and only in a very narrow context.  In

*Stebbins v. Nationwide Mutual Insurance Company*, the Fourth Circuit held that

res judicata may bar a plaintiff's claims — even where they have not been fully

litigated on the merits — if "the circumstances are such that it would be manifestly

---

[25]     Def. Mem. at 2.

[26]     *Id.* (quoting 18A Wright & Miller, Fed. Prac. & Proc. § 4437 (2d
ed.)).

[27]     *See id.* at 6 (recognizing that application of the exception is a "matter
of first impression" in this circuit).

[28]     28 U.S.C. § 1292(b).

unfair to subject the defendant to such an action."[29] *Stebbins* involved a serial litigant who had made a "career" out of suing insurance companies and had previously exhibited an "intentional, wilful, and contemptuous disregard of both Court and statutory rules and requirements."[30] In one suit, the plaintiff filed an untimely Title VII claim after receiving a right-to-sue notice.[31] In dismissing the claim, the district court relied on an earlier evidentiary hearing in which another judge found that the plaintiff was not qualified to be a claims adjuster.[32] On appeal, the Fourth Circuit held that it would be "manifestly unfair" to the defendant to allow the plaintiff to renew his Title VII claim.[33] The court reasoned that the plaintiff had intentionally delayed in filing, and "[m]ore importantly" he had participated in a "full-blown trial" on the merits of his qualifications.[34]

Although the Fourth Circuit recognizes the "manifest unfairness" exception, it has limited it to cases where a plaintiff's claims were "subject to an

---

[29]    *Stebbins v. Nationwide Mut. Ins. Co.*, 528 F.2d 934, 937 (4th Cir. 1975).

[30]    *Id.* at 937 n.4.

[31]    *See id.* at 936.

[32]    *See id.*

[33]    *Id.* at 937.

[34]    *Id.* at 938.

actual trial on the merits."[35]  There has been no trial on the merits in the instant

case.  In fact, over the course of this decades-long litigation, the parties have never

advanced beyond the pleading stage or conducted discovery.  In addition,

Plaintiffs' standing defect was not "intentional, wilful and contemptuous."[36]

Therefore, even if this circuit recognized the manifest unfairness exception, there

would be no "difference of opinion" as it is clearly inapplicable here.

## IV.   CONCLUSION

For the foregoing reasons, both motions are DENIED.  A conference

is scheduled for September 5, 2014 at 11:00 a.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             September 4, 2014

---

[35]      *McCray v. Pee Dee Reg'l Transp. Auth.*, 263 Fed. App'x 301, 305
(4th Cir. 2008).  *Accord Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 119-120
(4th Cir. 1989).

[36]      *Stebbins*, 528 F.2d at 937 n.4.

-Appearances-

**For Plaintiffs:**

Daniel H. Bromberg, Esq.
Jones Day
51 Louisiana Ave. N.W.
Washington, DC 20001
(202) 879-3939

Jessica Anne Rose, Esq.,
Marc Laurence Greenwald, Esq.,
Robert Lloyd Raskopf, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7254

**For Defendants:**

David M. Zionts, Esq.
Covington & Burling, LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 662-5987

Emily Johnson Henn, Esq.
Covington & Burling, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 632-4700

Bingham B. Leverich, Esq.,
Eugene Gulland, Esq.
Covington & Burling, LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

(202) 662-5188

Hope Ivy Hamilton, Esq.
Holland & Hart LLP
1800 Broadway, Suite 300
Boulder, CO 80302
(303) 473-4822

David H. Bernstein, Esq.,
Carl Micarelli, Esq.,
Michael Shaper, Esq.
Debevoise & Plimpton, LLP
919 Third Avenue, 31st Floor
New York, NY 10022
(212) 909-6000

Edward T. Colbert, Esq.
Kenyon & Kenyon LLP
1500 K Street, N.W. Suite 700
Washington, DC 20005
(202) 220-4280