**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO "MOSCOW
DISTILLERY CRISTALL,"

        *Plaintiffs-Counterdefendants,*

    *v.*

SPIRITS INTERNATIONAL B.V., SPI SPIRITS
(CYPRUS) LIMITED, SPI GROUP SA, and STOLI
GROUP (USA) LLC,

        *Defendants-Counterclaimants,*

YURI SHEFLER, ALEXEY OLIYNIK, ALLIED
DOMECQ INTERNATIONAL HOLDING B.V.,
ALLIED DOMECQ SPIRITS & WINE USA, INC.,
WILLIAM GRANT & SONS USA, and WILLIAM
GRANT & SONS, INC.

        *Defendants.*

Civil Action No. 1:14-CV-00712 (SAS)

**ECF CASE**

**COUNTERCLAIM OF SPIRITS
INTERNATIONAL B.V., SPI SPIRITS
(CYPRUS) LIMITED, SPI GROUP SA,
AND STOLI GROUP (USA) LLC AND
ANSWER OF SPIRITS
INTERNATIONAL B.V., SPI SPIRITS
(CYPRUS) LIMITED, SPI GROUP SA,
STOLI GROUP (USA) LLC, YURI
SHEFLER, AND ALEXEY OLIYNIK**

## COUNTERCLAIM

Counterclaimants Spirits International B.V., SPI Spirits (Cyprus) Limited, SPI Group SA, and STOLI Group (USA) LLC (collectively, "Counterclaimants"), by and through their undersigned attorneys, hereby submit this Counterclaim against Federal Treasury Enterprise Sojuzplodoimport ("FTE") and OAO Moscow Distillery Cristall ("Cristall") (collectively, "Counterdefendants").

## NATURE OF ACTION

1.      This Counterclaim seeks declaratory relief that Counterclaimant Spirits International B.V. is the lawful owner of the STOLICHNAYA trademarks in the United States and that Counterdefendants' claim to own and/or be licensed to use the STOLICHNAYA brand for the sale of vodka in the United States is without merit.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Counterclaims against FTE pursuant to 28 U.S.C. §§ 1605(a) and 1607.  FTE is a wholly-owned economic entity of the Russian Federation and therefore is a "foreign state" within the meaning of 28 U.S.C. § 1603(a) and (b).

3.      This Counterclaim is based on commercial activity of FTE in the United States, acts performed in the United States in connection with FTE's commercial activities, and/or acts taken outside the United States in connection with FTE's commercial activities elsewhere that cause a direct effect in the United States.

4.      This Counterclaim arises out of the transaction or occurrence that is the subject matter of claims for which FTE has sought to recover as plaintiff in this action.

5.      This Counterclaim seeks relief similar in kind to, and/or up to the amount of, that sought by FTE as the plaintiff in this action.

1

6.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 2201, and 2202 over the Counterclaim against Cristall.

7.      Venue is proper in this District under 28 U.S.C. § 1391 and because Counterdefendants FTE and Cristall consented to this venue by bringing suit herein.

## PARTIES

8.      Counterclaimant SPI Group SA ("SPI Group") is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Switzerland.

9.      Counterclaimant Spirits International B.V. ("Spirits International") is a corporation organized and existing under the laws of the Netherlands, with its principal place of business in Luxembourg.  Spirits International is a majority-owned subsidiary of SPI Group and is the registered owner of the STOLICHNAYA family of trademarks in the United States, including U.S. Trademark Registration Nos. 865,462, 1,244,735, and 1,291,454.  These trademarks, together with the trademarks listed in Exhibit A to this Counterclaim and any other U.S. trademark registrations or applications containing the designation STOLICHNAYA or STOLI, are referred to herein as the "U.S. STOLICHNAYA Marks" or the "Marks."[1]

10.     Counterclaimant SPI Spirits (Cyprus) Limited ("SPI Spirits (Cyprus)") is a corporation organized and existing under the laws of Cyprus, with its principal place of business in Cyprus.  SPI Spirits (Cyprus) is a subsidiary of Spirits International.

11.     Counterclaimant STOLI Group (USA) LLC ("STOLI Group") is a corporation organized and existing under the laws of Delaware, with its principal place of

---

[1] The U.S. STOLICHNAYA Marks listed in Exhibit A include new trademark registrations and applications that have been made by Counterclaimants and/or their assignees throughout the more than two decades at issue in this litigation.  For simplicity, the terms "U.S. STOLICHNAYA Marks" or "Marks" as used herein refer to the trademark registrations or applications in existence at the time the relevant event occurred.

business in New York.  STOLI Group is a subsidiary of SPI Spirits (Cyprus) and is the

authorized importer and distributor of STOLICHNAYA-branded vodka in the United States.

14. 12. Counterdefendant Federal Treasury Enterprise Sojuzplodoimport ("FTE")

is a federal treasury enterprise of the Russian Federation, organized and existing under the laws

of the Russian Federation, with its principal place of business in Russia.  FTE is controlled by

the Russian Federation.

13. Counterdefendant OAO Moscow Distillery Cristall ("Cristall") is a

corporation organized and existing under the laws of the Russian Federation with its principal

place of business in Russia.

## **<u>INTRODUCTION</u>**

14. Since at least 1992, Spirits International or its predecessors and affiliates

have continuously supplied vodka for sale under, and/or held contractual reversionary rights to,

the U.S. registered trademarks for STOLICHNAYA-branded vodka.  Spirits International came

to own the Marks under valid assignments from a Soviet entity named All-Union Foreign

Economic Association Sojuzplodoimport (abbreviated in English as "VVO-SPI") to PepsiCo,

Inc. ("PepsiCo") to Allied Domecq International Holdings B.V. to Spirits International.

15. As described more fully below, VVO-SPI was a former Soviet state-

owned entity first registered the primary U.S. STOLICHNAYA Mark.  On June 18, 1991, VVO-

SPI made a valid assignment of all right, title and interest in the U.S. STOLICHNAYA Marks to

PepsiCo, retaining for itself a contractual right to reversion of the Marks that required PepsiCo to

return the Marks to VVO-SPI when the agreement expired.  On June 25, 1991, PepsiCo became

the registered owner of the STOLICHNAYA Marks in the United States.

16.     Following this assignment, VVO-SPI (and, from the moment of the transformation, VAO-SPI) supplied vodka to PepsiCo for sale in the United States under the STOLICHNAYA Marks.

17.     At the beginning of 1992, while PepsiCo was the registered owner of the STOLICHNAYA Marks in the United States and the agreement between VVO-SPI and PepsiCo was still in effect, VVO-SPI completed a process of corporate transformation from a VVO, which is the designation in Russian for All-Union Foreign Economic Association, into a VAO, which is the designation in Russian for a joint stock company, similar to a corporation.

18.     The transformation of VVO-SPI into VAO-SPI complied with applicable law and was conducted in full view and with the cooperation of the relevant governmental authorities.

19.     Immediately following such conversion, the majority of shareholders of VAO-SPI were entities owned by the state or agencies or instrumentalities of the state itself.  A substantial minority of shares were held by a company owned by the employees. Counterdefendant Cristall participated in the transformation of VVO-SPI into VAO-SPI, and was an initial shareholder of the new company.

20.     As a result of mismanagement and inefficient corporate organization, by the mid-1990s, VAO-SPI appeared destined for failure.

21.     Seeing untapped potential, Yuri Shefler – who had no prior relationship to VVO-SPI or VAO-SPI – assembled investors to take over and reform the company.

22.     In 1997, Mr. Shefler bought control of VAO-SPI.

23.     At the time Mr. Shefler bought control of VAO-SPI, the shares of the company were substantially owned by private persons or companies.  Many of the initial

shareholders had, in turn, been privatized by the Russian Federation.  For example, upon information and belief, Counterdefendant Cristall was privatized in 1993.

24.     At the time Mr. Shefler bought control of VAO-SPI in 1997, all available public records (including the charter of the company as registered by the State confirming successorship) and the actions of ministries and agencies of the Russian Federation demonstrated the transformation of VVO-SPI into VAO-SPI complied with governing law and was approved by the regulating governmental authorities.

25.     Indeed, after the transformation, VAO-SPI had openly carried out the business activities previously performed by VVO-SPI, including supplying vodka to PepsiCo for sale in the United States under the STOLICHNAYA Marks.  VAO-SPI had assumed the financial obligations and assets of VVO-SPI; its employees, officers, and directors had remained the same as before the transformation, and it had continued to use the same offices that VVO-SPI had used, located in the same building as the Russian ministry that had oversight responsibility for VVO-SPI.

26.     Likewise, after the transformation, the Russian Federation continued to issue permits and licenses to VAO-SPI, including export licenses, to receive taxes from VAO-SPI as the successor to VVO-SPI, and otherwise to communicate with VAO-SPI on import, export, and other issues.  Indeed, the Russian Federation repeatedly recognized VAO-SPI as the successor to VAO-SPI, including, for example:

- At the time of the transformation of VVO-SPI into VAO-SPI, VVO-SPI owned no Russian STOLICHNAYA trademarks.  From 1993 to 1994, the Russian Federation's Ministry of Foreign Economic Relations cooperated with VAO-SPI to take steps to restore the Russian STOLICHNAYA trademarks to VAO-SPI, which had been registered to VVO-SPI but were canceled in 1991 as having entered common use.  After the Russian government restored the Russian trademarks to VAO-SPI as the successor to

VVO-SPI, government entities made statements recognizing that VAO-SPI was the owner of those trademarks.

- In 1995 and 1996, in connection with litigation relating to VAO-SPI's liability for debts owed a Latvian shipping company, the Deputy General Prosecutor of the Russian Federation represented to Russian courts that VVO-SPI had been transformed into the private entity VAO-SPI.  VAO-SPI paid more than $4.7 million in settlement of this Soviet-era debt.

- After the decision to restore the Russian STOLICHNAYA trademarks to VAO-SPI took effect in 1997, several court judgments were obtained against infringers in Russia, which recognized VAO-SPI as the valid owner of the marks.

27.    Despite the Russian Federation's and Cristall's knowledge of and participation in VVO-SPI's transformation, for nearly a decade, neither of them challenged the validity of the transformation, VAO-SPI's supplying vodka for sale under the U.S. STOLICHNAYA Marks, PepsiCo's purchase of STOLICHNAYA vodka for sale in the U.S. from VAO-SPI, or VAO-SPI's receipt of the proceeds from those sales.

28.    As a result of Mr. Shefler's entrepreneurship and investments in supplying vodka of a consistently high standard, the STOLICHNAYA Marks have come to represent a superior quality vodka with a distinctive reputation.  Through the efforts of the SPI Defendants and its distribution partners, the STOLICHNAYA Marks in the United States and elsewhere are now worth hundreds of millions of dollars.

29.    Officials of the Russian Federation took notice of this success and sought to profit from it.  Shortly after Vladimir Putin became Acting President of Russia in January 2000, these government officials sought to "recover" the STOLICHNAYA trademarks throughout the world which they observed to be in private hands.

30.    At the specific instruction of President Putin, these officials of the Russian Federation set out to find a pretext to assume control of these assets.

31.     To this end, the Russian Federation took several steps.  For example, in 2000, the Russian Federation adopted a secret resolution, No. 511-30, to create a working group consisting of a government tax official, a representative of the government at the Constitutional Court, the public prosecutor, counter-intelligence officials, and others.  This working group, created years after Mr. Shefler took over VAO-SPI, was tasked with finding or creating some pretext to confiscate the trademark assets of the Counterclaimants and the SPI Defendants.

32.     Vladimir Loginov, who was Deputy Minister of Agriculture and Chairman of the secret working group, became the first General Director of Counterdefendant FTE, which was formed in 2001.  In that role, Mr. Loginov has sought to "recover" the STOLICHNAYA Marks as directed by President Putin.

33.     In seeking to appropriate the assets, the Russian Federation has employed against SPI and other similarly situated companies tactics typical of a political purge – trumped-up criminal charges, multiple raids of corporate offices, harassment of political opponents, and vague, shifting allegations of legal improprieties.

34.     FTE instituted this litigation as part of the Russian Federation's attempt to seize property that is lawfully owned by Spirits International.  As a result of FTE's baseless claims, a controversy exists between Counterclaimants and Counterdefendants as to the lawful ownership of the U.S. STOLICHNAYA Marks.

35.     That controversy is ripe for adjudication.  A declaration from this Court can will years of meritless litigation.

36.     Accordingly, Counterclaimants seek a declaration establishing once and for all that Counterclaimant Spirits International is the lawful owner of the U.S.

STOLICHNAYA Marks, that the remaining Counterclaimants have not infringed the U.S.

STOLICHNAYA Marks, and that FTE's claim to own those Marks lacks merit.

## THE U.S. STOLICHNAYA MARKS

37.    V/O-SPI, a Soviet state-owned entity responsible for producing and

exporting vodka on behalf of the Soviet Union, first registered the primary U.S.

STOLICHNAYA trademark, U.S. Trademark Registration No. 865,462 on February 25, 1969.

38.    From March 1969 to March 1983, the Marks were assigned to, and

registered in the name of, V/O-SPI's authorized exclusive U.S. distributors, first Kraus Bros. &

Co. and then PepsiCo. On March 1, 1983, PepsiCo assigned the Marks back to V/O-SPI.

39.    In January 1990, V/O-SPI was re-named VVO-SPI.

40.    In June 1991, VVO-SPI again assigned the Marks to PepsiCo, and the

parties entered into a new agreement.  Under the terms of the assignment, VVO-SPI retained a

contractual reversionary right in the U.S. STOLICHNAYA Marks.

41.    In a series of agreements entered into from 1992 to 1999, PepsiCo

recognized VAO-SPI as the successor-in-interest to VVO-SPI and any contractual rights it may

have had in respect of reversion of the U.S. STOLICHNAYA Marks.  As a result of these

agreements, PepsiCo purchased STOLICHNAYA-branded vodka from VAO-SPI.

42.    The Russian Federation knew about VAO-SPI's transformation and

assumption of control over the U.S. STOLICHNAYA Marks.  VAO-SPI continued to supply

STOLICHNAYA-branded vodka to PepsiCo for sale in the United States, and beginning in

1992, all proceeds from the sale of vodka to PepsiCo bearing the U.S. STOLICHNAYA Marks

went to VAO-SPI.

43.     Government entities were originally shareholders in VAO-SPI.  Indeed, plaintiff Cristall, then a government-owned distillery, was a shareholder in VAO-SPI at the time of the transformation and sold vodka to VAO-SPI as the successor to VVO-SPI.

44.     From 1992, when VAO-SPI succeeded to the interest of VVO-SPI, until January 4, 2001, PepsiCo remained the registered owner of the U.S. STOLICHNAYA Marks.

45.     During this same time period, no Russian government-owned entity or agency, or any entity purporting to be VVO-SPI, claimed or received royalties or other payments from PepsiCo arising from the manufacture, distribution, or sale in the United States of vodka bearing the U.S. STOLICHNAYA Marks or otherwise exercised or sought to exercise control, including any quality control, over vodka sold in the United States bearing the U.S. STOLICHNAYA Marks.  Moreover, no agency or entity of the Russian Federation (including any entity purporting to be VVO-SPI) sought to register or to use any U.S. STOLICHNAYA Mark in the United States.

46.     In January 2001, PepsiCo transferred its right, title, and interest in the U.S. STOLICHNAYA Marks to Allied Domecq International Holdings B.V. under a valid deed of assignment.

47.     Allied Domecq International Holdings B.V. then became the registered owner of the U.S. STOLICHNAYA Marks and Allied Domecq Spirits & Wine USA, Inc. served as the U.S. importer and distributor of STOLICHNAYA vodka until December 2008.

48.     In August 2008, Allied Domecq International Holdings B.V. transferred its right title, and interest in the U.S. STOLICHNAYA Marks to Spirits International under a valid deed of assignment.

49.     Spirits International then became the registered owner of the U.S. STOLICHNAYA Marks, and remains so to this day.

50.     William Grant & Sons served as the U.S. importer and distributor for STOLICHNAYA vodka from December 2008 to January 2014.

51.     In January 2014, STOLI Group (USA) LLC became the exclusive importer and distributor of vodka bearing the U.S. STOLICHNAYA Marks.

52.     Through the chain of succession described above, Spirits International is the lawful owner of the U.S. STOLICHNAYA Marks.

## COUNTERCLAIM

## DECLARATORY JUDGMENT AS TO ALL COUNTERDEFENDANTS

53.     Counterclaimants incorporate and re-allege paragraphs 1 through 53 as if set forth fully herein.

54.     Counterclaimant Spirits International is the registered owner of the U.S. STOLICHNAYA Marks and, as a successor to VVO-SPI through VAO-SPI and as the lawful assignee of Allied Domecq, which obtained the Marks from a lawful assignment from PepsiCo, is the rightful owner of the U.S. STOLICHNAYA Marks.

55.     Counterdefendant FTE asserts that it is the rightful owner of the U.S. STOLICHNAYA Marks through a claim of right allegedly obtained from the Russian Federation.

56.     Counterdefendant FTE's claim of right to the U.S. STOLICHNAYA Marks is baseless and contradicts years of the Russian Federation's acknowledgment of and acquiescence in VAO-SPI's status as the lawful successor to VVO-SPI.

57.     Counterdefendant FTE has interfered and/or threatened to interfere with Spirits International's ownership of the U.S. STOLICHNAYA Marks, including by filing this

lawsuit and entering into a contract with Counterdefendant Cristall to be the exclusive distributor of STOLICHNAYA-branded vodka in the United States.

58.     Counterdefendant Cristall purports to be the authorized exclusive distributor for vodka bearing the U.S. STOLICHNAYA Marks and seeks to import STOLICHNAYA-branded vodka into the United States.

59.     Counterclaimant Spirits International, the registered owner of the U.S. STOLICHNAYA Marks, has not authorized Counterdefendant Cristall to use the Marks.

60.     The claims of Counterdefendants FTE and Cristall interfere with Counterclaimants' operations and have generated an actual dispute as to the lawful ownership of the U.S. STOLICHNAYA Marks.

61.     An actual case and controversy therefore exists, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, between Counterclaimants and Counterdefendants, with regard to Counterclaimants' ownership of and right to control the U.S. STOLICHNAYA Marks.  This case and controversy is of sufficient immediacy and magnitude to justify issuance of a declaratory judgment and the injunctive relief requested below.  A declaration by this Court of the parties' respective rights and obligations with respect to the U.S. STOLICHNAYA Marks will terminate some or all of the parties' controversy.

62.     The aforesaid claims of ownership of the U.S. STOLICHNAYA Marks by Counterdefendants have caused, and are causing, irreparable harm and damage to the SPI Group, including Counterclaimants, and unless declared unlawful and permanently restrained by this Court, that irreparable injury will continue.

## DEMAND FOR JURY TRIAL

Counterclaimants hereby demand a trial by jury on all issues so triable.

11

## ANSWER

For its Answer to the Complaint filed by Federal Treasury Enterprise Sojuzplodoimport ("FTE") and OAO "Moscow Distillery Cristall" ("Cristall") (collectively, FTE and Cristall as "Plaintiffs"), Defendants Spirits International, SPI Spirits (Cyprus) Limited, SPI Group SA, STOLI Group (USA) LLP, Yuri Shefler, and Alexey Oliynik (collectively, the "SPI Defendants"), state and allege by reference to the paragraph numbers of that Complaint as follows. Unless specifically admitted in this Answer, the SPI Defendants deny each and every allegation in the Complaint to which a response is required.

## INTRODUCTION

1.      The SPI Defendants admit that the Complaint purports to bring an action against Defendants, but deny any infringement or liability and further deny that the Complaint makes any claim identified as misappropriation.

2.      The SPI Defendants admit that the records of the U.S. Patent and Trademark Office ("USPTO") reflect a registration by V/O-SPI with registration number 865,462 in 1969. The SPI Defendants deny that the Soviet Union "created" the STOLICHNAYA trademarks, and further deny that vodka made in Russia and sold by V/O-SPI in the United States under the STOLICHNAYA trademark was distributed in the United States by "licensees" for more than 20 years. The SPI Defendants refer to the records of the USPTO to show the chain of ownership in the United States for the STOLICHNAYA and related trademarks. The SPI Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of when the STOLICHNAYA-branded vodka was first produced. To the extent any further response is needed to the allegations of Paragraph 2, the SPI Defendants deny those allegations.

3.     The SPI Defendants refer to the records of the USPTO to show the chain of ownership in the United States for the STOLICHNAYA and related trademarks and otherwise deny the allegations in Paragraph 3.  To the extent that the allegations in this paragraph allege that a fraud occurred, the SPI Defendants state that the allegations are not pled with the particularity required by Federal Rule of Civil Procedure 9(b).

4.     The SPI Defendants deny the allegations in Paragraph 4 and refer to decisions made by other adjudicative bodies for the contents thereof.

5.     The SPI Defendants deny that VVO-SPI transferred any rights in the STOLICHNAYA trademarks to the Russian Federation, that the Russian Federation possesses any legitimate claim to the STOLICHNAYA Marks, and that the Russian Federation has any legitimate claims against the SPI Defendants relating to misappropriation or unauthorized use of the STOLICHNAYA Marks.  The SPI Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 and on that basis deny them.

6.     The SPI Defendants admit that FTE and Cristall have brought this suit for trademark infringement, trademark dilution, and unfair competition, but deny any infringement or other unlawful act or liability.  The SPI Defendants deny that FTE has any right to grant Cristall a license to produce vodka or other products bearing the STOLICHNAYA Marks for sale in the United States.

**THE PARTIES**

7.     The SPI Defendants deny that the Russian Federation possesses any right, title, or interest in the STOLICHNAYA Marks in the United States or any claims against the SPI Defendants and further denies the Russian Federation has the right to make any valid assignment of any right, title, or interest in the STOLICHNAYA Marks or claims against the SPI Defendants

in the United States.  The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and on that basis deny them.

8.    The SPI Defendants deny that FTE has any authority or right to grant a license relating to the STOLICHNAYA Marks in the United States to Cristall or any other person or entity.  The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 and on that basis deny them.

9.    The SPI Defendants admit that Mr. Shefler is an alien, but deny that he maintains a residence in the United States.

10.    The SPI Defendants admit the allegations in Paragraph 10.

11.    The SPI Defendants admit the allegations in Paragraph 11.

12.    The SPI Defendants admit that Spirits International is a majority-owned subsidiary of SPI Group SA, is organized under the laws of the Netherlands, and has its principal place of business in Luxembourg.  The SPI Defendants further admit that Spirits International is the registered owner of U.S. Trademark Registration Nos. 865,462, 1,244,735, and 1,291,454, as well as other registrations for the STOLICHNAYA Marks.

13.    The SPI Defendants deny that SPI Spirits Limited is a corporation organized and existing under the laws of Cyprus.  The SPI Defendants admit that SPI Spirits (Cyprus) Limited is a corporation organized and existing under the laws of Cyprus, with its principal place of business in Cyprus.

14.    The SPI Defendants admit that SPI Group SA, Spirits International, and SPI Spirits (Cyprus) Limited are referred to, with defendants Yuri Shefler and Alexey Oliynik, collectively as "SPI" in the Complaint.  The SPI Defendants further admit that Mr. Shefler owns

and controls SPI Group SA, Spirits International, and SPI Spirits (Cyprus) Limited and that Mr. Oliynik is a manager of SPI Group S.A.  To the extent that the allegations in Paragraph 14 call for a legal conclusion, no response is required.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 14.

15.     The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and on that basis deny them.

16.     The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that basis deny them.

17.     The SPI Defendants admit the allegations in Paragraph 17, except they state that STOLI Group (USA) LLC maintains an office at 135 E. 57th Street, New York, NY 10022.

18.     To the extent that the allegations in Paragraph 18 call for a legal conclusion, no response is required.  The SPI Defendants otherwise deny the allegations in Paragraph 18.

## JURISDICTION AND VENUE

19.     The allegations in Paragraph 19 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants admit that the Plaintiffs seek to invoke this Court's jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367(a) but deny that Plaintiffs have standing to bring the claims asserted in the Complaint.  Except as expressly admitted, the SPI Defendants deny the allegations of Paragraph 19.

20.     The allegations in Paragraph 20 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants admit that STOLI Group (USA) LLC has conducted business relating to the sale of STOLICHNAYA-

15

branded vodka in the United States and in New York.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants admit that STOLI Group (USA) LLC has conducted business relating to the sale of STOLICHNAYA-branded vodka in the United States and in New York.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 22.

## STATEMENT OF FACTS

23.     The SPI Defendants admit that, in Russian, the term "Stolichnaya" means "from the capital."  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 23.

24.     The SPI Defendants deny that V/O-SPI was created in 1967.  On information and belief, V/O-SPI was created in 1966.  The SPI Defendants otherwise admit the allegations in Paragraph 24.

25.     The SPI Defendants admit the allegations in Paragraph 25.

26.     The SPI Defendants admit the allegations in Paragraph 26.

27.     The SPI Defendants deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and refer to the records of the USPTO for information about the applications for and registrations of the STOLICHNAYA Marks.

28.     The SPI Defendants admit the allegations in Paragraph 28.

29.     The SPI Defendants deny the allegations in Paragraph 29, except they admit that STOLICHNAYA brand vodka has been sold in the United States since 1969 and refer to the USPTO records, which reflect that PepsiCo became the registered owner of the STOLICHNAYA Marks on or about June 19, 1991.

30.     The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and on that basis deny them.

31.     The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32.     The SPI Defendants admit that STOLICHNAYA has acquired a secondary meaning in the minds of U.S. consumers and has become a famous brand name.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 32.

33.     The SPI Defendants deny the allegations in Paragraph 33.

34.     The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 and on that basis deny them.

35.     The SPI Defendants deny the allegations in Paragraph 35.  To the extent the allegations in this paragraph allege that a fraud occurred, the SPI Defendants state that the allegations are not pled with the particularity required by Federal Rule of Civil Procedure 9(b).

36.     The SPI Defendants deny the allegations in Paragraph 36.

37.     The SPI Defendants deny the allegations in Paragraph 37 and refer to the records of the USPTO for the chain of title to the STOLICHNAYA Marks and the full contents and details thereof, and refer to the decisions of the Russian courts for the full contents thereof and further deny that those decisions reflect a fair adjudication of the issues addressed therein.

38.     The SPI Defendants deny the allegations in Paragraph 38, except they state that in or about November 2000, Spirits International N.V. and SPI Spirits (Cyprus) Limited entered into an agreement with Allied Domecq International Holdings B.V. and Allied Domecq Spirits & Wine USA (collectively, "Allied Domecq") relating to importation, distribution, and sale of vodka bearing the STOLICHNAYA marks.

39.     The SPI Defendants deny the allegations in Paragraph 39, except they state that on or about January 1, 2001, PepsiCo assigned its ownership of the STOLICHNAYA Marks to Allied Domecq International Holdings B.V.  To the extent that the allegations in this paragraph allege that a fraud occurred, the SPI Defendants deny the allegations and state that the allegations are not pled with the particularity required by Federal Rule of Civil Procedure 9(b).

40.     The allegations in Paragraph 40 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 40 and refer to the USPTO records for documents concerning ownership of the STOLICHNAYA Marks.

41.     The SPI Defendants admit that from January 2001 to August 2008, SPI Spirits (Cyprus) Limited sold vodka bearing the STOLICHNAYA Marks to Allied Domecq Spirits & Wine USA for importation to and distribution in the United States.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 41.

42.     The SPI Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 42 and on that basis deny them.

43.     The allegations in Paragraph 43 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants deny the

allegations in Paragraph 43 and refer to the USPTO records for documents concerning the ownership of the STOLICHNAYA Marks.

44.     The allegations in Paragraph 44 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and on that basis deny them.

45.     The allegations in Paragraph 45 state legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and on that basis deny them.

46.     To the extent that Paragraph 46 refers to documents, those documents speak for themselves.  The SPI Defendants otherwise deny the allegations in Paragraph 46, including the allegation that VAO-SPI was a party to a November 2000 agreement with Allied Domecq.

47.     To the extent that the allegations in Paragraph 47 state legal conclusions, no response is required.  To the extent that a response is required, the SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and on that basis deny them.

48.     The SPI Defendants admit that on or about December 15, 2008, Spirits International and SPI Spirits (Cyprus) Limited entered into an agreement with William Grant & Sons USA to import, distribute, and sell vodka bearing the STOLICHNAYA Marks in the United States.  To the extent that the remaining allegations in Paragraph 48 state legal conclusions, no response is required.  Except as expressly admitted, the SPI Defendants deny the

allegations in Paragraph 48 and refer to the USPTO records for documents concerning ownership of the STOLICHNAYA Marks.

49.     The SPI Defendants admit that from December 2008 to December 2013, SPI Spirits (Cyprus) Limited sold vodka bearing the STOLICHNAYA Marks to William Grant & Sons USA for importation and distribution in the United States.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 assert legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants deny them and refer to the USPTO records for documents concerning ownership of the STOLICHNAYA Marks.

51.     The allegations in Paragraph 51 assert legal conclusions as to which no response is required.  To the extent that a response is required, the SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 51 and on that basis deny them.

52.     The SPI Defendants admit that on or about January 1, 2014, STOLI Group (USA) LLC became the authorized importer and distributor of vodka bearing the STOLICHNAYA Marks in the United States and refer to records of the USPTO for documents concerning ownership of the STOLICHNAYA Marks.  To the extent that the remaining allegations of Paragraph 52 assert legal conclusions, no response is required.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 52.

53.     The SPI Defendants admit the allegation in Paragraph 53 that STOLI Group (USA) LLC imported, advertised, distributed, and sold vodka bearing STOLICHNAYA Marks in New York and elsewhere in the United States beginning on January 1, 2014.

54.     The allegations in Paragraph 54 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 54 and refer to records of the USPTO for documents concerning ownership of the STOLICHNAYA Marks.

55.     The allegations in Paragraph 55 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 56.

57.     The SPI Defendants deny the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 58 and refer to the records of the USPTO for documents concerning ownership of the STOLICHNAYA Marks.

59.     The allegations in Paragraph 59 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 59, refer to the decisions of the Russian courts for the full contents thereof, and deny that those decisions reflect a fair adjudication of the issues addressed therein.

60.     The allegations in Paragraph 60 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants deny the allegations in Paragraph 61.

62.     The SPI Defendants admit that, in or about 2002, vodka sold in the United States under the STOLICHNAYA Marks was produced in Russia and bottled in Latvia.  Except as expressly admitted, the Defendants deny the allegations of Paragraph 62.

63.     The SPI Defendants deny the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 assert legal conclusions and therefore no response is required.  To the extent that a response is required, the SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 and on that basis deny them.

65.     The SPI Defendants admit that FTE sued SPI and Allied Domecq in the Southern District of New York in 2004 under case number 04-civ-08510 (GBD) and that the case was dismissed because FTE lacked standing.  To the extent that the allegations in Paragraph 65 rely on judicial opinions, including opinions on appeal, issued in connection with the prior case, the SPI Defendants refer to those opinions for the contents thereof.  Except as expressly admitted, the SPI Defendants deny the allegations in Paragraph 65.

66.     To the extent that the allegations in Paragraph 66 assert legal conclusions, no response is required.  To the extent that a response is required, the SPI Defendants deny that the document attached as Exhibit A to the Complaint is a valid assignment and refer to Exhibit A for the contents thereof.  The SPI Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66 and on that basis deny them.

## FIRST CLAIM

(Federal Trademark Infringement—15 U.S.C. § 1114(1))

67.     The SPI Defendants incorporate their responses above as to Paragraphs 1 through 66.

68.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 68.  The SPI Defendants otherwise deny the allegations in Paragraph 68.

69.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 69.  The SPI Defendants otherwise deny the allegations in Paragraph 69.

70.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 70.  The SPI Defendants otherwise deny the allegations in Paragraph 70.

71.     The SPI Defendants admit that Plaintiffs are making the legal contentions and seeking the relief requested in Paragraph 71.  The SPI Defendants otherwise deny the allegations in Paragraph 71.

72.     The SPI Defendants admit that Plaintiffs are making the legal contentions and seeking the relief requested in Paragraph 72.  The SPI Defendants otherwise deny the allegations in Paragraph 72.

## SECOND CLAIM

(False Designation of Origin/Federal Unfair Competition—15 U.S.C. § 1125(a))

73.     The SPI Defendants incorporate their responses above to Paragraphs 1 through 72.

74.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 74.  The SPI Defendants otherwise deny the allegations in Paragraph 74.  The SPI Defendants further state that this claim has been dismissed with prejudice.

23

75.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 75.  The SPI Defendants otherwise deny the allegations in Paragraph 75.  The SPI Defendants further state that this claim has been dismissed with prejudice.

76.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 76.  The SPI Defendants otherwise deny the allegations in Paragraph 76.  The SPI Defendants further state that this claim has been dismissed with prejudice.

## THIRD CLAIM

(Federal Dilution—15 U.S.C. § 1125(c))

77.     The SPI Defendants incorporate their responses above to Paragraphs 1 through 76.

78.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 78.  The SPI Defendants otherwise deny the allegations in Paragraph 78.  The SPI Defendants further state that this claim has been dismissed with prejudice.

79.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 79.  The SPI Defendants otherwise deny the allegations in Paragraph 79.  The SPI Defendants further state that this claim has been dismissed with prejudice.

80.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 80.  The SPI Defendants otherwise deny the allegations in Paragraph 80.  The SPI Defendants further state that this claim has been dismissed with prejudice.

81.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 81.  The SPI Defendants otherwise deny the allegations in Paragraph 81.  The SPI Defendants further state that this claim has been dismissed with prejudice.

## FOURTH CLAIM

(Common Law Trademark Infringement)

82.     The SPI Defendants incorporate their responses above to Paragraphs 1 through 81.

83.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 83.  The SPI Defendants otherwise deny the allegations in Paragraph 83.  The SPI Defendants further state that this claim has been dismissed with prejudice.

84.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 84.  The SPI Defendants otherwise deny the allegations in Paragraph 84.  The SPI Defendants further state that this claim has been dismissed with prejudice.

85.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 85.  The SPI Defendants otherwise deny the allegations in Paragraph 85.  The SPI Defendants further state that this claim has been dismissed with prejudice.

86.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 86.  The SPI Defendants otherwise deny the allegations in Paragraph 86.  The SPI Defendants further state that this claim has been dismissed with prejudice.

87.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 87.  The SPI Defendants otherwise deny the allegations in Paragraph 87.  The SPI Defendants further state that this claim has been dismissed with prejudice.

## FIFTH CLAIM

(Common Law Unfair Competition)

88.     The SPI Defendants incorporate their responses above to Paragraphs 1 through 87.

89.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 89.  The SPI Defendants otherwise deny the allegations in Paragraph 89.  The SPI Defendants further state that this claim has been dismissed with prejudice.

90.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 90.  The SPI Defendants otherwise deny the allegations in Paragraph 90.  The SPI Defendants further state that this claim has been dismissed with prejudice.

91.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 91.  The SPI Defendants otherwise deny the allegations in Paragraph 91.  The SPI Defendants further state that this claim has been dismissed with prejudice.

92.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 92.  The SPI Defendants otherwise deny the allegations in Paragraph 92.  The SPI Defendants further state that this claim has been dismissed with prejudice.

93.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 93.  The SPI Defendants otherwise deny the allegations in Paragraph 93.  The SPI Defendants further state that this claim has been dismissed with prejudice.

94.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 94.  The SPI Defendants otherwise deny the allegations in Paragraph 94.  The SPI Defendants further state that this claim has been dismissed with prejudice.

95.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 95.  The SPI Defendants otherwise deny the allegations in Paragraph 95.  The SPI Defendants further state that this claim has been dismissed with prejudice.

## SIXTH CLAIM

(Trademark Dilution Under New York Law)

96.     The SPI Defendants incorporate their responses above as to Paragraphs 1 through 95.

97.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 97.  The SPI Defendants otherwise deny the allegations in Paragraph 96.  The SPI Defendants further state that this claim has been dismissed with prejudice.

98.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 98.  The SPI Defendants otherwise deny the allegations in Paragraph 98.  The SPI Defendants further state that this claim has been dismissed with prejudice.

99.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 99.  The SPI Defendants otherwise deny the allegations in Paragraph 99.  The SPI Defendants further state that this claim has been dismissed with prejudice.

100.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 100.  The SPI Defendants otherwise deny the allegations in Paragraph 100.  The SPI Defendants further state that this claim has been dismissed with prejudice.

## SEVENTH CLAIM

(Contributory Federal and Common Law Trademark Infringement)

101.    The SPI Defendants incorporate their responses above as to Paragraphs 1 through 100.

102.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 102.  The SPI Defendants otherwise deny the allegations in Paragraph 102.

103.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 103.  The SPI Defendants otherwise deny the allegations in Paragraph 103.

104.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 104.  The SPI Defendants otherwise deny the allegations in Paragraph 104.

105.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 105.  The SPI Defendants otherwise deny the allegations in Paragraph 105.

## EIGHTH CLAIM

(Contributory Federal and Common Law Unfair Competition)

106.    The SPI Defendants incorporate their responses above as to Paragraphs 1 through 105.

107.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 107.  The SPI Defendants otherwise deny the allegations in Paragraph 107.  The SPI Defendants further state that this claim has been dismissed with prejudice.

108.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 108.  The SPI Defendants otherwise deny the allegations in Paragraph 108.  The SPI Defendants further state that this claim has been dismissed with prejudice.

109.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 109.  The SPI Defendants otherwise deny the allegations in Paragraph 109.  The SPI Defendants further state that this claim has been dismissed with prejudice.

110.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 110.  The SPI Defendants otherwise deny the allegations in Paragraph 110.  The SPI Defendants further state that this claim has been dismissed with prejudice.

## NINTH CLAIM

(Contributory Federal and New York Trademark Dilution)

111.    The SPI Defendants incorporate their responses above as to Paragraphs 1 through 110.

112.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 112.  The SPI Defendants otherwise deny the allegations in Paragraph 112.  The SPI Defendants further state that this claim has been dismissed with prejudice.

113.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 113.  The SPI Defendants otherwise deny the allegations in Paragraph 113.  The SPI Defendants further state that this claim has been dismissed with prejudice.

114.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 114.  The SPI Defendants otherwise deny the allegations in Paragraph 114.  The SPI Defendants further state that this claim has been dismissed with prejudice.

**TENTH CLAIM**

(Rectification of Register—15 U.S.C. § 1119)

115.     The SPI Defendants incorporate their responses above as to Paragraphs 1 through 114.

116.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 116.  The SPI Defendants otherwise deny the allegations in Paragraph 116.

117.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 117.  The SPI Defendants otherwise deny the allegations in Paragraph 117.

118.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 118.  The SPI Defendants otherwise deny the allegations in Paragraph 118.

**ELEVENTH CLAIM**

(Cancellation of Registrations—15 U.S.C. §§ 1119, 1052, 1064)

119.     The SPI Defendants incorporate their responses above as to Paragraphs 1 through 118.

120.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 120.  The SPI Defendants otherwise deny the allegations in Paragraph 120.

121.     The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 121.  The SPI Defendants otherwise deny the allegations in Paragraph 121.

122.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 122.  The SPI Defendants otherwise deny the allegations in Paragraph 122.

123.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 123.  The SPI Defendants otherwise deny the allegations in Paragraph 123.

124.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 124.  The SPI Defendants otherwise deny the allegations in Paragraph 124.

125.    The SPI Defendants admit that Plaintiffs are making the legal contentions in Paragraph 125.  The SPI Defendants otherwise deny the allegations in Paragraph 125.

## PLAINTIFFS' PRAYER FOR RELIEF

The SPI Defendants deny that Plaintiffs, or any of them, are entitled to any recovery or remedies.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion on any matters that would otherwise rest with Plaintiffs, and expressly denying any and all alleged wrongdoing, the SPI Defendants allege the following separate and distinct affirmative defenses as to the causes of action set forth in the Complaint.  The SPI Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery in this proceeding and/or on any other affirmative defenses asserted or to be asserted by any other defendant in this proceeding.  The SPI Defendants reserve the right to amend this answer and/or affirmative defenses accordingly and/or to delete any affirmative defenses that they determine are not applicable during the course of subsequent discovery in this proceeding.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, lack standing to pursue any of the claims in the complaint.

30

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim against each of the SPI Defendants contained therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim against each of the SPI Defendants contained therein, is barred by the doctrines of estoppel, laches, and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata and collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of abandonment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the SPI Defendants, and each of them, is a bona fide purchaser for value.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the failure to join one or more necessary parties, including the Russian Federation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they challenge an assignment of ownership of incontestable trademark registrations.

## DEMAND FOR JURY TRIAL

The SPI Defendants hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the SPI Defendants and Counterclaimants respectfully request and pray for the following relief:

A.    On the Counterclaim, for a declaratory judgment that Spirits International is the lawful owner of the U.S. STOLICHNAYA Marks and that Counterclaimants are not infringing the U.S. STOLICHNAYA Marks.

B.    On the Counterclaim, for a permanent injunction against each Counterdefendant from taking action to prepare or threaten to or actually to distribute, sell, or otherwise market in the United States any product bearing any of the U.S. STOLICHNAYA Marks.

C.    On the causes of action asserted against the SPI Defendants, that Plaintiffs take nothing and the claims be dismissed in their entirety.

D.    For costs of suit and attorney's fees, as allowed by law.

E.    For such other relief as the Court deems just and proper.

October 8, 2014                                          COVINGTON & BURLING LLP

By    _s/ Emily Johnson Henn_

Neil K. Roman
Bingham B. Leverich
David M. Zionts
1201 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 662-6000

Emily Johnson Henn
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065
(650) 632-4715

Philip A. Scarborough
1 Front Street, 35th Floor
San Francisco, CA  94111
(415) 591-7010

Attorneys for Defendants
SPIRITS INTERNATIONAL B.V., SPI
SPIRITS (CYPRUS) LIMITED; SPI
GROUP SA, STOLI GROUP (USA)
LLP, YURI SHEFLER, and ALEXEY
OLIYNIK