UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FEDERAL TREASURY ENTERPRISE SOJUZPLODOIMPORT and OAO "MOSCOW DISTILLERY CRISTALL,"  Plaintiffs-Counterdefendants,  -against-  SPIRITS INTERNATIONAL B.V., f/k/a SPIRITS INTERNATIONAL N.V.; SPI SPIRITS (CYPRUS) LIMITED; SPI GROUP S.A.; and STOLI GROUP (USA) LLC,  Defendants-Counterclaimants,  YURI SHEFLER; ALEXEY OLIYNIK; ALLIED DOMECQ INTERNATIONAL HOLDINGS B.V.; ALLIED DOMECQ SPIRITS & WINE USA, LLC, f/k/a ALLIED DOMECQ SPIRITS & WINE USA, INC., d/b/a ALLIED DOMECQ SPIRITS, USA; WILLIAM GRANT & SONS USA; WILLIAM GRANT & SONS, INC.;  Defendants. | 1:14-cv-00712 (SAS)  **ECF CASE**  **ANSWER TO COUNTERCLAIM** |

## ANSWER TO COUNTERCLAIM

For its Answer to the Counterclaim filed by Defendants Spirits International B.V., SPI Spirits (Cyprus) Limited, SPI Group SA, and STOLI Group (USA) LLP, (collectively "Counterclaimants"), Plaintiffs Federal Treasury Enterprise Sojuzplodoimport ("FTE") and OAO Moscow Distillery Cristall ("Cristall") (collectively "Counterdefendants") state and allege by reference to the paragraph numbers of the Counterclaim as follows:

## NATURE OF ACTION

1. Counterdefendants admit that Spirits International B.V. has brought a Counterclaim for declaratory relief that Spirits International B.V. is the lawful owner of the STOLICHNAYA trademarks in the United States ("the Marks"). Counterdefendants deny that Spirits International B.V. is the lawful owner of the STOLICHNAYA Marks and deny that Counterdefendants' claim of ownership and/or license is without merit.

## JURISDICTION AND VENUE

2. Counterdefendants admit that this Court has jurisdiction over the Counterclaim.

3. The allegations in Paragraph 3 state legal conclusions to which to no response is required.

4. The allegations in Paragraph 4 state legal conclusions to which no response is required.

5. The allegations in Paragraph 5 state legal conclusions to which no response is required.

6. Counterdefendants admit that the Court has jurisdiction over the Counterclaim against Cristall.

7. Counterdefendants admit that venue is proper in this District.

## PARTIES

8. Counterdefendants admit the allegations in Paragraph 8.

9. Counterdefendants lack knowledge or information sufficient to form a belief as to Counterclaimants' corporate structure and organization. Counterdefendants admit that Spirits International purports to be the owner of U.S. Trademark Registration Nos. 865,462, 1,244,735, and 1,291,454. Except as expressly admitted, Counterdefendants deny the remaining allegations in Paragraph 9.

10. Counterdefendants lack knowledge or information sufficient to form a belief as to Counterclaimants' corporate structure and organization. Counterdefendants deny the remaining allegations in Paragraph 10.

11. Counterdefendants lack knowledge or information sufficient to form a belief as to Counterclaimants' corporate structure and organization. Counterdefendants deny that STOLI Group is the authorized importer and distributor of STOLICHNAYA-branded vodka in the United States. Counterdefendants deny the remaining allegations in Paragraph 11.

12. Counterdefendants admit that FTE is a federal treasury enterprise organized and existing under the laws of Russia, with its principal place of business in Russia. Counterdefendants deny the remaining allegations of Paragraph 12.

13. Counterdefendants admit the allegations in Paragraph 13.

## INTRODUCTION

14. Counterdefendants admit that Spirits International and/or its predecessors have supplied vodka for sale under the STOLICHNAYA brand in the United States, but deny the remaining allegations in Paragraph 14.

15. Counterdefendants admit that VVO-SPI was a former Soviet, state-owned entity whose predecessor V/O-SPI was the first registrant of U.S. Trademark Registration No. 865,462 and that VVO-SPI entered into an agreement with PepsiCo concerning the Marks in June 1991, the terms of which speak for themselves. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 15.

16. Counterdefendants admit that VVO-SPI and VAO-SPI supplied vodka to PepsiCo for sale in the United States under the STOLICHNAYA Marks, but deny that VVO-SPI was lawfully transformed into VAO-SPI.  Except as expressly admitted, Counterdefendants deny the allegations in  Paragraph 16.

17. Counterdefendants deny the allegations in Paragraph 17.

18. Counterdefendants deny the allegations in Paragraph 18.

19. Counterdefendants deny the allegations in Paragraph 19.

20. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21. Counterdefendants deny the allegations in Paragraph 21.

22. Counterdefendants deny the allegations in Paragraph 22.

23. Counterdefendants admit that Cristall was privatized in 1993.  Except as expressly admitted, Counterdefendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24. Counterdefendants deny the allegations in Paragraph 24.

25. Counterdefendants deny the allegations in Paragraph 25.

26. Counterdefendants deny the allegations in Paragraph 26.

27. Counterdefendants deny the allegations in Paragraph 27.

28.     Counterdefendants deny the allegations in Paragraph 28.

29.     Counterdefendants deny the allegations in Paragraph 29.

30.     Counterdefendants deny the allegations in Paragraph 30.

31.     Counterdefendants deny the allegations in Paragraph 31.

32.     Counterdefendants admit that Vladimir Loginov was Deputy Minister of Agriculture and General Director of FTE.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 32.

33.     Counterdefendants deny the allegations in Paragraph 33.

34.     Counterdefendants deny the allegations in Paragraph 34.

35.     Counterdefendants admit that the controversy as to the lawful ownership of the U.S. STOLICHNAYA Marks is ripe for adjudication.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 34.

36.     Counterdefendants admit that Counterclaimants seek a declaration that Spirits International is the lawful owner of the U.S. STOLICHNAYA Marks.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 36.

## THE U.S. STOLICHNAYA MARKS

37.     Counterdefendants admit the allegations in Paragraph 37.

38.     Counterdefendants admit that between March 1969 and March 1983, V/O-SPI, Kraus Bros. & Co. and PepsiCo were all listed as the registrant for U.S. trademark registration No. 865,462, and that assignments between these entities for this registration were recorded by the United States Patent and Trademark Office.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 38.

39.     Counterdefendants admit the allegations in Paragraph 39.

40. Counterdefendants admit that VVO-SPI entered an agreement with PepsiCo concerning the Marks in June 1991 and that the terms of this agreement speak for themselves. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 40.

41. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and on that basis deny them.

42. Counterdefendants deny the allegations in Paragraph 42.

43. Counterdefendants admit that Cristall was a shareholder in VAO-SPI. Except as expressly admitted, Counterdefendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. Counterdefendants admit that PepsiCo was listed as the registrant for certain U.S. trademark registrations for STOLICHNAYA and related trademarks. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 44.

45. Counterdefendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, Counterdefendants admit that PepsiCo entered an agreement with Allied Domecq International Holdings B.V. purporting to assign the Marks in January 2001. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 46.

47. Counterdefendants admit that Allied Domecq International Holdings B.V. imported and distributed vodka bearing the STOLICHNAYA Marks from 2001 to 2008 and that it was listed as the registrant for certain U.S. trademark registrations for STOLICHNAYA and

related trademarks. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 47.

48. Counterdefendants deny the allegations in Paragraph 48.

49. Counterdefendants deny the allegations in Paragraph 49.

50. Counterdefendants admit that William Grant & Sons imported and distributed vodka bearing the STOLICHNAYA Marks in the United States between December 2008 and January 2014. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 50.

51. Counterdefendants admit STOLI Group (USA) LLC has imported and distributed vodka bearing the U.S. STOLICHNAYA Marks since January 2014. Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 51.

52. Counterdefendants deny the allegations in Paragraph 52.

## COUNTERCLAIM

### DECLARATORY JUDGMENT AS TO ALL COUNTERDEFENDANTS

53. Counterdefendants incorporate their responses to Paragraphs 1 through 52.

54. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 54. Counterdefendants deny the remaining allegations in Paragraph 54.

55. Counterdefendants admit the allegations in Paragraph 55.

56. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 56. Counterdefendants deny the remaining allegations in Paragraph 56.

57. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 57. Counterdefendants further admit that FTE has granted Cristall an exclusive license to produce vodka and other products bearing the STOLICHNAYA Marks for sale in the

United States, and that Counterdefendants have filed this lawsuit.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 57.

58. Counterdefendants admit that Cristall is the exclusive licensee of the U.S. STOLICHNAYA Marks and seeks to import vodka bearing the STOLICHNAYA Marks into the United States.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 58.

59. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 59.  Counterdefendants deny that Spirits International is the owner of the U.S. Marks, and therefore that Cristall needs authorization from Spirits International to use the Marks.

60. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 60.  Counterdefendants admit that there is a dispute as to the lawful ownership of the U.S. STOLICHNAYA Marks.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 60.

61. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 61.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 61.

62. Counterdefendants admit that Counterclaimants are making the legal contentions in Paragraph 61.  Except as expressly admitted, Counterdefendants deny the allegations in Paragraph 62.

## DEMAND FOR JURY TRIAL

Counterdefendants deny that Counterclaimants are entitled to a jury trial.

## COUNTERCLAIMANTS' PRAYER FOR RELIEF

Counterdefendants deny that Counterclaimants, or any of them, are entitled to any recovery or remedies.

## AFFIRMATIVE DEFENSES

Counterdefendants assert the following defenses in response to the Counterclaim. Counterdefendants do not assume the burden of proof or persuasion on any matter that would otherwise rest with Counterclaimants and Counterdefendants deny all alleged wrongdoing. Counterdefendants reserve the right to assert additional affirmative defenses that may become apparent during discovery. Counterdefendants also reserve the right to amend this answer and affirmative defenses as they obtain more information during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of fraud, illegality, estoppel, laches, and/or waiver.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of res judicata and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

One or more of the transactions alleged in the Counterclaim is invalid for failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred because Counterdefendant FTE is the rightful owner of the trademarks at issue.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by principles of international comity and/or the Act of State Doctrine.

### RESERVATION OF ADDITIONAL DEFENSES

Counterdefendants specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend their Answer and assert such defenses.

Dated: New York, New York
November 3, 2014

        QUINN EMANUEL
        URQUHART & SULLIVAN, LLP

        By: /s/ Marc Greenwald
            Robert L. Raskopf
            Marc Greenwald
            Jessica A. Rose

        51 Madison Avenue, 22nd Floor
        New York, New York 10010
        Telephone: (212) 849-7000
        Fax: (212) 849-7400
        robertraskopf@quinnemanuel.com
        marcgreenwald@quinnemanuel.com
        jessicarose@quinnemanuel.com

        Attorneys for Plaintiffs
        Federal Treasury Enterprise Sojuzplodoimport
        "FTE" and OAO "Moscow Distillery Cristall"

        and

        Daniel H. Bromberg
        danbromberg@quinnemanuel.com

        QUINN EMANUEL
        URQUHART & SULLIVAN, LLP
        555 Twin Dolphin Drive, 5th Floor
        Redwood Shores, CA 94065-2139
        (650) 801-5000

## **CERTIFICATE OF SERVICE**

I, Jessica Rose, an attorney, hereby certify that I caused a copy of the foregoing Answer to Counterclaim to be served via ECF this third day of November, 2014 upon the following attorneys of record:

| | | |
|---|---|---|
| Eugene D. Gulland<br>Bingham B. Leverich<br>Hope Hamilton<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br>(202) 662-6000<br>egulland@cov.com<br>bleverich@cov.com<br>hhamilton@cov.com<br><br>Attorneys for Defendants Spirits International, B.V., SPI Spirits Limited, SPI Group S.A., Stoli Group (USA) LLP, Yuri Shefler, and Alexey Oliynik | David H. Bernstein<br>Carl Micarelli<br>Michael Schaper<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue, 31st Floor<br>New York, NY 10022<br>(212) 909-6000<br>dhbernstein@debevoise.com<br>cmicarelli@debevoise.com<br>mschaper@debevoise.com<br><br>Attorneys for Defendants Allied Domecq International Holdings B.V. and Allied Domecq Spirits & Wines USA, Inc., d/b/a Allied Domecq Spirits & Wines USA | Edward T. Colbert<br>KENYON & KENYON LLP<br>1500 K Street NW<br>Washington, D.C. 20005<br>(202) 220-4200<br>ecolbert@kenyon.com<br><br>Attorneys for Defendants William Grant & Sons USA and William Grant & Sons, Inc. |

Dated: November 3, 2014

/s/ Jessica Rose
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

11