**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO "MOSCOW
DISTILLERY CRISTALL,"

*Plaintiffs*,

v.

SPIRITS INTERNATIONAL B.V., SPI SPIRITS
LIMITED, SPI GROUP S.A., YURI
SHEFFLER, ALEXEY OLIYNIK, WILLIAM
GRANT & SONS USA, WILLIAM GRANT &
SONS, INC., STOLI GROUP (USA) LLC, and
ZHS IP AMERICAS SARL,

*Defendants*.

Case No.: 14 Civ. 712 (SAS)

---

WILLIAM GRANT & SONS USA and
WILLIAM GRANT & SONS, INC.,

*Counterclaim-Plaintiffs*,

v.

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT,

*Counterclaim-Defendant*.

---

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

*(By William Grant & Sons USA and William Grant & Sons, Inc.)*

Defendants, William Grant & Sons USA and William Grant & Sons, Inc.

(collectively, "William Grant"), by and through their counsel, hereby answer the

1

Amended Complaint (D.I. 154) filed by Plaintiffs, Federal Treasury Enterprise Sojuzplodoimport ("FTE") and OAO "Moscow Distillery Cristall" ("OAO"), as follows, with each numbered paragraph(s) corresponding to the similarly numbered paragraph(s) in the Amended Complaint as set forth below. Unless expressly admitted, all allegations in the Amended Complaint are hereby denied. Further, William Grant notes that it is responding to this Amended Complaint solely with respect to the allegations alleged against it. Consequently, none of William Grant's responses here should be construed as admitting or denying any allegation made against any other defendant.

## INTRODUCTION

1. The paragraph contains only argument, to which no response is required. William Grant further notes that Plaintiffs' right to assert claims was limited by the Second Circuit's decision on January 5, 2016 (D.I. 102). To the extent a response to the allegations in the paragraph is otherwise required, William Grant denies same.

2. William Grant admits only that according to the records of the U.S. Trademark Office, V/O Sojuzplodoimport ("V/O-SPI") was issued U.S. Reg. No. 865462 for the mark STOLICHNAYA on Feb. 25, 1969. William Grant, however, denies that vodka "was sold by [V/O-SPI's] licensees in the United States under the STOLICHNAYA trademark" for "more than twenty years." As the Court has previously acknowledged, during the period 1969-1983, the STOLICHNAYA mark was owned first by Kraus Bros. & Co., Inc. and then by PepsiCo, Inc., making them the owners of the mark during that period of time. *See Financial Matters, Inc. v. Pepsico, Inc.*, 1993 WL 378844, *1 (S.D.N.Y. 1993) (tracing the

ownership of the STOLICHNAYA mark and confirming that the registration became "incontestable" in 1974 upon filings made by PepsiCo).  Furthermore, the records of the Trademark Office reflect that although V//O-SPI reacquired ownership of U.S. Reg. No. 865462 (as well as a pending application filed by PepsiCo in its own name for the mark STOLI) in 1983, it voluntarily assigned those marks (and others) *back* to PepsiCo on June 19, 1991, thus making PepsiCo the unquestioned owner of the STOLICHNAYA mark in the United States from that point on until the registrations were later assigned to Allied Domecq International Holdings B.V. (in January 2001) and then to Spirits International B.V. (in July 2008).  *See, e.g.,* 15 U.S.C. § 1115(b) (an incontestable registration is "conclusive evidence … of the registrant's ownership of the mark[] and of the registrant's exclusive right to use the registered mark in commerce").  William Grant lacks sufficient information to admit or deny that the vodka PepsiCo and Kraus sold under the STOLICHNAYA mark was ever "made in Russia and produced under the authority and supervision" of their supplier, V/O-SPI, and thus denies same.  *But see Financial Matters*, 1993 WL 378844 at *1 (noting that"[u]pon its acquisition of the Stolichnaya import rights [in 1973], PepsiCo set up a system for approving potential suppliers, establishing quality specifications, assisting distilleries in improving their product, testing the final product, and rejecting unsuitable shipments" and "was thus instrumental in creating a domestic American product of consistently high quality and uniform characteristics") ("PepsiCo approved only seven distilleries in the U.S.S.R. to produce and export

3

Stolichnaya vodka to the U.S., and imported Stolichnaya vodka has come from these same seven distilleries over the past twenty years of PepsiCo's control").

3. William Grant denies that it has "claimed rights in the STOLICHNAYA trademarks through VAO-SPI." To be clear, VAO-SPI never owned the STOLICHNAYA trademark. Rather, and as noted above, the STOLICHNAYA mark (as represented by U.S. Reg. Nos. 865462 and 1291454) was owned by **PepsiCo** as of June 1991, and the Trademark Office's records reflect that PepsiCo assigned those registrations to Allied Domecq International Holdings, B.V. in January 2001, which later in turn assigned the registrations to Spirits International B.V. in August 2008. William Grant admits that in December 2008 it entered into an agreement to distribute STOLICHNAYA vodka in the United States with the consent of the trademark owner (Spirits International B.V.) at that time, and that William Grant subsequently distributed STOLICHNAYA products in this country, relying on rights that can be traced directly back to PepsiCo and V/O-SPI. William Grant lacks sufficient information to admit or deny the remainder of the allegations in the paragraph, and therefore denies same.

4. The allegations in this paragraph are based on a faulty premise, namely, that "the STOLICHNAYA Marks [had] been stolen" from V/O-SPI as a result of the process that privatized V/O-SPI into VAO-SPI. As noted above, V/O-SPI **did not own** the STOLICHNAYA mark in the United States after June 1991 (which was when it assigned the mark to PepsiCo), and VAO-SPI has never owned the mark. William Grant lacks sufficient information to admit or deny the remaining allegations in this paragraph, and therefore denies same.

5.  Denied.  VVO-SPI did not own any rights in the STOLICHANYA trademark or registrations in the United States after June 1991.  The Russian Federation likewise never owned any rights in the STOLICHANA mark and registrations and thus had no "right, title [or] interest" that it could convey to a new party.

6.  The paragraph contains only argument, to which no response is required.  William Grant further notes that Plaintiffs' right to assert claims was limited by the Second Circuit's decision on January 5, 2016 (D.I. 102).  To the extent a response to the allegations in the paragraph is needed, however, William Grant denies same.

## THE PARTIES

7-16.  William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

17.  Admitted.

18.  William Grant admits the first two sentences of this paragraph.  The remainder of the paragraph concerns Plaintiffs' nomenclature, to which no response is required.

19.  Denied.

## JURISDICTION AND VENUE

20.  This paragraph contains only legal conclusions to which no response is required. To the extent that a response is otherwise required, William Grant maintains that this Court lacks jurisdiction to hear the pleaded claims on the grounds that Plaintiffs lack standing to bring the asserted causes of action.

21. This paragraph contains only legal conclusions as to which no response is required. To the extent a response is otherwise required, William Grant admits that it is subject to the personal jurisdiction of this Court. William Grant lacks sufficient information to admit or deny the allegations in the paragraph as to any other defendant, and therefore denies same.

22. This paragraph contains only legal conclusions as to which no response is required. To the extent a response is otherwise required, William Grant admits that it is subject to the personal jurisdiction of this Court but denies that any of the acts performed by William Grant in question were "tortious" or "caused injury to Plaintiffs." William Grant lacks sufficient information to admit or deny the allegations in the paragraph as to any other defendant, and therefore denies same.

23. This paragraph contains only legal conclusions as to which no response is required. To the extent a response is otherwise required, William Grant admits that venue is properly laid in this District. *But see* Para. 20, *supra*.

**THE STOLICHNAYA MARKS**

24-25. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

26. William Grant admits that according to the records of the Trademark Office, V/O-SPI applied to register STOLICHNAYA as a mark for "vodka" (Class 33) on April 14, 1967, as shown in U.S. Serial No. 72269237.

27. William Grant admits that according to the records of the Trademark Office, V/O-SPI was issued U.S. Reg. No. 865462 for STOLICHNAYA on Feb. 25, 1969.

28. William Grant admits that according to the records of the Trademark Office, V/O-SPI was issued U.S. Reg. Nos. 1244735 and 1291454 (for STOLI and STOLICHNAYA) on July 5, 1983 and Aug. 21, 1984 respectively, and that V/O-SPI filed the application that eventually issued as U.S. Reg. 1291454. William Grant, however, denies that V/O-SPI applied for U.S. Reg. No. 1244735. Documents available from the U.S. Trademark Office establish that PepsiCo, Inc. (which owned the STOLICHNAYA marks in the United States from 1973-1983 [as well as for the period 1969-1973 through a predecessor-in-interest]) was the party that applied to register the mark "STOLI" as reflected in U.S. Serial No. 73288429 (which eventually issued as U.S. Reg. No. 1244735).

29. William Grant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies same.

30. Denied. The records of the Trademark Office reflect that V/O-SPI voluntarily assigned U.S. Reg. No. 865462 (as well as later-issued U.S. Reg. Nos. 1244735, 1291454, and others) to PepsiCo, Inc., on June 19, 1991, meaning that from that point on, PepsiCo was the unquestioned owner of the STOLICHNAYA mark in the United States and not a mere licensee. *See, e.g.,* 15 U.S.C. § 1115(b). William Grant lacks sufficient information to admit or deny that the remaining allegations in this paragraph, and therefore denies same.

31-34. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

7

## DEFENDANTS' ACTIVITIES

35-37. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

38.    Denied.  *See* Para. 3, *supra*.

## Shefler and Oliynik

39-48. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

## Allied Domecq

49-51. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

52.    Denied.  PepsiCo owned the STOLICHNAYA mark and registrations as of June 1991 by way of an assignment from V/O-SPI.  *Accord Financial Matters,* 1993 WL 378844 at *1 (finding that in June 1991 V/O-SPI assigned to PepsiCo "all of its right, title and interest in and to the [STOLICHNAYA] marks"); *see also, e.g.,* D.I. 3 (Civ. No. 1:04-cv-08510-GBD), ¶ 73 (FTE admitted in the previous litigation that V/O-SPI assigned "all its rights, title, and interest" in the STOLICHNAYA marks in the U.S. to PepsiCo).  As such, PepsiCo had the power to assign the mark and registration to any other party.  *See* 15 U.S.C. 1115(b).

53-57. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

**William Grant & Sons**

58. William Grant admits only that on or about December 15, 2008, it entered into an agreement to distribute STOLICHNAYA vodka in the United States with the consent of the then-current trademark owner (Spirits International B.V.).

59. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

60. William Grant admits only that during the term authorized under the December 2008 Agreement, William Grant imported, advertised, sold, and distributed STOLICHNAYA products in this country, including in New York State. William Grant is no longer importing, advertising, selling, or distributing STOLICHNAYA products in the United States. *See* D.I. 154, ¶¶ 60, 63.

61. William Grant admits only that it used the STOLICHNAYA mark without the authorization of VVO-SPI, FTE, or the Russian Federation. William Grant notes, however, that VVO-SPI did not own the STOLICHNAYA mark in the United States after June 1991, and FTE and the Russian Federation never owned the mark here. William Grant, however, *did* have the authorization of Spirits International B.V., which was the "Registrant" during the relevant time.

62. This paragraph is built on a faulty premise. Russian courts do not have the power to adjudicate ownership of U.S. trademark rights, and no Russian court has ruled on the propriety of PepsiCo-Allied Domecq assignment (especially as neither PepsiCo nor Allied Domecq was a party to a foreign proceeding). *See also Federal Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 425 F. Supp.2d 458, 464 n.8 (S.D.N.Y. 2006) ("*FTE I*") (holding that the "Russian court

decisions" were "irrelevant to the trademark rights of the parties"). Furthermore, although William Grant was aware in December 2008 that FTE had sued SPI and Allied Domecq in this Court over the ownership (or prior ownership) of the STOLICHNAYA mark, the case had been dismissed by then. *See id.* at 477.

### Stoli Group

63-67. William Grant lacks sufficient information to admit or deny  the allegations in these paragraphs, and therefore denies same.

### SPI Group

68      William Grant denies that it has committed any acts of infringement. William Grant lacks sufficient information to admit or deny the remaining allegations in this paragraph, and therefore denies same.

69-71. William Grant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

### Sales of STOLICHNAYA Vodka

72.     Denied.

73.     William Grant lacks sufficient information to admit or deny that the allegations in this paragraph, and therefore denies same. William Grant notes, however, that no vodka products have been sold "on behalf of [V/O-SPI] in the United States" since prior to June 1991, which is when V/O-SPI assigned the ownership of the STOLICHNAYA brand to PepsiCo. From that point on, V/O-SPI (and later

10

VAO-SPI) would have been merely a supplier of product to PepsiCo, the brand owner, to the extent it supplied any product at all.

74. William Grant lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph, and therefore denies same. William Grant expressly denies, however, that "authentic STOLICHNAYA brand vodka" is (or must be) produced in Russia. Vodka sold in the United States under the STOLICHNAYA name may be produced anywhere (including, for example, within this District) as STOLICHNAYA is not a geographic designation of origin and the relevant registrations are not restricted to any particular type or style of "vodka." William Grant admits that vodka it imported, advertised, sold, and distributed in this country during the term authorized under the December 2008 Agreement included vodka that was distilled and/or bottled in Latvia.

75. This paragraph is built on a faulty premise. If the phrase "STOLICHNAYA vodka" as used in this paragraph refers to vodka sold in the United States under the STOLICHNAYA trademark at issue in this case, then Plaintiffs do not make (and have never made) "STOLICHNAYA vodka" as they do not own (and have no right to use) the mark in connection with the sale of goods under that mark in the United States. If the use of "STOLICHNAYA vodka" in the paragraph is a reference to vodka sold in one or more foreign countries under a *foreign* "STOCHINAYA" trademark, then the allegations in this paragraph are vague as that foreign mark is not identified (and is also irrelevant). As a result, William Grant lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies same.

76. This paragraph contains only argument, to which no response is required. To the extent a response is nonetheless required, William Grant responds that this paragraph contains irrelevant contentions and fundamental misstatements of law.

**Involvement of Shefler and Oliynik**

77-86. William Grant lacks sufficient information to admit or deny that the allegations in these paragraphs, and therefore denies same.

**Prior Proceedings**

87. This paragraph contains incomplete and erroneous characterizations of the effect of the prior decisions handed down by the courts in this matter. William Grant relies on and incorporates the content of those decisions themselves.

88. Denied. As the Russian Federation never owned the STOLICHNAYA mark in the United States, it cannot have assigned any rights in that mark to FTE. William Grant lacks sufficient information to admit or deny the nature of the document attached to the Amended Complaint as "Exhibit A" and therefore denies Plaintiffs' allegations as to content and effect of that document.

**FIRST CLAIM**

**Federal Trademark Infringement – 15 USC 1114(1)**

89. William Grant incorporates here its responses to Paragraphs 1 through 88.

90. Denied.

91. William Grant states that it had the permission and authorization of the "Registrant" of the STOLICHNAYA registrations (Spirits International B.V.) during the relevant time and thus denies the allegations of this paragraph.

92. Denied.

93-94. William Grant lacks sufficient information to admit or deny that the allegations in these paragraphs, and therefore denies same.

95. Denied.

96. Denied.

## SECOND CLAIM

### Contributory Federal Trademark Infringement

97-103 This claim is not asserted against William Grant.  Thus, no response is required.

## THIRD CLAIM

### Rectification of Register

104-108 This claim is not asserted against William Grant.  Thus, no response is required.

## FOURTH CLAIM

### Cancellation of Registrations

109-115 This claim is not asserted against William Grant.  Thus, no response is required.

**PRAYER FOR RELIEF**

A-F.   William Grant denies that Plaintiffs are entitled to any of the relief requested and

also denies that such requested relief could properly be granted to Plaintiffs.

**SEPARATE DEFENSES**

William Grant maintains that Plaintiffs are not entitled to pursue any of the

asserted claims or to seek any of the requested relief for the reasons set forth in Rules

12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure.

**AFFIRMATIVE DEFENSES**

William Grant further asserts that if Plaintiff FTE is regarded as the "assignee" of

the STOLICHNAYA Registrations as alleged in the Amended Complaint, Plaintiffs'

claims are barred by the doctrines of equitable estoppel and unclean hands.  A brief

summary of the bases for the defenses pled here is set forth below.

In June 1991, V/O-SPI entered into an agreement with PepsiCo ("the June 1991

Agreement") concerning the STOLICHNAYA marks.   In that Agreement, V/O-SPI

stated that it "desire[d] that all right, title and interest in and to the [STOLICHNAYA

marks] be transferred and assigned to PepsiCo," and V/O-SPI agreed "to execute,

simultaneously with the execution of [the] Agreement, a Deed of Assignment in an

appropriate form suitable for filing with the United States Patent and Trademark Office

… in order to assign to PepsiCo any all registrations or pending applications for federal

registration for the [STOLICHNAYA] [m]arks."   V/O-SPI then executed the Deed of

Assignment, in which it again stated that it was "assign[ing] and transfer[ing]" to

14

PepsiCo its "entire right, title and interest in and to" the STOLICHNAYA marks, along with "the goodwill of the business associated" therewith.  Shortly thereafter PepsiCo recorded the Deed of Assignment with the Trademark Office, as V/O-SPI had intended, which act served to afford the public at large with constructive notice of Pepsi's claim of ownership of the STOLICHNAYA marks.  *See* 15 U.S.C. §§ 1060, 1072, 1115.

V/O-SPI did not object to Pepsi recording the Deed of Assignment with the Trademark Office, nor did V/O-SPI take any steps in subsequent years to "correct" the publicly-accessible assignment records and have itself (rather than PepsiCo) listed as the "owner" of the STOLICHNAYA marks.  To the contrary, from June 1991 onward, V/O-SPI knowingly allowed PepsiCo (whether PepsiCo knew it or not) to deceive the public (*cf.* 15 U.S.C. § 1072) by, among other things, permitting PepsiCo (which supposedly was only a "licensee") to exercise all of the indicia of control commonly associated with trademark *ownership*, including by allowing PepsiCo to (1) repeatedly represent (including in sworn statements) that it was the owner of the STOLICHNAYA marks; (2) lodge the Deed of Assignment with U.S. Customs so that PepsiCo could rely on its "ownership" of the marks to prevent the entry of "gray market" goods; (3) initiate opposition proceedings in the U.S. Trademark Office based on its "ownership" of the STOLICHNAYA registrations, and (4) assert (and prevail on) claims for trademark infringement in federal court against third parties, including in the *Financial Matters* case.  *See* 1993 WL 378844, \*4, \*7, \*8 ("[T]he facts are indisputable that PepsiCo owns the marks ….  PepsiCo is thus entitled to summary judgment on its counterclaims.");

If V/O-SPI did not intend to assign the STOLICHNAYA marks in the United States to PepsiCo in June 1991 (as Plaintiffs now contend; *see* D.I. 154, ¶¶ 30, 52; D.I.

126, pp. 13-24; *but see* Case No. 1:04-cv-08510-GBD, D.I. 48, p. 49:1-11), then V/O-SPI acted unethically by allowing, enabling, and *encouraging* PepsiCo to file false statement with numerous governmental entities, including the U.S. Trademark Office, the U.S. Customs Service, and this Court, all to the benefit of V/O-SPI as the supposed (and undisclosed) "owner" of the mark. *Cf.* Case No. 1:04-cv-08510-GBD, D.I. 48, p. 49:1-11 (admitting that the Soviet Union [acting through V/O-SPI] executed the Deed of Assignment because it knew that it could not initiate enforcement actions in its own name); *see also* Case No. 92-cv-7497, D.I. 9, ¶ 10 (the president of PepsiCo Wine and Spirits International testified that V/O-SPI wanted PepsiCo to be listed as the "owner" of the STOLICHNAYA marks because it knew that "American owners of registered trademarks were entitled to broader protection" against the importation of gray market goods). V/O-SPI also knowingly allowed its supposed "licensee" to misuse the judicial process by holding itself out as the trademark "owner" and bringing unwarranted and unjustified enforcement actions (such as *Financial Matters*) and trademark opposition matters, many of which resulted in the entry of judgment against third parties.

William Grant was aware of and relied on the June 1991 Agreement and the Deed of Assignment when it entered into the November 2008 Agreement with Defendants Spirits International B.V. and S.P.I. Spirits (Cyprus) Limited to sell and distribute STOLICHNAYA vodka. At that time, William Grant was also aware of this Court's decision in *Financial Matters*, wherein the Court held that "the facts are indisputable that PepsiCo owns the [STOLICHNAYA] marks"—a conclusion this Court would not have reached but for V/O-SPI having executed and allowing PepsiCo to record the Deed of Assignment. *See* 1993 WL 378844, *1, *4, *7, *8 (relying on the fact that "[i]n June, 1991, [V/O-SPI] reassigned to PepsiCo all of its right, title and interest in and to the … marks").

16

If V/O-SPI did not intend to transfer ownership of the STOLICHNAYA marks to PepsiCo in June 1991, then its conduct was deceptive and inequitable. Specifically, through the actions described above, V/O-SPI falsely represented (and/or intended to convey the impression) that it was transferring ownership of the STOLICHNAYA marks to PepsiCo and concealed the fact that its real intent was somehow to retain ownership of the marks. Further, V/O-SPI engaged in such conduct with the intent (or at least the expectation) that others (including the Trademark Office, the Customs Service, this Court, and third parties) would rely on the "assignment" that PepsiCo filed on the public record, *see, e.g.,* 15 U.S.C. § 1072, and William Grant did, in fact, rely on it, to its detriment, and without any knowledge, actual or constructive, of the "real" facts.

Plaintiffs, which claim to be in privity with V/O-SPI based on FTE supposedly being the assignee of the STOLICHNAYA marks, *see* D.I. 154, ¶¶ 2, 5, have asked this Court to grant equitable relief against William Grant based on acts of alleged "infringement" that occurred during the years 2008 to 2013—specifically, the sale and distribution of STOLICHNAYA vodka in the United States. *See id.*, ¶¶ 60-61, p. 24 (A, B, E, F). As discussed above, however, William Grant would not have sold STOLICHNAYA vodka in this country but for the actions of V/O-SPI in "assigning" the marks to PepsiCo and encouraging PepsiCo to record the assignment with the Trademark Office, thus putting the ownership of the marks publicly into PepsiCo's name.

Plaintiffs may not profit from the unequitable, deceptive, and outright fraudulent conduct of its alleged predecessor-in-interest to the STOLICHNAYA marks and registrations. Plaintiffs' claims for equitable relief against William Grant would therefore be barred by the doctrines of both equitable estoppel and unclean hands *even if* Plaintiff

17

FTE is found to be the current "Registrant," notwithstanding the unambiguous assignment language found in the Deed of Assignment and disregarding the fact (discussed *infra*) that all of the asserted registrations would have expired years ago.

## CONDITIONAL COUNTERCLAIMS

### *(By William Grant & Sons USA and William Grant & Sons, Inc.)*

Counterclaim-Plaintiffs, William Grant & Sons USA and William Grant & Sons, Inc. (collectively, "William Grant"), by and through counsel, hereby assert the following counterclaims against Counterclaim-Plaintiff, Federal Treasury Enterprise Sojuzplodoimport ("FTE"). As discussed *infra*, these counterclaims are being asserted conditionally. The counterclaims are also all being asserted here in the alternative.

## OVERVIEW

1. William Grant asserts these conditional counterclaims against Plaintiff FTE in the unlikely event FTE is found to be the "Registrant" of the STOLICHNAYA Registrations (U.S. Reg. Nos. 865462, 1244735, and 1291454) based on a chain of title that supposedly traces FTE's ownership to V/O-SPI. *Cf.* D.I. 154, ¶¶ 2, 5.

2. As noted above, and has been briefed (D.I. 117, 128), William Grant maintains that Plaintiffs have not even *alleged* a plausible basis upon which FTE could be considered the "Registrant" of the STOLICHNAYA Registrations. For example, the unambiguous language of the June 1991 Deed of Assignment makes it clear that V/O-SPI assigned all of its rights in the marks to PepsiCo back in June 1991.

18

3.    However, if this Court were nonetheless to conclude that V/O-SPI continued to own the STOLICHNAYA Registrations after June 1991 and that it subsequently transferred its ownership to the Russian Federation (and which in turn supposedly assigned them to FTE; see D.I. 154, ¶¶ 2, 5), then the STOLICHNAYA Registrations and Marks either were abandoned or expired years ago.

## The Parties

4.    Counterclaim-Plaintiff William Grant & Sons USA is a Delaware corporation organized with its principal place of business in New York City.

5.    Counterclaim-Plaintiff William Grant & Sons, Inc. is a New Jersey corporation with its principal place of business in New York City.

6.    Counterclaim-Defendant FTE claims to be an economic entity owned by the Russian Federation with its principal place of business in Russia. FTE further claims to be the assignee of each of the STOLICHNAYA Registrations.

## Jurisdiction and Venue

7.    Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338 in that, among other things, the matter to be litigated raises one or more federal questions and concerns federal trademark law.

8.    This Court has jurisdiction over Counterclaim-Defendant and venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. §1391(c) in that FTE is not a resident of the United States and has voluntarily availed itself of this forum by choosing to bring claims against William Grant in this District.

## COUNTERCLAIM I

### Declaration of Lack of Trademark Rights—Abandonment
### (U.S. Reg. Nos. 865462, 1244735, and 1291454)

9.    This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

10.    If V/O-SPI continued to own the STOLICHNAYA Registrations after June 1991 and subsequently assigned the registrations to the Russian Federation as Plaintiffs claims, *see* D.I. 154, ¶¶ 2, 5, V/O-SPI and/or the Russian Federation abandoned all rights in and to the STOLICHNAYA Marks in this country years ago.

11.    V/O-SPI, the alleged trademark "owner," stopped supplying PepsiCo with vodka for sale in the United States under the STOLICHNAYA mark in or before June 1993.  At or before that same time, V/O-SPI also stopped corresponding with PepsiCo concerning the sale of STOLICHNAYA vodka here, including as related to product pricing, promotion, supply, marketing, and quality control issues.

12.    PepsiCo, however, continued to sell vodka under the STOLICHNAYA mark in the United States up through December 2000, using product supplied by sources other than V/O-SPI, and which sources were not affiliated with or subject to the control of V/O-SPI.  Throughout at least the period June 1993 to December 2000, PepsiCo did not consult with V/O-SPI as to any matters relating to the sale of STOLICHNAYA vodka, and instead consulted with third parties on decisions as related to the pricing, promotions, supply, marketing and quality of the goods, and on issues such as new product development and trademark protection.

13.    In January 2001, third party Allied Domecq Spirits & Wines USA, Inc. began distributing vodka under the STOLICHNAYA mark.  The vodka Allied Domecq

20

sold under the STOLICHNAYA name was supplied by sources other than V/O-SPI, and which sources were not affiliated with or subject to the control of V/O-SPI.  Throughout the period January 2001 to December 2008, Allied Domecq did not consult with V/O-SPI as to any matters relating to the sale of STOLICHNAYA vodka, and instead consulted with third parties on decisions as related to the pricing, promotions, supply, marketing and quality of the goods, and on issues such as new product development and trademark protection.

14.     V/O-SPI did not object to PepsiCo using the STOLICHNAYA mark to identify vodka that was supplied by sources that were not affiliated with or subject to the control of V/O-SPI.  Further, V/O-SPI did not object to PepsiCo making decisions as to the pricing, promotion, supply, marketing and quality of the goods sold under the STOLICHNAYA mark, or on issues such as new product development and trademark protection, without consulting V/O-SPI.

15.     Similarly, for almost four years (January 2001 through October 2004) V/O-SPI did not object to Allied Domecq using the STOLICHNAYA mark to identify vodka that was supplied by sources that were not affiliated with or subject to the control of V/O-SPI.  Further, V/O-SPI did not object to Allied Domecq making decision as to the pricing, promotion, supply, marketing and quality of the goods sold under the STOLICHNAYA mark, or on issues such as new product development and trademark protection, without consulting V/O-SPI.

16.     Since at least as early as July 1993, no party has used the STOLICHNAYA Marks in the United States to sell vodka that was supplied by, or manufactured subject to the quality control of, V/O-SPI, the supposed trademark "owner."  Likewise,

21

during that time no party who sold STOLICHNAYA vodka in the United States consulted with V/O-SPI (or the Russian Federation) as to the pricing, promotion, supply, marketing, or quality of the goods sold under the STOLICHNAYA mark, or on issues such as new product development and trademark protection.

17.    Thus, even if PepsiCo were considered the "licensee" of V/O-SPI as June 1991, V/O-SPI abandoned the STOLICHNAYA Marks immediately thereafter as result of its "naked licensing" of the marks to PepsiCo or, in the alternative, by no later than June 1993 based on its failure to exercise any control over the quality and nature of the goods sold by PepsiCo (and later Allied Domecq) under the marks, or over the way in which PepsiCo (and Allied Domecq) used the marks.

18.    Furthermore, any "use" by PepsiCo of the STOLICHNAYA marks during the period beginning at least as early as June 1993 cannot be considered to have inured to the benefit of V/O-SPI.  Similarly, the subsequent use by Allied Domecq and William Grant did not inure to V/O-SPI's benefit.  Indeed, Plaintiffs claim that the use by Allied Domecq and William Grant was "unauthorized."

19.    Thus, even if PepsiCo were considered the "licensee" of V/O-SPI as June 1991, V/O-SPI abandoned the STOLICHNAYA Marks by no later than January 2004 based on its failure to use the marks (either directly or through a licensee) in the United States since at least as early as January 2001.  *See* 15 U.S.C. § 1127 ("Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.")

20.    Despite the fact that V/O-SPI abandoned its rights in the STOLICHNAYA Marks in the United States by no later than June 1993 or January 2004, Plaintiffs are

22

asserting a claim for trademark infringement against William Grant under Section 32 of the Lanham Act [15 U.S.C. § 1114].  *See* D.I. 154, ¶¶ 60-61, 89-96.

21.   William Grant thus seeks a declaration from this Court that V/O-SPI abandoned its rights in the STOLICHNAYA Marks in the United States by executing a "naked license" in favor of PepsiCo; by failing to exercise any control over the quality or nature of the goods sold by PepsiCo (and later Allied Domecq), or over the way in which PepsiCo (and Allied Domecq) used the marks; and by failing to use the marks (either directly or through a licensee) in the United States.

22.   As a consequence of the above determination of abandonment, each of the STOLICHNAYA Registrations should also be cancelled (with an effective date of no later than January 2004) pursuant to 15 U.S.C. §§ 1064 and 1119.

## COUNTERCLAIM II

### Declaration of Invalidity of Trademark Registrations—Failure to Maintain
### (U.S. Reg. Nos. 865462, 1244735, and 1291454)

23.   This is a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

24.   If V/O-SPI continued to own the STOLICHNAYA Registrations after June 1991 and subsequently assigned the registrations to the Russian Federation as Plaintiffs claims, *see* D.I. 154, ¶¶ 2, 5, and if V/O-SPI did not abandon its rights in the STOLICHNAY Marks, *but see* supra, then each of the Registrations has expired.

25.   U.S. Trademark Reg. No. 865462 issued on February 25, 1969.  Under the terms of the Lanham Act then in effect, the registration was to remain in force for twenty years.   In February 1989, the registration was renewed under the

provisions of Section 9 of the Lanham Act for a second twenty-year term.  Thus, unless further renewed, it was to expire on February 25, 2009.

26. U.S. Trademark Reg. No. 1244735 issued on July 5, 1983.  Under the terms of the Lanham Act then in effect, the registration was to remain in force for twenty years.  Thus, unless renewed, it was to expire on July 5, 2003.

27. U.S. Trademark Reg. No. 1291454 issued on August 21, 1984.  Under the terms of the Lanham Act then in effect, the registration was to remain in force for twenty years.  Thus, unless renewed, it was to expire on August 21, 2004.

28. The version of Section 8 of the Lanham Act [15 U.S.C. § 1058] that controlled the maintenance of the STOLICHNAYA Registrations in advance of the expiration dates referenced above provided in pertinent part as follows (emphasis added):

> (a) Each registration shall remain in force for 10 years, except that the registration of any mark **shall be canceled** by the Director unless **the owner of the registration** files in the United States Patent and Trademark Office affidavits that meet the requirements of [15 U.S.C. § 1058(b)], within the following time periods:
>
> …
>
> (2) Within the 1-year period immediately preceding the expiration of 10 years following the date of registration, and each successive 10-year period following the date of registration.

*See* 15 U.S.C. § 1098(a).[1]

29. Plaintiffs allege that the "owner" of the STOLICHNAYA Registrations from 1991 to 2013 was either V/O-SPI or the Russian Federation.  *See* D.I. 154, ¶¶ 2, 5.

---

[1] As noted, *see* Paragraphs 11-13, *supra*, each of the STOLICHNAYA Registrations had a twenty–year term because each was issued or renewed before the effective date of the Trademark Revision Act of 1988. The text of Section 8 [15 U.S.C. § 1098] set forth above, however, applied to the filing of any maintenance documents after October 30, 1999 (the effective date of the Trademark Law Treaty Implementation Act of 1998), and thus applied during the one-year periods preceding the expiration of the registration terms.

30. Since June 1991, V/O-SPI has not filed with the U.S. Trademark Office any affidavits in support of the STOLICHNAYA Registrations, let alone any affidavits (or declarations) that would have met the requirements of 15 U.S.C. § 1058(b). In addition, since June 1991, V/O-SPI did not seek to renew any of the STOLICHNAYA Registrations in accordance with 15 U.S.C. § 1059.

31. Since June 1991, the Russian Federation has not filed with the U.S. Trademark Office any affidavits in support of the STOLICHNAYA Registrations, let alone any affidavits (or declarations) that would have met the requirements of 15 U.S.C. § 1058(b). In addition, since June 1991, the Russia Federation did not seek to renew any of the Registrations in accordance with 15 U.S.C. § 1059.

32. By operation of law, each of the STOLICHNAYA Registrations has therefore already expired. *See* 15 U.S.C. § 1058(a); 37 C.F.R. § 2.160; *see also, e.g., Land O' Lakes, Inc. v. Hugunin*, 88 U.S.P.Q.2d 1957, 1959 (TTAB 2008) (the date a registration is considered to have expired for failure to file a proper Declaration of Use is set by statute and "is not dependent on the date the Office [undertakes] the ministerial function of entering the cancellation into the USPTO database").

33. U.S. Trademark Reg. No. 865462 expired on **February 25, 2009**.

34. U.S. Trademark Reg. No. 1244735 expired on **July 5, 2003**.

35. U.S. Trademark Reg. No. 1291454 expired on **August 21, 2004.**

36. Despite the fact that the STOLICHNAYA Registrations have expired, Plaintiffs are asserting a claim for trademark infringement against William Grant under Section 32 of the Lanham Act [15 U.S.C. § 1114]. *See* D.I. 154, ¶¶ 60-61, 89-96.

37.    William Grant thus seeks a declaration from this Court that the STOLICHNAYA Registrations expired on the dates noted in Paragraphs 33-35 above based on the failure of the supposed "owner" of the Registrations at those times (alleged by Plaintiffs to be V/O-SPI or the Russian Federation) to maintain the Registrations in accordance with the provisions of Section 8 of the Lanham Act.

**FURTHER RELIEF**

William Grant respectfully prays that each prayer for relief sought by Plaintiffs be denied, that this Court enter judgment for William Grant and against Plaintiffs on all of the asserted claims and counterclaims, and that this Court further act as follows:

A.    Declare that V/O-SPI abandoned any rights in the STOLICHNAYA Marks in the United States by at least as early as June 1993 and by no later than January 2004;

B.    Order that U.S. Trademark Reg. No. 865462 be cancelled on the grounds of abandonment, or, in the alternative, declare that the registration expired on February 25, 2009;

C.    Order that U.S. Trademark Reg. No. 1244735 be cancelled on the grounds of abandonment, or, in the alternative, declare that the registration expired on expired on July 5, 2003;

D.    Order that U.S. Trademark Reg. No. 1291454 be cancelled on the grounds of abandonment, or, in the alternative, declare that the registration expired on August 21, 2004;

26

E.     Award to William Grant its costs of defending against the Complaint, together with reasonable attorneys' fees and costs as may be allowed by applicable law and/or the equity powers of this Court; and

F.     Award to William Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  October 17, 2016

*/s/ Edward T. Colbert*
Edward T. Colbert
William M. Merone
Erik C. Kane
ANDREWS KURTH KENYON LLP
1350 I Street, N.W.
Washington, DC  20005
Tel.: (202) 662 – 2700
Fax: (202) 662 – 2739

*Counsel for William Grant & Sons USA and*
*William Grant & Sons, Inc.*

27

## CERTIFICATE OF SERVICE

I, Edward T. Colbert, hereby certify that I filed the foregoing document, titled

*ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS*, on October 17, 2016 by

using the Court's Electronic Case Filing system, which will transmit electronic notification of

such filing to all counsel of record in this action.

/s/ Edward T. Colbert
*Counsel for Defendants,*
*William Grant & Sons USA and*
*William Grant & Sons, Inc.*