UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO
"MOSCOW DISTILLERY CRISTALL,"

|  | No. 14 Civ. 712 (SHS) |
|---|---|

Plaintiffs,

-against-

SPIRITS INTERNATIONAL B.V.,
FORMERLY KNOWN AS SPIRITS
INTERNATIONAL N.V.; SPI SPIRITS
LIMITED; SPI GROUP SA; YURI SHEFLER;
ALEXEY OLIYNIK; WILLIAM GRANT &
SONS USA;  WILLIAM GRANT & SONS,
INC.; STOLI GROUP (USA) LLC and ZHS IP
AMERICAS SARL,

Defendants.

---

WILLIAM GRANT & SONS USA;
WILLIAM GRANT & SONS, INC.

Counterclaim-Plaintiffs,

-against-

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT

Counterclaim-Defendant.

---

## ANSWER TO COUNTERCLAIMS

For its Answer to the Counterclaims filed by Defendants William Grant & Sons USA and

William Grant & Sons, Inc. (collectively "WGS"), Plaintiff Federal Treasury Enterprise

Sojuzplodoimport ("FTE") states and alleges by reference to the paragraph numbers of the

Counterclaim as follows:

## OVERVIEW

1.      The allegations in Paragraph 1 state legal conclusions to which no response is required.

2.      The allegations in Paragraph 2 state legal conclusions to which no response is required.

To the extent a response is required, FTE denies the allegations in Paragraph 2.

3.      The allegations in Paragraph 3 state legal conclusions to which no response is required.

To the extent a response is required, FTE denies the allegations in Paragraph 3.

## The Parties

4.      FTE admits the allegations in Paragraph 4.

5.      FTE admits the allegations in Paragraph 5.

6.      FTE admits the allegations in Paragraph 6.

## Jurisdiction and Venue

7.      The allegations in Paragraph 7 state legal conclusions to which no response is required.

8.      The allegations in Paragraph 8 state legal conclusions to which no response is required.

## COUNTERCLAIM I

### Declaration of Lack of Trademark Rights—Abandonment
### (U.S. Reg. Nos. 865462, 1244735, and 1291454)

9.      The allegations in Paragraph 9 state legal conclusions to which no response is required.

10.      The allegations in Paragraph 10 state legal conclusions to which no response is required.

To the extent a response is required, FTE denies the allegations in Paragraph 10.

11.      FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff before June 1993. FTE otherwise denies the allegations of Paragraph 11.

12.     FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff before June 1993.  FTE otherwise denies the allegations of Paragraph 12.

13.     FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff before June 1993. FTE otherwise denies the allegations of Paragraph 13.

14.     FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff before June 1993. FTE otherwise denies the allegations of Paragraph 14.

15.     FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff before June 1993. FTE otherwise denies the allegations of Paragraph 15.

16.     FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff before June 1993. FTE otherwise denies the allegations of Paragraph 16.

17.     The allegations of Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that PepsiCo was a licensee of V/O-SPI (and its legitimate successors-in-interest) and otherwise denies the allegations of Paragraph 17.

18.     The allegations of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations of Paragraph 18.

19.     The allegations of Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations of Paragraph 19.

20.     The allegations of Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that it is asserting a claim for trademark infringement against WGS under Section 32 of the Lanham Act, and otherwise denies the allegations of Paragraph 20.

21.     The allegations of Paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations of Paragraph 21.

22.     The allegations of Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations of Paragraph 22.

## COUNTERCLAIM II

### Declaration of Invalidity of Trademark Registrations—Failure to Maintain
### (U.S. Reg. Nos. 865462, 1244735, and 1291454)

23.     The allegations of Paragraph 23 state legal conclusions to which no response is required.

24.     FTE denies the allegations in Paragraph 24.

25.     The allegations of Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that U.S. Trademark Reg. No. 865462 issued on February 25, 1969 and otherwise denies the allegations in Paragraph 25.

26.     The allegations of Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that U.S. Trademark Reg. No. 1244735 issued on July 5, 1983 and otherwise denies the allegations in Paragraph 26.

27.     The allegations of Paragraph 27 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that U.S. Trademark Reg. No. 1291454 issued on August 21, 1984 and otherwise denies the allegations in Paragraph 27.

28.     The allegations of Paragraph 28 and footnote 1 state legal conclusions to which no response is required.

4

29.     The allegations of Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that Plaintiffs allege FTE and its predecessors in interest are and always have been the rightful owner of the STOLICHNAYA trademarks.

30.     The allegations of Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff, and that VAO-SPI and its successors-in-interest purported to act as V/O-SPI's successors. FTE denies that U.S. Trademark Registration Nos. 865,462, 1,244,735, or 1,291,454 are expired or invalid, and otherwise denies the allegations of Paragraph 30.

31.     The allegations of Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that the operations and assets of V/O-SPI (and its legitimate successors-in-interest) were illegally seized by its directors and staff, and that V/O-SPI (and its legitimate successors-in-interest) did not thereafter make filings or applications with the U.S. Trademark Office for U.S. Trademark Registration Nos. 865,462, 1,244,735, or 1,291,454.  FTE denies that U.S. Trademark Registration Nos. 865,462, 1,244,735, or 1,291,454 are expired or invalid and otherwise denies the allegations of Paragraph 31.

32.     The allegations of Paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations in Paragraph 32.

33.     The allegations of Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations in Paragraph 33.

34.     The allegations of Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations in Paragraph 34.

35.     The allegations of Paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, FTE denies the allegations in Paragraph 35.

36.     The allegations of Paragraph 36 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that Plaintiffs are asserting a claim for trademark infringement against WGS under Section 32 of the Lanham Act and otherwise denies the allegations of Paragraph 36.

37.     The allegations of Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, FTE admits that WGS has asserted counterclaims pursuant to the Declaratory Judgment Act and denies the remaining allegations in Paragraph 37.

## FURTHER RELIEF

FTE denies that WGS is entitled to any relief or remedies.

## AFFIRMATIVE DEFENSES

FTE asserts the following defenses in response to the Counterclaims.  FTE does not assume the burden of proof or persuasion on any matter that would otherwise rest with WGS and FTE denies all alleged wrongdoing.  FTE reserves the right to assert additional affirmative defenses that may become apparent during discovery.  FTE also reserves the right to amend this answer and affirmative defenses as it obtains more information during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

WGS's claims fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

WGS's claims are barred by the doctrine of unintentional abandonment.

## THIRD AFFIRMATIVE DEFENSE

WGS's claims are barred by the doctrine of excusable nonuse.

6

## FOURTH AFFIRMATIVE DEFENSE

WGS's claims are barred because use of the STOLICHNAYA Marks in the U.S. inured to the benefit of FTE.

## FIFTH AFFIRMATIVE DEFENSE

WGS's claims are barred because the STOLICHNAYA Marks retained their significance in the U.S.

## SIXTH AFFIRMATIVE DEFENSE

WGS's claims are barred because FTE is the rightful owner of the STOLICHNAYA Marks and the Trademark Register may be rectified to reflect FTE's ownership.

## SEVENTH AFFIRMATIVE DEFENSE

WGS's claims are barred because no notices of deficiency have been issued or filed.

## EIGHTH AFFIRMATIVE DEFENSE

WGS's claims are barred by the doctrine of unclean hands.

## RESERVATION OF ADDITIONAL DEFENSES

FTE specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend its Answer and assert such defenses.

Dated: New York, New York
November 3, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
Robert L. Raskopf
Marc Greenwald
Jessica A. Rose
Guyon H. Knight

7

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Fax: (212) 849-7400
robertraskopf@quinnemanuel.com
marcgreenwald@quinnemanuel.com
jessicarose@quinnemanuel.com
guyonknight@quinnemanuel.com

Attorneys for Plaintiffs
Federal Treasury Enterprise
Sojuzplodoimport "FTE" and OAO
"Moscow Distillery Cristall"

and

Daniel H. Bromberg

QUINN EMANUEL
URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Fax: (650) 801-5100
danbromberg@quinnemanuel.com