UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/17
```

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO "MOSCOW
DISTILLERY CRISTALL,"

Plaintiffs,

v.

SPIRITS INTERNATIONAL B.V., SPI SPIRITS
LIMITED, SPI GROUP SA, STOLI GROUP (USA)
LLC, YURI SHEFLER, ALEXEY OLIYNIK,
WILLIAM GRANT & SONS USA, and WILLIAM
GRANT & SONS, INC.,

Defendants.

Civil Action No. 1:14-CV-00712 (SHS)

ECF CASE

[PROPOSED] SECOND AMENDED
PROTECTIVE ORDER

WHEREAS, each of the parties to the above-captioned action (the "Action"), Federal Treasury Enterprise Sojuzplodoimport and OAO "Moscow Distillery Cristall" (collectively, "Plaintiffs"), Spirits International B.V., SPI Spirits Limited, SPI Group SA, STOLI Group (USA) LLC, Yuri Shefler, and Alexey Oliynik (collectively, "SPI Defendants"), and William Grant & Sons USA and William Grant & Sons, Inc. (collectively, "William Grant"), may seek discovery of documents, information, or other materials that may contain or relate to confidential, proprietary, or trade secret information of another party or of a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action on consent of the parties:

**A.    Confidential, Highly Confidential and Personally Identifying Information**

1.    "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which contains non-public, confidential, or

proprietary information, whether personal or business-related, or the substance or content of such Discovery Material, including any notes, memoranda, summaries, records, or other such documents. Certain limited types of "Confidential Information" may be further designated as "Highly Confidential Information."

2. The "Highly Confidential Information" designation shall be reserved for Confidential Information that constitutes, reflects, or concerns information, the disclosure of which the party making the confidentiality designations on Discovery Materials ("the Designating Party") in good faith deems to constitute or refer to competitively sensitive commercial information, such as trade secrets, future products, current or future business plans or historical sales information.

3. "Personally Identifying Information" shall mean information that the Designating Party in good faith believes is likely to cause personal harm to the named individual if disclosed.

    a. The parties may redact Personally Identifying Information from Discovery Materials, provided that U.S. counsel of record for the Receiving Party is provided with a complete unredacted set of those materials for its internal use only. These unredacted materials cannot be disclosed by U.S. counsel of record for Receiving Party to anyone, including but not limited to, the Receiving Party or any experts, and must be retained at the offices of the U.S. counsel of record for the Receiving Party.

4. The designation of all Confidential, Highly Confidential (collectively, "Designated Information") or Personally Identifying Information shall be made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order.

5.  An inadvertent failure to designate qualified information or items as Confidential, Highly Confidential or Personally Identifying Information does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon discovery of the inadvertent failure to designate, the Designating Party must advise the Receiving Party of the fact that the information should have been designated Confidential, Highly Confidential or Personally Identifying Information. For Designated Information or Personally Identifying Information in documentary form, within a reasonable period of time after discovery of the inadvertent failure to designate, the Designating Party must make a replacement production of the Discovery Material that bears the appropriate designation. Upon receiving such notice and replacement production, the Receiving Party, unless challenging the designation, must make reasonable efforts to assure that the Designated Information or Personally Identifying Information is treated in accordance with the provisions of this Protective Order. During the pendency of any challenge to the designation, the Receiving Party must treat the Designated Information or Personally Identifying Information pursuant to the revised designation of the Designating Party until otherwise ordered by the Court.

**B.  Procedure for the Designation of Confidential, Highly Confidential Information and Personally Identifying Information**

6.  Designation in conformity with this Order requires:

    a.  <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "PERSONALLY IDENTIFYING" at the bottom of each page that contains protected material.

    b.  <u>For information made available for inspection</u>, a party that makes original documents or materials available for inspection need not designate them for protection until after

the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential. After the inspecting party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Designating Party must affix the appropriate legend at the bottom of each page that contains Confidential, Highly Confidential Information or Personally Identifying Information.

      c.    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, counsel for the Designating Party or the deponent may designate portions of the transcript (including exhibits) as containing Confidential, Highly Confidential or Personally Identifying Information by either (i) identifying such portions on the record or (ii) serving on all parties a written communication (including without limitation a written communication by letter or electronic mail) making that identification within 30 days of receiving a copy of the final deposition transcript from the court reporter (the "Review Period"). Prior to the Review Period, all transcripts (including, but not limited to, rough and real-time transcripts) and exhibits (collectively, the "Deposition Record") shall be treated as containing Highly Confidential Information under this Protective Order, except that transcripts containing Personally Identifying Information may not be shared with anyone other than the parties' U.S. counsel unless the Personally Identifying Information is redacted. Notwithstanding the foregoing, the deponent may review the transcript at any time. A Party shall have the right to change any prior designations of the Deposition Record during the Review Period. During the Review Period, the Deposition Record shall be treated as Confidential Information under this Order, except that any portions of the Deposition Record designated as containing Highly Confidential Information

under this Order shall be treated as Highly Confidential under this order from the moment of designation, and that any portions of the Deposition Record designated as containing Personally Identifying Information under this order shall be treated as Personally Identifying Information under this order from the moment of designation. At the close of the Review Period, all then-current designations made on the record or by written communication shall control, subject to a Party's right to contest them as provided herein. In addition, the applicable confidentiality designation shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential, Highly Confidential Information or Personally Identifying Information, together with a legend stating, "Designated parts not to be used, copied, or disclosed except as authorized by Court Order." The applicable confidentiality designation also shall be placed on each page of the transcript that contains such Confidential, Highly Confidential Information or Personally Identifying Information. If all or part of a videotaped deposition is designated as Confidential, Highly Confidential Information or as containing Personally Identifying Information, the videocassette, videotape container, DVD, or other storage device shall also be labeled with the applicable confidentiality designation.

    d. <u>For information produced in some form other than documentary, and for any other tangible items</u>, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend Confidential, Highly Confidential or as containing Personally Identifying Information. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as Confidential, Highly Confidential or Personally Identifying Information.

## C. Access to Confidential and Highly Confidential Information

7. Subject to paragraphs 9 and 10 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order are:

   a. Counsel of record for the parties to this litigation, including supporting personnel employed by counsel of record and whose duties and responsibilities require access to such materials, such as paralegals, translators, legal secretaries, and legal clerks; contract attorneys retained in connection with this Action; and independent translators retained to translate in connection with this Action;

   b. For each party, five named in-house counsel;

   c. For each party, three named representatives, other than in-house attorneys;

   d. Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation or any direct competitor of any party to this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   e. Outside document copying services, document coding or computerization services, other retained vendors, court reporters, graphics consultants, jury consultants, and mock jurors for the parties who are not current employees of any party to this litigation or any direct competitor of any party to this litigation, on the condition that all of these Qualified Persons be located in the United States;

   f. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

   g. An author, signatory, or listed prior recipient of the document.

  h. The question of whether actual or likely prior recipients of a document may access a document designated as Confidential will be determined by the Discovery Master or the Court at a later date.

  8. Subject to paragraphs 9 and 10 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Highly Confidential Information" under this Protective Order are:

  a. Counsel of record for the parties to this litigation, including supporting personnel employed by counsel of record and whose duties and responsibilities require access to such materials, such as paralegals, translators, legal secretaries and legal clerks; contract attorneys retained in connection with this Action; and independent translators retained to translate in connection with this Action;

  b. The in-house counsel described in paragraph 7(b) provided that (1) disclosure is reasonably necessary for this Action and (2) in-house counsel may only access the information via a secure server, located in the United States, that permits viewing, but not printing or downloading of the documents. No screenshots or photographs of the screen may be taken. Plaintiffs and the SPI Defendants shall select a third-party vendor to provide such secure server and shall share the costs of setting up and maintaining such server.

  c. Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation or any direct competitor of any party to this litigation.

  d. Outside document copying services, document coding or computerization services, other retained vendors, court reporters, graphics consultants, jury consultants, and mock

jurors for the parties who are not current employees of any party to this litigation or any direct competitor of any party to this litigation, on the condition that all of these Qualified Persons be located in the United States;

  e. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

  f. An author, signatory, or listed prior recipient of the document.

  g. The question of whether actual or likely prior recipients of a document may access a document designated as Highly Confidential will be determined by the Discovery Master or the Court at a later date.

**D. Access by In-House Counsel and Identified Representatives**

9. Qualified Persons defined in paragraphs 7(b) and 7(c) shall be allowed access to Confidential and Highly Confidential Information only after counsel for the party seeking to allow access complies with the following procedure:

  a. Before access is given, counsel shall first obtain a signed Agreement to be Bound from each such Qualified Persons in the form of Exhibit A attached hereto, and counsel shall retain the original (or an electronic copy) of each such signed Agreement To Be Bound.

  b. The Receiving Party must then serve notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) any previous or current relationship (personal or professional) with any of the Parties; and (d) a copy of the Agreement to be Bound. No Confidential or Highly Confidential Information shall be disclosed to such Qualified Persons until after the expiration of a ten (10) business day period commencing with the service of notice. If a Designating Party objects to the intended disclosure within ten (10) business days of receipt of a notice of intent to disclosure, the

Designating Party's information designated as Confidential or Highly Confidential Information shall not be disclosed until such objection is resolved.

        c.      A Designating Party's objection to the disclosure of Confidential or Highly Confidential Information must be made for good cause and the Designating Party must state with particularity the reasons for the objection in writing and served on all parties to the action within the 10 business day period. The parties shall confer to attempt to resolve the dispute within five (5) business days from the date of the objection. If the parties cannot resolve the dispute, the party seeking the disclosers shall submit, within seven (7) business days of receiving the objection, a letter to the Discovery Master or to the Court. The party opposing the disclosure shall respond within five (5) business days. To prevent disclosure, the Designating Party must show that the particular person creates such a significant risk that disclosure should be prohibited.

### E.  Access by Independent Consultants or Experts

      10.    Qualified Persons defined in paragraphs 8(c) shall be allowed access to Highly Confidential Information only after counsel for the party seeking to allow access complies with the following procedure:

        a.      Before access is given, counsel shall first obtain a signed Agreement to be Bound from each such Qualified Persons in the form of Exhibit A attached hereto, and counsel shall retain the original (or an electronic copy) of each such signed Agreement To Be Bound.

        b.      The Receiving Party must then serve notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's *curriculum vitae*; (e) any previous or current relationship (personal or professional) with any of the Parties; (f) list of other cases in which the individual has testified (at trial or deposition) in the last six years; and (g) a copy of

the Agreement to be Bound. No Highly Confidential Information shall be disclosed to such Qualified Persons until after the expiration of a ten (10) business day period commencing with the service of notice. If a Designating Party objects to the intended disclosure within 10 (ten) business days of receipt of a notice of intent to disclosure, the Designating Party's information designated as Highly Confidential Information shall not be disclosed until such objection is resolved.

        c.      A Designating Party's objection to the disclosure of Highly Confidential Information must be made for good cause and the Designating Party must state with particularity the reasons for the objection in writing and served on all parties to the action within the 10 business day period. The parties shall confer to attempt to resolve the dispute within five (5) business days from the date of the objection. If the parties cannot resolve the dispute, the party seeking the disclosure shall submit, within seven (7) business days of receiving the objection, a letter to the Discovery Master. The party opposing the disclosure shall respond within five (5) business days. To prevent disclosure, the Designating Party must show that the particular person creates such a significant risk that disclosure should be prohibited.

**F.**    **Use of Designated Information**

      11.    Designated Information and the substance or content thereof, including any notes, memoranda, summaries, records, or other similar documents relating thereto, shall be used solely for the purpose of this Action and any appeals therefrom, and shall not be made available, disclosed, or summarized to any persons, other than as permitted by paragraphs 7-8 of this Protective Order. Designated Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

      12.    When Confidential, Highly Confidential or Personally Identifying Information is discussed, quoted, or referred to in any deposition, the Disclosing Party shall ensure that only

persons permitted by paragraphs 7-8 of this Protective Order to have access to such Confidential or Highly Confidential Information are present.

13. The use of any Designated Information or Personally Identifying Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

### G. Filing Designated Information or Personally Identifying Information

14. Any pleading, paper, or other document filed in this action that contains or discloses Designated Information or Personally Identifying Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings that contain Designated Information or Personally Identifying Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL – SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL, HIGHLY CONFIDENTIAL OR PERSONALLY IDENTIFYING MATERIAL." The filing party shall, if necessary, file an appropriate motion to seal the pleading containing the Designated Information or Personally Identifying Information.

### H. Challenging Confidentiality Designations

15. Neither the signing of this Protective Order nor the failure of a party, at the time it receives Designated Information or Personally Identifying Information, to challenge or object to the Confidential, Highly Confidential Information or Personally Identifying designations shall be deemed a waiver of the Receiving Party's right to challenge or object to the Confidential, Highly Confidential or Personally Identifying Information designations at any later time.

16. Any party may at any time challenge the designation of any Discovery Materials as Confidential, Highly Confidential or Personally Identifying Information and may request permission to use or disclose information with Confidential, Highly Confidential or Personally

Identifying designations other than as permitted under this Protective Order, pursuant to this paragraph by serving, by email, a written request upon counsel for the Designating Party. The Designating Party shall thereafter respond to the request in writing within five (5) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If the Designating Party provides a response, the parties shall confer to attempt to resolve the dispute within five (5) business days from the date of the response. If the parties cannot resolve the dispute, the party challenging the designation shall submit, within seven (7) business days of the Designating Party's response, a letter to the Discovery Master pursuant to Section 2.G of the Court's Individual Practices. The Designating Party shall respond within five (5) business days. Until the Discovery Master rules on the challenge (and after exhaustion of the objection period to seek review by the Court), all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In any challenge to a designation, the Designating Party shall have the burden of proof to establish good cause for designating the document.

I.  **Designated Information or Personally Identifying Information Subpoenaed or Ordered Produced in Another Proceeding**

17. If a Receiving Party is served with a U.S. subpoena or a U.S. court order that would compel disclosure of any information, documents or things designated in this Action as Confidential, Highly Confidential or Personally Identifying Information, the Receiving Party must so notify the Designating Party by email promptly, and in no event more than 5 business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must promptly inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of

this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

### J.    No Waiver of Privilege

18.    Any inadvertent production of documents or other information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged or protected by attorney-client privilege, work product immunity, or any other applicable privilege or immunity, provided that the Designating Party notifies the Receiving Party promptly upon discovery of such inadvertent production.

a.    If the Designating Party discovers that documents or other information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity, has been inadvertently produced, it shall promptly notify the Receiving Party in writing. The Receiving Party shall (a) within five (5) business days, return or destroy the original produced documents or other information and all electronic and hard copies thereof, and confirm to the Designating Party that it has done so; and (b) not review, use, or disclose the document or other information until the privilege or protection claim has been resolved in a manner that permits such use or disclosure. Additionally, if before receiving notice from the Designating Party of a claim of privilege or protection under this Section, the Receiving Party disclosed the specified documents or other information covered by the notice, the Receiving Party must promptly take reasonable steps to retrieve those documents or other information.

b.    If a Receiving Party discovers that a document or other information produced by the Designating Party appears to be subject to a legally recognizable privilege, the

Receiving Party shall (a) immediately notify the Designating Party in writing that it has discovered privileged or apparently privileged or protected documents or other information, with such documents or other information specifically identified by unique identifier; (b) within five (5) business days of notification by the Designating Party of a claim of privilege or protection over the document or other information, destroy all electronic or hard copies thereof and confirm to the Designating Party that it has done so; and (c) not use or disclose the specified document or other information until the privilege or protection claim has been resolved in a manner that permits such use or disclosure.

      c.      The Designating Party shall promptly provide an updated privilege log for the documents pursuant to Fed. R. Civ. P. 26(b)(5)(a) and Local Rule 26.2.

      d.      Nothing herein shall waive or otherwise abrogate the Receiving Party's right to challenge the Designating Party's claim that the inadvertently produced documents are privileged or protected, and to retain one copy of any such documents solely for the purpose of challenging privilege, provided that any challenge is based on information independent of the content of the allegedly privileged materials in question. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose other than litigating the claim of privilege until the matter is resolved in a manner that permits such use or disclosure.

### K. Final Disposition

19. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order after the conclusion of this Action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of Discovery Material designated Confidential or Highly Confidential, or as

containing Personally Identifying Information shall be returned to the party that produced the Discovery Material within forty-five days (45) days after a final judgment herein or settlement of this Action, or destroyed in that time frame, except that outside counsel for each party in this Action and in-house counsel for the parties may maintain in their files one copy of each pleading filed with the Court, each propounding discovery request with its corresponding response, each deposition together with the exhibits marked at the deposition and documents constituting work product that were internally generated based upon or which include Designated Information or Personally Identifying Information. Such Designated Information or Personally Identifying Information shall remain subject to this Protective Order. Nothing in this Protective Order shall require outside counsel or in-house counsel to purge or destroy any of its own electronic files or computerized material, including Designated Information or Personally Identifying Information. If Designated Information or Personally Identifying Information has been provided to any third party, including, but not limited to vendors, consultants and expert witnesses, the parties shall recover such materials and return them to the producing party or destroy them. No later than sixty (60) days after the final judgment herein or settlement of this Action, each party shall certify under penalty of perjury that all copies of Designated Information or Personally Identifying Information have been returned or destroyed. Such certification shall be substantially in the form attached hereto as Exhibit B ("Compliance Certificate"). A completed Compliance Certificate shall be served on the other parties no later than sixty-one (61) days after the final judgment herein or settlement of this Action. The parties acknowledge that non-parties who are deposed in this Action may be provided with transcripts and videos of their depositions. The parties are not obligated to attempt to obtain from such non-parties, or cause such non-parties to destroy, the transcripts or videos of their depositions.

### L.    Miscellaneous Provisions

20. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court.

21. Any person in possession of Designated Information or Personally Identifying Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Designated Information or Personally Identifying Information in order to ensure that the confidential nature of the same is maintained.

22. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Information or Personally Identifying Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must within two (2) business days notify in writing the Designating Party of the unauthorized disclosures. Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its best efforts to retrieve all copies of the Discovery Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons to execute the Agreement To Be Bound from each such Qualified Person, in the form of Exhibit A attached hereto.

23. Discovery Material produced by third parties may be designated by them as Confidential, Highly Confidential or Personally Identifying Information pursuant to the terms of this Protective Order and, when so designated, shall be treated by the parties in conformance with this Protective Order.

24. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential, Highly Confidential or Personally Identifying Information. The fact that information is marked with a

confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be admissible, confidential or proprietary or a trade secret.

25. Confidentiality designations shall be removed from any documents before they are shown as trial exhibits to a jury.

26. Nothing in this Protective Order shall restrict a party's ability to use and disclose its own designated materials as it chooses. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or non-parties to disclose such materials in violation of this Protective Order.

27. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

28. This Protective Order may be modified for good cause shown.

SO ORDERED: April 10, 2017

_____
SIDNEY H. STEIN
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TREASURY ENTERPRISE SOJUZPLODOIMPORT and OAO "MOSCOW DISTILLERY CRISTALL,"<br><br>Plaintiffs,<br><br>v.<br><br>SPIRITS INTERNATIONAL B.V., SPI SPIRITS LIMITED, SPI GROUP SA, STOLI GROUP (USA) LLC, YURI SHEFLER, ALEXEY OLIYNIK, WILLIAM GRANT & SONS USA, and WILLIAM GRANT & SONS, INC.,<br><br>Defendants. | Civil Action No. 1:14-CV-00712 (SHS)<br><br>ECF CASE<br><br>**CONSENT TO BE BOUND BY PROTECTIVE ORDER** |

1. I, _____ [print or type name], state that my business address is _____.

2. I have reviewed the Protective Order (the "Order") entered by the United States District Court for the Southern District of New York (the "District Court") in the above-captioned action (the "Action"), and understand the terms of the Order.

3. I agree to keep confidential all information provided to me in this Action, in accordance with the restrictions in the Order, and to be subject to the authority of the Court in the event of any violation or dispute related to this Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____   Signature: _____

Name: _____

## EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TREASURY ENTERPRISE SOJUZPLODOIMPORT and OAO "MOSCOW DISTILLERY CRISTALL,"<br><br>Plaintiffs,<br><br>v.<br><br>SPIRITS INTERNATIONAL B.V., SPI SPIRITS LIMITED, SPI GROUP SA, STOLI GROUP (USA) LLC, YURI SHEFLER, ALEXEY OLIYNIK, WILLIAM GRANT & SONS USA, and WILLIAM GRANT & SONS, INC.,<br><br>Defendants. | Civil Action No. 1:14-CV-00712 (SHS)<br><br>ECF CASE<br><br>**COMPLIANCE CERTIFICATE** |

    1.    I, _____, hereby certify compliance with Section 19 of the Protective Order in this Action.

    2.    Pursuant to Section 19 of the Protective Order, I have instructed all persons who have received Designated Information or Personally Identifying Information (as defined in the Protective Order) to return to the producing party or destroy all Designated Information and Personally Identifying Information, and I am informed and believe that my instructions have been followed.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____    Signature: _____

                                                                                        Name: _____