| | |
|---|---|
| FEDERAL TREASURY ENTERPRISE SOJUZPLODOIMPORT, and OAO "MOSCOW DISTILLERY CRISTALL,"<br><br>     *Plaintiffs*,<br><br>    v.<br><br>SPIRITS INTERNATONAL B.V. FORMERLY KNOWN AS SPIRITS INTERNATIONAL N.V.; SPI SPIRITS LIMITED; SPI GROUP SA; YURI SHEFLER; ALEXEY OLIYNIK; WILLIAM GRANT & SONS USA; WILLIAM GRANT & SONS, INC.; STOLI GROUP (USA) LLC; and ZHS IP AMERICAS SARL,<br><br>     *Defendants*. | Case No. 14-cv-712 (SHS)<br><br>**Jury Trial Demanded** |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>WILLIAM GRANT DEFENDANTS' MOTION TO COMPEL AND TO STAY</u>**

Defendants, William Grant & Sons USA, and William Grant & Sons, Inc. (collectively, the "William Grant Defendants"), by and through their undersigned counsel, submit the instant memorandum of law in support of their motion to: (i) compel Plaintiff Federal Treasury Enterprise Sojuzplodoimport ("FTE") to obtain and produce documents and things within the possession, custody, and control of the Russian Federation that are responsive to WGS' document requests, and (ii) stay this proceeding pending the disposition of WGS' motion to compel.

## I.  Preliminary Statement

WGS brings this motion to compel FTE to collect and produce documents from the Russian Federation that are central to this dispute, namely: 1) who owned the STOLICHNAYA trademarks-in-suit, and 2) whether the Russian Federation acted as the owner of the trademarks-in-suit consistent with their legal position in this case.

Fatal to the Russian Federation and FTE's claim of ownership is that their predecessor in the former Soviet Union assigned the U.S. registrations covering the STOLICHNAYA marks to PepsiCo, and abandoned any rights in the STOLICHNAYA marks *years* before 2000.  Tellingly, FTE refuses to produce Russian Federation documents concerning trademark ownership, control, or abandonment in response to WGS' duly propounded document requests.

Moreover, although FTE apparently regularly communicates with the Russian Federation about documents concerning the STOLICHNAYA trademarks, it seeks to avoid producing any responsive documents by claiming such documents are outside FTE's custody and control.  Put simply, the Discovery Master should not tolerate FTE's obstructionist litigation tactics.  Indeed, FTE is but an arm of the Russian Federation and should not be able to shield such ownership documents while offensively seeking to claim ownership in this case.

In sum, if FTE had responded to WGS' document requests by stating that they looked, and represented that no documents exist reflecting Russian Federation ownership of the STOLICHNAYA marks, or any evidence that it exercised control over the marks in the U.S., that would have been an adequate response.  FTE chose instead to avoid that obligation. Accordingly, WGS has no choice but to bring this motion to compel.

## II. Factual Background

### A. FTE's Claims Against WGS

FTE alleges that V/O-SPI (by change of name to VVO-SPI and collectively referred to hereinafter as "VVO-SPI") were "Soviet state enterprise[s]" that allegedly supervised the production of STOLI-brand vodka in Russia, and licensed the STOLI marks in the United States. D.I. 154 at ¶ 2. FTE further alleges that VVO-SPI transferred its alleged rights in the STOLICHNAYA trademarks to the Russian Federation and subsequently to FTE. D.I. 154 at ¶ 5. Based on this alleged chain of title, FTE asserts it has standing to bring claims against the WGS defendants. *Id*. at ¶ 87-8.

### B. WGS' Defenses and Counterclaims

WGS denies FTE's allegations on the grounds that, *inter alia*, FTE "lack[s] standing to bring the asserted causes of action." D.I. 166 at ¶ 20. As discussed in WGS' Answer and Counterclaims to the Amended Complaint, the U.S. Patent and Trademark Office's ("PTO") records establish that VVO-SPI assigned U.S. Trademark Reg. No. 865462 (and others) for the STOLICHNAYA mark to PepsiCo on June 19, 1991. *See* D.I. 166 at ¶ 2. PepsiCo assigned the registrations (and marks) to Allied Domecq in January 2001, which in turn assigned the registrations (and marks) to SPI in July 2008. *See id*.

WGS also asserts two counterclaims in this action. The first counterclaim seeks a declaration that, even if VVO-SPI were found not to have assigned the registrations (and marks) to PepsiCo (but it did), then "V/O-SPI and/or the Russian Federation [subsequently] abandoned all rights in and to the STOLICHNAYA Marks in [the United States." D.I. 166 at 20, ¶ 10. The second counterclaim seeks a declaration of invalidity of the U.S. Trademark Registration Nos.

865462, 1244735, and 1291454 (which cover the STOLI marks-in-suit) on the ground that such registrations – if owned by the Russian Federation - expired. *See, e.g. id.* at ¶ 24.

### C.  FTE's Obstructive Litigation Conduct

#### 1.  WGS Document Requests on FTE

WGS has duly propounded 51 document requests on FTE.  *See* Kane Decl. at Exhs. 2-4. WGS' requests seek documents and things concerning, *inter alia*, FTE's standing, and VVO-SPI and/or the Russian Federation's abandonment of the STOLICHNAYA marks before FTE allegedly acquired the relevant registrations for the marks.  *See generally id.*

For example, Request No. 21 seeks:

> "[a]ll documents concerning the Russian Federation's alleged rights in each STOLICHNAYA Trademark, including, but not limited to:
> The Russian Federation's acquisition of any ownership interest in each STOLICHNAYA Trademark;
>
> All documents the Russian Federation filed with the PTO to register, renew, or otherwise maintain each STOLICHNAYA Trademark; and
> The Russian Federation's enforcement of any purported right in any STOLICHNAYA Trademark in the United States, including, but not limited to, demand letters, court actions, or administrative proceedings."

Kane Decl. at Exh. 3; *see also id* at Request No. 48 (*same*).

Taking another example, Request No. 23 seeks "[a]ll documents concerning any assignment of any STOLICHNAYA Trademark from VVO-SPI, on the one hand, to the Russian Federation, on the other hand […]."  Kane Decl. at Exh. 3.  As another example, Request No. 24 seeks "[a]ll documents concerning any assignment of any STOLICHNAYA Trademark from the Russian Federation, on the one hand, to FTE, on the other hand […]." *Id.*

#### 2.  FTE Fails to "Facilitate" the Russian Federation's Document Production

FTE asserted boilerplate objections to WGS' document requests, asserting *inter alia*: (i) the requested documents were allegedly irrelevant; (ii) the requested documents were

4

allegedly not within FTE's possession, custody, or control; and (iii) it would allegedly be unduly burdensome for FTE search for, and produce, the requested documents. *See generally* Kane Decl. at Exhs. 5-7.

Ostensibly remembering its July 28, 2016, agreement to "facilitate" the Russian Federation's document production[1], FTE has produced documents from the Russian Federation on seven occasions. *See* Kane Decl. at Exhs. 8-14. As discussed *infra*, however, none of these documents respond to WGS' requests concerning*, inter alia*, FTE's alleged standing, or VVO-SPI and/or the Russian Federation's abandonment of the STOLI marks before FTE allegedly acquired them.

### III. Legal Standard: Fed. R. Civ. P. 37

Fed. R. Civ. P. 37 provides, in pertinent part, that:

"[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: […] a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." FRCP 37(a)(3)(B)(iv).

### IV. Analysis

To the extent FTE reasserts its above-referenced objections to producing the Russian Federation's documents in response to WGS' motion to compel, the Discovery Master should reject them out of hand.

#### A. WGS' Document Requests Seek Relevant Information

As a threshold matter, WGS' document requests seek relevant information.

---

[1] On July 18, 2016, FTE's counsel wrote to WGS' counsel, claiming that it did not "represent the Russian Federation, and thus can only agree to produce documents in the possession, custody, or control of FTE. Our client does not, as you suggest, have 'access to documents maintained by Russia.'" Kane Decl. at Exh. 1. Nonetheless, FTE's counsel stated that FTE "would agree to facilitate the production of documents from the Russian Federation by making formal requests for specific document categories to the appropriate government ministries and/or agencies." *Id.*

Rule 26(b)(1) governs the scope of discovery. Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged mater that is relevant to any party's claim or defense and proportional to the needs of the case […]." This is a broad standard. Indeed, as the Discovery Master held on May 22, 2017, "it is well-settled … that any possibility that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(1)'s requirements." D.I. 203 at 6 (internal citations omitted). Accordingly, [w]here the withholding party fails to carry [its] burden with respect to particular documents, the Court may order their production." *Id*.

Here, WGS' document requests seek information relevant to whether VVO-SPI and/or the Russian Federation abandoned the STOLICHNAYA marks before FTE allegedly acquired the relevant registrations. FTE cannot dispute that these requests are relevant to WGS' defenses and counterclaims, and FTE's claims.

### 1. WGS' Document Requests Seek Information Relevant to its Defenses

FTE is suing WGS for trademark infringement under 15 U.S.C. § 1114(1). *See* D.I. 154. Only the "registrant" of a mark (which includes "the actual registrant's legal representatives, predecessors, successors, and assigns") "ha[s] 'statutory standing' to bring an action under" § 1114(1). *FTE v. SPI, et al.*, 726 F.3d 62, 72 (2d Cir. 2013) (referencing 15 U.S.C. § 1127).

Here, as discussed *supra*, WGS contends that, if FTE's latest theory is accepted, then VVO-SPI and/or the Russian Federation abandoned any rights it may have had in the STOLICHNAYA marks as a matter of law *before* assigning the applicable registrations to FTE. As such, FTE could not be a "registrant" of the STOLI-marks-in-suit.

WGS' discovery requests seek information relevant to its defense that FTE lacks standing, because it either never owned the registration or such mark was abandoned by the Russian Federation and its predecessors. For example, in Request Nos. 11, 21, and 25, respectively, WGS seeks documents concerning VVO-SPI and the Russian Federation's alleged acquisition, maintenance, and enforcement of rights in the STOLICHNAYA marks-in-suit. Documents responsive to these requests would establish whether VVO-SPI and the Russian Federation, *or a third party*, acted in a manner consistent with a trademark owner in the United States (*e.g.*, filing maintenance documents with the PTO; enforcing exclusive rights in the marks, sending protest letters to third parties; etc.)[2]. Nonetheless, FTE has neither produced responsive documents from itself nor from the Russian Federation, and has not stated on the record that no such documents exist. *See discussion infra*.

**2. WGS' Document Requests Seek Information Relevant to its Counterclaims**

WGS' first counterclaim seeks a declaration of abandonment pursuant to 15 U.S.C. § 1064. *See* 15 U.S.C. § 1064 (A party may petition a federal court to cancel a trademark registration "at any time if the registered mark […] had been abandoned").

The basis for WGS' counterclaim is that – if FTE's theory is adopted, then when VVO-SPI stopped using, and/or stopped controlling the use of, the STOLICHNAYA marks in the United States in or about 1993, any rights were abandoned. *See, e.g.* D.I. 166 at ¶ 11. This nearly 25-year period of non-use creates a *prima facie* presumption of abandonment. *See* 15 U.S.C. § 1127 ("A mark shall be deemed to be abandoned if […] [w]hen its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment").

---

[2] *See, e.g.*, 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 11:91 (4th ed.) ("The law imposes on trademark owners the duty to be pro-active and to police the relevant market for infringers").

Moreover, even if FTE's claim that VVO-SPI only licensed PepsiCo is credited (and it ought not be), VVO-SPI failed to exercise quality control over PepsiCo's use of the mark. This failure of control constitutes "naked licensing," the consequence of which is trademark abandonment. *See Fendi Adele S.R.L.v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 596 (S.D.N.Y. 2010) ("A 'naked license' is a license to use a trademark without sufficient quality control provided by the licensor. Under the naked licensing doctrine, a naked licensor may […] be deemed to have involuntarily abandoned the rights to the mark").

More to the point, WGS' discovery requests seek information relevant to VVO-SPI and the Russian Federation's abandonment of the STOLICHNAYA marks in the United States. For example, in Request Nos. 28 and 30, respectively, WGS seeks documents and things concerning whether the VVO-SPI and the Russian Federation exercised quality control over the marks-in-suit in the United States. FTE has not produced responsive documents from the Russian Federation or anyone else, including its own files. *See discussion infra*.

**B. FTE Must Produce the Russian Federation's Documents that are Responsive to WGS' Relevant Document Requests, or State for the Record that None Exist**

Fed. R. Civ. P. 34(a) requires a party to produce responsive documents that are within its "possession, custody, or control." This duty requires FTE to produce responsive documents from the Russian Federation. Indeed, as set forth in SPI's motion to compel, "there are at least three independent bases upon which FTE should be compelled to produce documents in the possession, custody, or control of the Russian Federation and its agencies." D.I. 205 at 13-24. WGS joins in SPI's motion to compel (D.I. 205) and incorporates it by reference herein. If none exist, then FTE must represent that on the record in this action.

## V. Conclusion

Documents relevant to WGS' defense of lack of standing, and counterclaims regarding VVO-SPI and the Russian Federation's trademark abandonment, lie uniquely with the Russian Federation. However, FTE has failed to produce any responsive documents from the Russian Federation. This stonewall prevents WGS from obtaining documents, which, if they exist, would be relevant to its defenses against FTE's claims, and prosecution of its counterclaims.

Accordingly, WGS respectfully requests the Discovery Master to issue an Order: (i) compelling FTE to obtain and produce within 30 days of the Order all documents and things within the possession, custody, and control of the Russian Federation that are responsive to WGS' first, second, and third sets of document requests; (ii) requiring FTE to certify that no responsive documents exist if none are found as to any particular request; and (iii) staying this proceeding pending the disposition of WGS' and SPI's motions to compel[3].

Dated: June 9, 2017

Respectfully submitted,

ANDREWS KURTH KENYON LLP

By: /s/Edward T. Colbert
Edward T. Colbert (*pro hac vice*)
William M. Merone (*pro hac vice*)
Erik C. Kane (*pro hac vice*)
1350 I Street, NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 662-2700
Facsimile: (202) 662-2739
ecolbert@kenyon.com
wmerone@kenyon.com
ekane@kenyon.com

---

[3] WGS respectfully requests that the Discovery Master stay this action pending the disposition of its motion to compel for the same reasons that SPI requests a stay. *See generally* D.I. 205.

Jonathan W. Thomas
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288
jthomas@kenyon.com

*Attorneys for all William Grant Defendants*

## FED. R. CIV. P. 37(a)(1) CERTIFICATION

The undersigned represents and warrants that, pursuant to Fed. R. Civ. P. 37(a)(1), WGS has met-and-conferred on numerous occasions—both telephonically and electronically—with FTE's counsel since 2016 to obtain responsive documents from the Russian Federation. *See, e.g.*, Kane Decl. at Exh 1; *see also id*. at Exh. 4 (WGS' condensed document requests to FTE).

/s/ Edward T. Colbert
Edward T. Colbert

10

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on June 9, 2017, I served the foregoing document, titled *Memorandum of Law in Support of William Grant Defendants' Motion to Compel and to Stay*, on Plaintiff Federal Treasury Enterprise Sojuzplodoimport's counsel-of-record in this action by First Class Mail, postage prepaid, as well as by electronic means, at:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert L. Raskopf
Marc Greenwald
Jessica A. Rose
Guyon H. Knight
51 Madison Avenue, 22nd Floor
New York, New York 10010
robertraskopf@quinnemanuel.com
marcgreenwald@quinnemanuel.com
jessicarose@quinnemanuel.com
guyonknight@quinnemanuel.com


/s/  Edward T. Colbert
Edward T. Colbert

*Attorney for all William Grant Defendants*