UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————————————x

FEDERAL TREASURY ENTERPRISE : 
SOJUZPLODOIMPORT and OAO "MOSCOW : 
DISTILLERY CRYSTALL," : 
 : 
Plaintiffs, :     No. 14 Civ. 712 (Stein, J.)
 : 
-against- :     OPINION AND ORDER OF
 :     DISCOVERY MASTER
 :     REGARDING THE
SPIRITS INTERNATIONAL B.V., FORMERLY :     MOTION TO LIFT THE
KNOWN AS SPIRITS INTERNATIONAL, N.V.; SPI :     DISCOVERY STAY
SPIRITS LIMITED; SPI GROUP SA; YURI : 
SHEFLER; ALEXEY OLIYNIK; WILLIAM GRANT : 
& SONS USA; WILLIAM GRANT & SONS, INC.; : 
STOLI GROUP (USA) LLC and IP AMERICAS : 
SARL, : 
 : 
Defendants. : 

——————————————————————————————————x

This Opinion and Order deals with Plaintiffs' Motion to Lift the Stay on Discovery, dated January 17, 2020.  By the August 22, 2019 Opinion and Order By Discovery Master (the "Aug. 22 Order"), the previously-imposed stay was continued until the FTE Plaintiffs obtained, reviewed, and produced relevant documents from the Ministry of Agriculture from the period between 2004 and 2009.

Following the Aug. 22 Order, Plaintiffs returned to the Ministry of Agriculture to seek the ability to search and examine for responsive documents in the relevant period.  Having now produced additional documents from the Ministry of Agriculture, Plaintiffs petition to lift the stay so that discovery may commence. The motion is actively opposed by the SPI Defendants and the William Grant Defendants.  As already announced to the parties at the close of the pre-hearing conference on February 13, 2020, and for reasons stated below, I am granting Plaintiffs' motion and lifting the stay with immediate effect.

1

<u>DISCUSSION</u>

Following the Aug. 22 Order, FTE avers that it caused its personnel to spend many hours over several weeks at the Ministry of Agriculture reviewing approximately 957 folders containing documents dated between 2004 and 2009, and, ultimately, after a review for responsiveness and privilege, producing 722 additional pages of responsive documents to Defendants. Declaration of Natalie Semenova, January 17, 2020, ¶¶9-10. Defendants SPI and Grant do not raise any factual objections to those assertions, which I credit.

But Defendants SPI and Grant do oppose the motion to lift the stay. As to the SPI Defendants, notwithstanding having been directed to address only any production issues relating to the Ministry of Agriculture, SPI first argues that FTE's production as to Agencies other than the Ministry of Agriculture is still materially incomplete. In the prior proceedings that led to the Aug. 22 Order, SPI's opposition also focused on perceived problems with FTE's prior productions. But after careful analysis, I previously ruled on prior productions and found that

> "… FTE and its counsel have taken all reasonable steps to search for and
> produce potentially relevant documents from the reasonably likely sources
> in the files of the Agencies and in the State Archives, and, ultimately,
> produced in at least three tranches to date, what I find, with the exception
> of documents in the custody or control of the Ministry of Agriculture,
> discussed below, was as complete a production of responsive documents
> as was reasonable to expect..."
> (Aug. 22 Order at 9).

Treating SPI's opposition as if it were a timely motion to reconsider, I have examined SPI's papers and do not find a basis to alter the conclusion I arrived at in the Aug. 22 Order.

As mentioned above, SPI raises other issues of alleged noncompliance in the latest production. But SPI's arguments are largely grounded in speculation of what "must exist" and what files "should" contain, e.g., pp.7-8, 11, SPI Memorandum in Opposition. Juxtaposed against the credible proof that FTE conducted a reasonable search for relevant documents, I find,

again, that supposition and speculation are not a substitute for hard evidence, and that anomalies in production, especially where records are more than a decade old, are to be expected and are not signs of a negligent, unreasonable, or ineffective search. At oral argument, SPI's counsel raised specific questions regarding the failure of FTE to produce logbooks and registries of documents that were referenced in the earlier Declaration of Ms. Semenova, dated May 8, 2019. Exhibit 34 to the Declaration is a letter from the Ministry stating that four boxes of VVO-SPI documents transferred to the Ministry of Agriculture were destroyed pursuant to the Ministry's document destruction policy, "with the exception of some registers and logbooks *which are kept permanently on record*"(emphasis added). SPI counsel points out that no such logbooks and registers were produced, and argues that the fact that such records were said to be "permanently on record" means the search was incomplete. FTE counsel argued that documents of that description were searched for and none were found. Assuming, against the weight of the evidence, that such logbooks and registers still exist, however, I find that such registers and logbooks would add nothing to the issues in contest in this matter, as the same letter from the Ministry clarifies that they "contain only the regulations pertaining to the registration of classified documents and present no value for the lawsuit in connection to the information referred to by you." Ex. 34 to Semenova Declaration, May 8, 2019.

Accordingly, as to the most recent search and production undertaken by FTE, I find that FTE's most recent production was as complete a production of responsive documents as was reasonable to expect, and that FTE has complied with the Aug. 22 Order.

As to the Grant Defendants, they repeat grounds that I previously considered and rejected in the Aug.22 Order. I will not reconsider them. In addition, the Grant Defendants request that discovery remain stayed as to them until the issue of subject matter jurisdiction has been resolved by the Court. If the Grant Defendants choose to contest the Court's jurisdiction, it may do so before the District Court; and if the Court decides to stay discovery as to Grant on the basis of that motion, Grant will have the relief it seeks. But as the Discovery Master, I will not continue a stay of discovery on the basis of a motion that has not yet been made.

SPI urges that the stay not be lifted immediately so that the District Judge may rule on the underlying issue. SPI claims prejudice if the stay were to be lifted, only to be reimposed after an

appeal to the District Judge. FTE also claims prejudice in that, as plaintiffs, they have the burden of proof on their claims and witnesses' memories are dimming, if not being extinguished, by the passage of time from the underlying events. On balance, any prejudice that SPI claims can be undone if the District Judge determines to reimpose the stay. But holding the stay open until and unless the District Judge does set aside my ruling would continue to cause FTE the possibility of losing witnesses' memories and testimony. On balance, the hardship tips decidedly to FTE. The stay will be lifted upon the entry of this Order.

As discussed in the argument, FTE is directed to send to the defendants its proposal for discovery, the parties are directed to meet and confer promptly regarding the proposal, and the parties are further directed to make their report, preferably one they have all agreed to, by no later than February 24, 2020. The next pre-hearing telephonic conference will be held on March 2, 2020, at 9:30 AM.

Accordingly, I grant the motion of FTE to lift the stay with immediate effect so that discovery may continue.

The foregoing constitutes the Order with respect to the outstanding issues in the FTE's Motion to Lift The Stay.

Dated: New York, New York
February 21, 2020

_____
David M. Brodsky
Discovery Master