UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO "MOSCOW
DISTILLERY CRISTALL",

                                    Plaintiffs,

          -against-

SPIRITS INTERNATIONAL B.V., SPI SPIRITS
LIMITED, SPI GROUP SA, YURI SHEFLER,
ALEXEY OLIYNIK, WILLIAM GRANT &
SONS USA, WILLIAM GRANT & SONS, INC.,
STOLI GROUP (USA) LLC, and ZHS IP
AMERICAS SÀRL,

                                    Defendants.

1:14-CV-00712 (SHS)

APPOINTMENT OF COMMISSIONERS UNDER THE HAGUE CONVENTION AND
REQUEST FOR JUDICIAL ASSISTANCE – PERMISSION TO TAKE EVIDENCE BY
A COMMISSIONER UNDER ARTICLE 17 HAGUE EVIDENCE CONVENTION 1970
TO THE CANTONAL COURT OF VAUD, COURT ADMINISTRATION,
INTERNATIONAL JUDICIAL ASSISTANCE, FOR THE REQUEST FOR JUDICIAL
ASSISTANCE IN CIVIL MATTERS WITH COPY TO THE FEDERAL OFFICE OF
JUSTICE (FOJ), CENTRAL AUTHORITY FOR THE REQUEST FOR JUDICIAL
ASSISTANCE IN CIVIL AND COMMERCIAL MATTERS:

     The United States District Court for the Southern District of New York, located at the

Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007,

presents its compliments to the Federal Office of Justice and has the honor of requesting its

assistance in obtaining evidence to be used in a civil proceeding now pending before this Court in

the above-captioned matter, specifically by permitting commissioners appointed by this Court to

take evidence under Article 17 of the Hague Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters ("Hague Convention").

It appears to this Court that Mr. Alexey Oliynik, whose home address is: ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, is a material witness in this action and therefore has evidence relevant to this action.  It is necessary for the purposes of justice and for the due determination of the matters in question between the parties that Mr. Oliynik be examined (remotely) at the offices of the SPI Defendants at Avenue Reverdil 14, 1260 Nyon, Vaud, Switzerland, under oath or affirmation.  Given that the deposition would take place (remotely) in the canton of Vaud, Switzerland, the competent authority for the granting of this request is the Cantonal Court of Vaud, Division Entraide judiciaire, Palais de justice de l'Hermitage, Route du Signal 8, 1014 Lausanne ADM cant VD, Switzerland.  As is customary, a copy of the present Letter of Request is sent to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland.

This Court, therefore, respectfully requests your assistance pursuant to the Hague Convention in obtaining the oral deposition testimony of Mr. Oliynik under the terms set forth in this Letter of Request:

I.     SUMMARY OF ACTION

1.     This action is properly under the jurisdiction of and is now pending before the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, United States of America.  The United States District Court for the Southern District of New York is fully sanctioned as a court of law and equity and is authorized by Rule 28(b) of the Federal Rules of Civil Procedure to direct the taking of evidence abroad by Letters of Request.

2.     The parties to the civil action pending in the United States District Court for the Southern District of New York are as follows:

a. The Plaintiffs are Federal Treasury Enterprise Sojuzplodoimport ("FTE") and OAO "Moscow Distillery Cristall" ("Cristall") (collectively, "Plaintiffs"). Plaintiff FTE is an economic entity owned by the Russian Federation organized and existing under the laws of Russia, with its principal place of business in Russia. Plaintiff Cristall is a corporation organized and existing under the laws of Russia, with its principal place of business in Russia. Plaintiffs are represented by Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue New York, NY 10010.

Correspondence to Plaintiffs can be faxed to Plaintiffs' representatives at + 1 (212) 849-7100, or emailed at the following email addresses: robertraskopf@quinnemanuel.com, marcgreenwald@quinnemanuel.com, and jessicarose@quinnemanuel.com.

The Defendants are Spirits International B.V., SPI Spirits Limited, SPI Group SA, Yuri Shefler, Alexey Oliynik, Stoli Group (USA) LLC, and ZHS IP Americas Sàrl (collectively, the "SPI Defendants"); and William Grant & Sons USA and William Grant & Sons, Inc (collectively, "WGS Defendants"). Defendant Spirits International B.V. is a corporation organized and existing under the laws of the Netherlands, with its principal place of business in Luxembourg. Defendant SPI Spirits Limited is a corporation organized and existing under the laws of Cyprus, with its principal place of business in Cyprus. Defendant SPI Group SA was a corporation organized and existing under the laws of Switzerland, with its principal place of business in Switzerland. Defendant Stoli Group (USA) LLC is a corporation organized and existing under the laws of Delaware, with its principal place of business is in New York. Defendant ZHS IP Americas Sàrl is a corporation organized and existing under the laws of Switzerland, with its principal place of

business in Switzerland.    Defendant Yuri Shefler is an individual defendant. Defendant Alexey Oliynik is an individual defendant who is a resident of Switzerland.    Defendant William Grant & Sons USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York City. Defendant William Grant & Sons, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New York City.

The SPI Defendants are represented by Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, USA. Correspondence to the SPI Defendants can be faxed to their representative at +1 (212) 474-3700, or emailed at the following email addresses: khummel@cravath.com and tcameron@cravath.com.

The WGS Defendants are represented by Hunton Andrews Kurth LLP, 2200 Pennsylvania Avenue, NW Washington, DC 20037, USA.  Correspondence to the WGS Defendants can be faxed to their representative at +1 (202) 662-2739, or emailed at the following email addresses: edwardcolbert@andrewskurthkenyon.com and ekane@huntonak.com.

3.    This is a civil action for claims under section 32(1) of the Lanham Act, 15 U.S.C. §1051 et seq.   Plaintiffs have sued SPI Defendants and WGS Defendants for trademark infringement. Plaintiff FTE and Defendant ZHS IP Americas Sàrl each purport to be the owner of various federal trademark registrations, including U.S. Trademark Registration Nos. 865,462, 1,244,735 and 1,291,454 for the STOLICHNAYA trademarks (the "Marks").

4.    In 1969, a Soviet Union state enterprise called "V/O-SPI" obtained a federal trademark registration in the United States for "Stolichnaya" vodka. V/O-SPI was later renamed

"VVO-SPI". The SPI Defendants contend that in 1991, VVO-SPI assigned ownership of the Marks to PepsiCo, its distributor in the United States, and that Defendant ZHS IP Americas Sàrl derives title to the Marks through a series of assignments originating with PepsiCo. Plaintiffs contend that VVO-SPI never assigned the Marks to PepsiCo.

5.     As the Soviet Union began to collapse in the early 1990s, many Soviet state enterprises were privatized. The SPI Defendants contend that VVO-SPI was transformed into a joint-stock company named "VAO-SPI," which later became controlled by SPI. Plaintiffs contend that VVO-SPI was not transformed or privatized into VAO-SPI, and that consequently, FTE derives title to the Marks through VVO-SPI.

6.     In 2004, FTE and its then-licensee Ost-Alco filed suit in the United States District Court for the Southern District of New York against SPI and its then-licensee Allied Domecq, alleging violations of section 32(1) of the Lanham Act, which provides a cause of action for owners of registered trademarks, and alleging violations of other provisions of the Lanham Act, the Copyright Act of 1976 and state law that do not require trademark registration. The district court dismissed the Lanham Act claims (largely on the ground that the Marks had been "incontestable") as well as the copyright claim and state law claims of fraud, unjust enrichment and unfair competition. Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V., 425 F. Supp. 2d 458, 465-78 (S.D.N.Y. 2006) ("FTE I"). FTE's remaining claim (unfair competition alleged against Allied Domecq) was voluntarily dismissed.

7.     On appeal, the Court of Appeals for the Second Circuit vacated as to the incontestability issue, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V., 623 F.3d 61, 71 (2d Cir. 2010) ("FTE II"), but affirmed the dismissal of the claims for fraud and unjust enrichment, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V., 400 F. App'x 611, 614 (2d Cir. 2010) ("FTE II Summary Order"). On remand, the defendants consented to the filing of

an amended complaint, which added as a defendant William Grant (which had since received a license from SPI to distribute Stolichnaya-branded vodka) and dropped all but the section 32(1) claims, a declaratory judgment claim, and a state law claim for misappropriation.

8.      The defendants successfully moved to dismiss the section 32(1) claims on the ground that FTE lacked statutory standing to sue as a "registrant" under the Lanham Act because it lacked an assignment from the Russian Federation, which plaintiffs alleged previously owned the trademarks at issue, and did not establish its status as the legal representative of the Russian Federation. Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V., No. 04-cv-8510 (GBD), 2011 WL 4005321, at *1 (S.D.N.Y. Sept. 1, 2011) ("FTE III"). The state law misappropriation claim was dismissed without prejudice. FTE appealed, arguing that it was an "assign" and/or "legal representative" of the Russian Federation, and thus had standing to assert section 32(1) claims. The Court of Appeals for the Second Circuit rejected that argument on the ground that the Russian Federation retained too great an interest in the Marks for FTE to qualify as an "assign" and that FTE did not qualify as a "legal representative". Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd., 726 F.3d 62, 66 (2d Cir. 2013) ("FTE IV").

9.      Following FTE IV, the Government of the Russian Federation issued Decree No. 69, dated February 1, 2014 (the "Decree"), which ordered that:

> [The Federal Agency on State Property Management] is to conclude with [FTE] an agreement on transferring to the said enterprise the rights of the Russian Federation to trademarks containing verbal designations "Stolichnaya" and/or "Stoli" used on the territory of the United States (on all territories subject to the jurisdiction of the United States of America).

Following the Decree, Plaintiffs contend that the Russian Federation executed an assignment (the "Assignment") that transferred to FTE the Russian Federation's "entire right, title, and interest in and to the [Marks]."

10.     FTE and Cristall (as FTE's licensee) then brought the present lawsuit, again asserting both section 32(1) and non-section 32(1) claims. The defendants moved to dismiss, arguing, among other things, that FTE did not acquire statutory standing to bring the section 32(1) claims as a result of the Russian Federation's Assignment, and that in any event all of FTE's claims were barred by res judicata and laches. In a series of decisions, the district court held that FTE still lacked statutory standing to bring its section 32(1) claims, and that the non-section 32(1) claims were barred by res judicata as well as laches. The parties cross-appealed, and the Second Circuit reversed the district court's ruling on section 32(1) claims, but affirmed the district court's ruling on the remaining claims and remanded the case. Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 809 F.3d 737, 743 (2d Cir. 2016) ("FTE V").

11.     Notices for the deposition of fact witnesses, including Mr. Oliynik, were served on April 10, 2020. The parties have agreed to conduct a remote deposition of Mr. Oliynik, who is located in Switzerland, in accordance with Chapter II of the Hague Convention.

II.     EVIDENCE REQUESTED

12.     The parties have satisfied this Court that Mr. Alexey Oliynik has material information related to this pending action for use at trial, and that justice cannot be completely done between the parties without his testimony.

13.     The parties requested that this Court issue the present Letter of Request seeking your assistance in obtaining testimony from Mr. Oliynik.  The evidence to be obtained is oral testimony to be taken in Switzerland, the country of residence of Mr. Oliynik, and is intended to be used as evidence in the trial for this matter.  Mr. Oliynik has been apprised of his rights under Swiss law and has consented to being deposed and questioned during trial in Switzerland.

14.    The Court requests assistance in permitting the commissioners appointed by this Court to take testimony from Mr. Oliynik, which will be given voluntarily. The topics of examination may include:

a.    The organization and structure of each SPI Defendants' business involving to the purchase, sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

b.    Oliynik's specific role, compared to the rest of the SPI Defendants, in the sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

c.    Third parties, including any distributors, with whom Defendants collaborate or partner related to the sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

d.    SPI Defendants' contractual relationships with WGS and other entities, if any, relating to the purchase, sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

e.    Profits, income, or revenue earned by SPI Defendants from the purchase, sale and/or distribution of vodka bearing the Trademarks in the United States, including profits, income or revenue generated from relationships with WGS, Allied Domecq, and VAO-SPI.

f.    Costs or expenses incurred by SPI Defendants from the purchase, sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

g.    The relationship between Individual Defendants as it relates to the purchase, sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

h.    Individual Defendants' ownership, control, stake or interest in SPI entities.

i.    The transfer of any rights to the Trademarks from Allied Domecq to WGS.

j.     The relationship between WGS and SPI as it relates to the purchase, sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

k.     The transfer of funds between WGS and SPI relating to the purchase, sale, distribution and/or marketing of vodka bearing the Trademarks in the United States.

l.     Knowledge of any dispute concerning title to the Trademarks, including but not limited to any due diligence conducted by any of SPI Defendants or any other entity or person concerning title to the Trademarks.

m.     Knowledge of Plaintiffs' claimed chain of title to the Trademarks, including facts pertaining to the alleged transformation of VVO-SPI.

n.     Knowledge of the corporate history of VAO-SPI, including Individual Defendants' roles in VAO-SPI.

o.     Knowledge of any inspections conducted at VAO-SPI of any documents related to the Trademarks.

p.     Knowledge of any inspections conducted by the Individual Defendants of VAO-SPI.

q.     Knowledge of documents owned by VAO-SPI related to VAO-SPI's legal proceedings in Russia regarding the Trademarks.

r.     Knowledge of any documents seized from any SPI Defendant by Russian authorities in 1999, 2000, 2002, 2006 and/or 2007.

s.     Knowledge of documents transferred from any SPI Defendant prior to seizure(s) by the Russian authorities 1999, 2000, 2002, 2006 and/or 2007.

t.     Knowledge of documents originating from Russian-based offices maintained by each SPI Defendant, including source of those documents and when obtained.

u.     Knowledge of VAO-SPI document collection, retention, and archive policies.

v.  Knowledge of the transfer of title to the Trademark among various VAO-SPI entities, as related to the Trademarks.

w.  Knowledge regarding the relationship between PepsiCo and VVO-SPI, as related to the Trademarks.

x.  Knowledge concerning the relationship between PepsiCo and VAO-SPI, as related to the Trademarks.

y.  Knowledge concerning the relationship between PepsiCo and Individual Defendants, as related to the Trademarks.

z.  Facts relating to SPI Defendants' affirmative defense that Plaintiffs' claims are barred by the doctrine of estoppel, laches, and/or waiver, as described in the Third Affirmative Defense of the Counterclaim of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC and ZHS IP Americas Sarl and Answer of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC, ZHS IP Americas Sarl, Yuri Shefler, and Alexey Oliynik, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., Case No. 14-civ-712 (SHS), ECF No. 163 (Oct. 14, 2016 S.D.N.Y.).

aa. Facts relating to SPI Defendants' affirmative defense that Plaintiffs' claims are barred by the doctrine of unclean hands, as described in the Fourth Affirmative Defense of the Counterclaim of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC and ZHS IP Americas Sarl and Answer of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC, ZHS IP Americas Sarl, Yuri Shefler, and Alexey Oliynik, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., Case No. 14-civ-712 (SHS), ECF No. 163 (Oct. 14, 2016 S.D.N.Y.).

bb.   Facts relating to SPI Defendants' affirmative defense that Plaintiffs' claims are barred by the doctrine of abandonment, as described in the Seventh Affirmative Defense of the Counterclaim of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC and ZHS IP Americas Sarl and Answer of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC, ZHS IP Americas Sarl, Yuri Shefler, and Alexey Oliynik, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., Case No. 14-civ-712 (SHS), ECF No. 163 (Oct. 14, 2016 S.D.N.Y.).

cc.   Knowledge of SPI Defendants' affirmative defense that Plaintiffs' claims are barred by the doctrine of alleged acquiescence, as described in the Eighth Affirmative Defense of the Counterclaim of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC and ZHS IP Americas Sarl and Answer of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC, ZHS IP Americas Sarl, Yuri Shefler, and Alexey Oliynik, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., Case No. 14-civ-712 (SHS), ECF No. 163 (Oct. 14, 2016 S.D.N.Y.).

dd.   Facts relating to SPI Defendants' affirmative defense that Plaintiffs' claims are barred by the doctrine of bona fide purchaser for value, as described in the Ninth Affirmative Defense of the Counterclaim of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC and ZHS IP Americas Sarl and Answer of Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC, ZHS IP Americas Sarl, Yuri Shefler, and Alexey Oliynik, Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., Case No. 14-civ-712 (SHS), ECF No. 163 (Oct. 14, 2016 S.D.N.Y.).

ee.     Facts related to SPI Defendants' counterclaim of unjust enrichment, as described

in the Second Counterclaim of the Counterclaim of Spirits International B.V., SPI

Spirits Limited, Stoli Group (USA) LLC and ZHS IP Americas Sarl and Answer of

Spirits International B.V., SPI Spirits Limited, Stoli Group (USA) LLC, ZHS IP

Americas Sarl, Yuri Shefler, and Alexey Oliynik, Fed. Treasury Enter.

Sojuzplodoimport v. Spirits Int'l B.V., Case No. 14-civ-712 (SHS), ECF No. 163

(Oct. 14, 2016 S.D.N.Y.).

ff.     SPI's document retention policies, including the retention of emails or other

electronic documents and SPI's procedure for searching, collecting and producing

documents (including emails and other electronic documents) in connection with

this action.

15.     This Court is satisfied that the testamentary evidence is relevant to the pending

proceeding and is likely to be used at trial to assist this Court in resolving the dispute presented in

the civil action before it.  With the approval of this Court, the parties and this Court therefore seek

permission to have commissioners take this testamentary evidence for the purpose of using such

evidence at trial.   The parties have satisfied this Court that Plaintiffs will pay Mr. Oliynik's

reasonable witness attendance costs.

16.     It is requested that the testamentary evidence be given in the English language, and

on oath or affirmation.  However, it is also requested that a Russian/English translator be allowed

to be present and offer translation assistance, if necessary. It is also hereby requested that the

testimony be in the form of a recorded remote deposition testimony via a secure session using

videoconferencing technology upon questions communicated to the witness by a Swiss attorney

acting as commissioner, and/or by U.S. counsel of the parties, also acting as commissioners. It is

requested that the testamentary evidence be given at some time agreeable to all involved in March 2021.

17.     The parties have agreed on and the Court hereby appoints Mr. Remo Decurtins to serve as commissioner ("the Swiss Commissioner"). Mr. Decurtins is a lawyer with the law firm Quinn Emanuel at Dufourstrasse 29, 8008 Zurich, Switzerland, and admitted to practice as an attorney in Switzerland and New York. In his capacity as commissioner, Mr. Remo Decurtins will complete and oversee the following tasks: liaise with the Swiss authorities, including dispatch/submission of the present Letter of Request to the Cantonal Court of Vaud, Division Entraide judiciaire, Palais de justice de l'Hermitage, Route du Signal 8, 1014 Lausanne ADM cant VD, Switzerland, and of a copy of the same to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland; act as an agent of service for any communication of the Cantonal Court of Vaud and/or the Federal Office of Justice to this Court and the parties; invite Mr. Oliynik to the deposition once authorization is granted; verify and confirm the identity of Mr. Oliynik before testamentary evidence is taken; supervise the testimony of Mr. Oliynik by remote videoconferencing software from the Swiss offices of the SPI Defendants at Avenue Reverdil 14, 1260 Nyon, Vaud, Switzerland; instruct the witness on his rights and obligations as per Article 21 of the Hague Convention; and ensure that the testimony is conducted in accordance with those rights and obligations.

18.     The U.S. counsel of the parties, which the Court upon request of the parties hereby also appoints as commissioners, and who will be present via remote video for the deposition of Mr. Oliynik are the following:

a.      For Plaintiffs: Marc L. Greenwald, from Quinn Emanuel Urquhart & Sullivan, LLP at 51 Madison Avenue, New York, NY 10010, USA.

b.      For SPI Defendants: Keith R. Hummel, from Cravath, Swaine & Moore, LLP at Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, USA.

c.      For WGS Defendants: Edward T. Colbert, from Hunton Andrews Kurth LLP, 2200 Pennsylvania Avenue, NW, Washington, DC 20037, USA.

19.     In addition to the U.S. counsel and commissioners listed above and of the Swiss Commissioner, it is also requested that client representatives for each party be allowed to be present, and that a videographer and a stenographer be present to take and record a verbatim transcript of all testimony and proceedings in the English language and that the transcript of the testimony be authenticated.  When necessary, persons belonging to the information technology departments of the law firms of U.S. counsel may enter the rooms where U.S. counsel are remotely attending the deposition.   U.S. counsel, the party representatives, the videographer, and the stenographer will attend the deposition remotely.   The Swiss Commissioner and Mr. Oliynik will attend the deposition by videoconference from the same location.   When necessary, a Russian/English translator will attend, from the same location as Mr. Oliynik or remotely.  When necessary, persons belonging to the IT department of the Quinn Emanuel law firm and/or of the respective Swiss office of the SPI Defendants where the deposition is held may enter the room where Mr. Oliynik is remotely attending the deposition.

20.     As mentioned, it is requested that the commissioners take Mr. Oliynik's testimony in the English language (to which Mr. Oliynik has agreed) under oath or affirmation, with potentially a Russian/English translator being present and offering translation assistance, and that the Swiss Commissioner be allowed to administer such oath or request for affirmation on Mr. Oliynik in accordance with United States law, as follows:   "Do you swear or affirm that the testimony you are about to provide is the truth, the whole truth, and nothing but the truth?"

21.     It is also requested that after giving testimony, Mr. Oliynik be allowed after completion of the transcript to review, submit any errata, and sign the transcript of his testimony, and that the signed, transcribed, and videotaped testimony together with any documents marked as exhibits be transmitted to the parties' U.S. counsel as soon as possible thereafter.

22.     Accordingly, it is hereby requested that you grant assistance and authorize the Swiss and U.S. commissioners appointed above to question Mr. Oliynik under oath or affirmation at the remote deposition in March 2021, or at another time determined by you, and that a verbatim transcript and videotape be prepared and be transmitted to the parties' U.S. counsel for submission and use before this Court.

23.     It is also requested that you inform the Swiss Commissioner, this Court, and the parties through their above-mentioned U.S. counsel of your approval of this Court's request and of all relevant dates and times determined by you for the production of the aforementioned requested testamentary evidence of Mr. Oliynik.  This Court and U.S. counsel hereby appoint Mr. Remo Decurtins to file the necessary application for authorization with you and act as the agent of service in Switzerland for any and all communication from you in this respect.  As mentioned above, Mr. Remo Decurtins's professional address in Switzerland for purpose of your communications is: Dufourstrasse 29, 8008 Zurich, Switzerland.

24.     This Court expresses its appreciation to the Cantonal Court of Vaud and the Federal Office of Justice for its courtesy and assistance in this matter and states that this Court shall be ready and willing to assist the courts of Switzerland in a similar manner when required. This Court is also willing to reimburse (through the Plaintiffs) the competent judicial authorities of Switzerland for any costs incurred in executing this request for judicial assistance.  This Court extends to the competent judicial authorities of Switzerland the assurances of its highest consideration.

25.     This Letter of Request is signed and sealed by Order of the Court made on the date

set forth below:

January 8, 2021

Date:

Honorable Sidney H. Stein, U.S.D.J.
United States District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY, USA 10007