UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO
"MOSCOW DISTILLERY CRISTALL"

                    Plaintiff,

        v.

SPIRITS INTERNATIONAL B.V., SPI
SPIRITS LIMITED, SPI GROUP S.A.,
YURI SHEFLER, ALEXEY OLIYNIK,
ALLIED DOMECQ INTERNATIONAL
HOLDINGS B.V., ALLIED DOMECQ
SPIRITS & WINE USA, INC., WILLIAM
GRANT & SONS USA, WILLIAM
GRANT & SONS, INC., STOLI GROUP
(USA) LLC, and ZHS IP AMERICAS
SARL

                    Defendants.

---

14-cv-712 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

The Court is in receipt of the motion by Cravath, Swaine & Moore LLP ("Cravath") to withdraw as counsel for defendants Spirits International B.V., SPI Spirits Limited, SPI Group S.A., Yuri Shefler, Alexey Oliynik, Stoli Group (USA) LLC, and ZHS IP Americas SARL (collectively, the "SPI Defendants"), filed January 7, 2026. (*See* Dkt. No. 473.) Pursuant to Local Civil Rule 6.1(b), any papers in opposition to Cravath's motion were due by January 21, 2026. No such papers have been filed with this Court as of today. To the extent any party intends to oppose Cravath's motion, the Court *sua sponte* grants an extension of time to do so, until February 17, 2026.

Cravath is directed to serve a copy of this Order by e-mail upon the SPI Defendants on or before January 29, 2026, and to file proof of service of the same thereafter.

Corporate entities may only appear in this action through counsel. *See RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12-cv-1369, 2013 WL 1668206, at *4 (S.D.N.Y. Apr. 18) ("It is black letter law that corporations, partnerships, limited liability companies, associations, and all other artificial entities must be represented by counsel and may not appear *pro se* in federal court."), *report and recommendation adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir.

1

2007). Failure by a corporate entity to appear by counsel may result in a default judgment being taken against that entity. *See Sec. & Exch. Comm'n v. Rsch. Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55 [of the Federal Rules of Civil Procedure].").

Dated:  New York, New York
January 27, 2026

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

2