UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TREASURY ENTERPRISE
SOJUZPLODOIMPORT and OAO
"MOSCOW DISTILLERY CRISTALL,"

          Plaintiffs,

    v.

SPIRITS INTERNATIONAL B.V., SPI
SPIRITS LIMITED, SPI GROUP S.A.,
YURI SHEFLER, ALEXEY OLIYNIK,
ALLIED DOMECQ INTERNATIONAL
HOLDINGS B.V., ALLIED DOMECQ
SPIRITS & WINE USA, INC., WILLIAM
GRANT & SONS USA, WILLIAM
GRANT & SONS, INC., STOLI GROUP
(USA) LLC, and ZHS IP AMERICAS
SARL

          Defendants.

---

14-cv-712 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    This Opinion & Order addresses (1) WGS's[1] motion for reconsideration or, in the alternative, certification of issues for interlocutory appeal; (2) SPI's objections to the Discovery Master's orders dated September 8, 2020, February 1, 2021, and May 4, 2024; and (3) WGS's objection to the Discovery Master's order dated June 13, 2024. For the reasons set forth below, the Court denies WGS's motion for reconsideration and denies each of SPI's and WGS's objections to the Discovery Master's orders dated September 8,

---

[1] The Court uses the following nomenclature to refer to the parties: (i) defendants William Grant & Sons USA and William Grant & Sons, Inc. are referred to collectively as "WGS"; (ii) defendants Spirits International B.V., SPI Spirits Limited, SPI Group S.A., Yuri Shefler, Alexey Oliynik, Stoli Group (USA) LLC, and ZHS IP Americas SARL are referred to collectively as "SPI"; (iii) plaintiff Federal Treasury Enterprise Sojuzplodoimport is referred to as "FTE"; and (iv) plaintiff OAO "Moscow Distillery Cristall" is referred to as "Cristall." In addition, the Court will refer to the All Union Foreign Economic Association Sojuzplodoimport as "VVO" and to the Foreign Economic Joint Stock Company Sojuzplodoimport as "VAO."

2020, February 1, 2021, and June 13, 2024. The Court sustains SPI's objection to the Discovery Master's order dated May 4, 2024.

## I.   WGS's Motion for Reconsideration or Certification of Issues for Interlocutory Appeal

On February 28, 2020, WGS moved to dismiss Count I of plaintiffs' complaint alleging violations of section 32(1) of the Lanham Act. (*See* Dkt. No. 302 at 1.) WGS's motion alleged that FTE lacked statutory standing to pursue its Lanham Act claims because FTE was not an assignee of the Stolichnaya trademarks. (*See id.* at 4–5.) According to WGS, an absence of documentation evincing a clear and unambiguous assignment of title to the Stolichnaya trademarks from VVO to the Russian Federation rendered that assignment invalid and the Russian Federation's subsequent attempt to assign the marks to FTE ineffectual. (*Id.* at 7–8; Dkt. No. 315 at 1.) This Court disagreed with WGS in *Federal Treasury Enterprise Sojuzplodoimport v. Spirits International B.V.*, No. 14-cv-712, 2020 WL 4349840 (S.D.N.Y. July 29, 2020) ("*FTE 2020*"), holding that the act-of-state doctrine prohibits the Court from reviewing the validity of the trademark transfers between VVO—a Soviet state enterprise—and the Russian Federation. WGS now moves for reconsideration of *FTE 2020*, asserting that the act-of-state doctrine should not apply for two reasons:  (1) because FTE failed to plead that the transfer of the Stolichnaya trademarks from VVO to the Russian Federation was made pursuant to an "official act" and (2) because application of the act-of-state doctrine would offend U.S. public policy. (*See* Dkt. No. 358.) Alternatively, WGS moves for the Court to certify several issues relating to the act-of-state doctrine for interlocutory appeal. (*Id.*) The Court disagrees that reconsideration of *FTE 2020* is warranted and declines to grant a certification for interlocutory appeal.

### A.   Motion for Reconsideration

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Rather, reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Alternately, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citation modified).

2

Neither argument now raised in WGS's motion for reconsideration was advanced by WGS in its briefing on its motion to dismiss. (*See* Dkt. Nos. 302, 315.) Thus, WGS's motion for reconsideration is misconceived from the outset. *See Associated Press*, 395 F. Supp. 2d at 19. WGS's motion also falls short of the standard needed for this Court to grant reconsideration because WGS fails to identify factual matters or controlling decisions of law that the Court overlooked or otherwise misapplied in reaching its decision in *FTE 2020*. Accordingly, the Court denies WGS's motion for reconsideration.

## B.   Motion for Certification of Issues for Interlocutory Appeal

WGS also requests that, in the event this Court denies WGS's motion for reconsideration, the Court certify several issues relating to the act-of-state doctrine for interlocutory appeal. (Dkt. No. 358 at 7–11.)

In *FTE 2020*, this Court explained that it would apply the act-of-state doctrine consistent with the U.S Court of Appeals for the Second Circuit's decision in *Federal Treasury Enterprise Sojuzplodoimport v. Spirits International B.V.*, 809 F.3d 737 (2d Cir. 2016) ("*FTE 2d Cir. 2016*"). In seeking certification of issues for interlocutory appeal, WGS contends that the Second Circuit's application of the act-of-state doctrine in *FTE 2d Cir. 2016* stands in tension with the Second Circuit's earlier decision in *Federal Treasury Enterprise Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62 (2d Cir. 2013) ("*FTE 2d Cir. 2013*"), where the Second Circuit did not apply the act-of-state doctrine and instead determined that the Russian Federation's transfer of certain rights in the Stolichnaya marks to FTE did not imbue FTE with standing to sue under the Lanham Act. WGS claims that interlocutory appeal is warranted to resolve the "inconsistent application" of the act-of-state doctrine in *FTE 2d Cir. 2016* and *FTE 2d Cir. 2013*. (Dkt. No. 358 at 9.)

A district court may certify an order for interlocutory appeal if (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, a review of *FTE 2d Cir. 2013* and *FTE 2d Cir. 2016* leaves this Court confident that there exists no controlling question of law for which there is substantial ground for difference in opinion. WGS is correct that the Second Circuit did not apply the act-of-state doctrine in *FTE 2d Cir. 2013*. However, this was because *FTE 2d Cir. 2013* did not require the Second Circuit to pass on the validity of the Russian Federation's transfer to FTE and was instead resolved on the basis that the rights the Russian Federation transferred to FTE in the Stolichnaya marks fell short of what was needed to equip FTE with standing to sue under the Lanham Act. *See FTE 2d Cir. 2013*, 726 F.3d at 76 ("[T]oo many rights remain with the Russian Federation for it to be deemed to have 'assigned' the Marks to FTE."); *cf. FTE 2d Cir. 2016*, 809 F.3d at 743–44 (explaining that the act-of-state doctrine

3

prohibited the Court from inquiring into the validity under Russian law of the mechanism by which the Russian Federation chose to effectuate its transfer of the Stolichnaya marks to FTE). Indeed, that *FTE 2d Cir. 2013* and *FTE 2d Cir. 2016* are not in conflict is further supported by the fact that, following *FTE 2d Cir. 2016*, the Second Circuit denied a petition for panel or *en banc* rehearing that raised nearly identical considerations as WGS does now. (*See* Dkt. Nos. 366-1, 366-3.) As such, the Court denies WGS's request for certification of issues for interlocutory appeal.

## II.  OBJECTIONS TO DISCOVERY MASTER'S ORDERS

Also before the Court are objections to the Discovery Master's orders dated September 8, 2020, February 1, 2021, May 4, 2024, and June 13, 2024. Pursuant to the Stipulation and Order Regarding Appointment of Discovery Master dated November 9, 2016, the Court reviews the Discovery Master's factual findings and legal conclusions *de novo* and reviews his rulings on procedural matters for abuse of discretion. (*See* Dkt. No. 180 ¶ 11.)

### A.  SPI's Objection to the Discovery Master's September 8, 2020 Order

In an order dated September 8, 2020, the Discovery Master denied a motion by SPI seeking to compel plaintiffs to respond to Interrogatory 15 of the SPI Defendants' Third Set of Interrogatories to Plaintiffs FTE and Cristall. (Dkt. No. 368 at 6–8.) Interrogatory 15 reads as follows:

> If You contend that [Cristall] was properly transformed or privatized in 1993, then state in detail the basis for that contention, including the law under which the transformation was accomplished and all facts showing compliance with that law (including all documents evidencing the required actions), and explain why You contend the transformation or privatization was proper when [Cristall] does not appear to have conducted any valuation of its intangible assets, including any trademarks, as part of that transformation or privatization.

(Dkt. No. 361-1 at 10–11.)

The Discovery Master found Interrogatory 15 to be irrelevant to this proceeding, as determining whether Cristall was properly privatized in 1993 would have no bearing on the validity of VVO's transformation into VAO or the propriety of SPI's acquisition of VAO. (Dkt. No. 368 at 6–8.)

SPI now objects to the Discovery Master's determination, contending that Interrogatory 15 is relevant to demonstrating that "any purported defects in VVO's transformation were also present in other transformations . . . and, therefore, are immaterial." (Dkt. No. 374 at 3.) SPI further contends that Interrogatory 15 is relevant to

4

its affirmative defenses of bona fide purchaser, unclean hands, estoppel, and acquiescence. (*Id.* at 5–9.)

The Court concludes that Interrogatory 15 fails to meet the standard set forth in Federal Rule of Civil Procedure 26(b)(1), which permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Whether Cristall—a distinct entity from VVO—was properly privatized in 1993 reveals nothing about the validity of VVO's privatization and is immaterial to SPI's affirmative defenses. Even if plaintiffs were to assert that Cristall's transformation was valid, that fact would be of no use in assessing the propriety of SPI's decision to acquire VAO. Likewise, even if plaintiffs were to concede that Cristall was invalidly transformed, that fact would not establish, for example, that FTE had unclean hands in seeking to recover the Stolichnaya trademarks. For these reasons, SPI's objection to the September 8, 2020 order (Dkt. No. 374) is denied.

### B.   SPI's Objection to the Discovery Master's February 1, 2021 Order

SPI next objects to a February 1, 2021 order by the Discovery Master (Dkt. No. 413) granting a motion by FTE seeking to compel the production of documents withheld by SPI on the grounds of attorney-client privilege.[2] (*See* Dkt. No. 441.) SPI asserts that it is entitled to withhold documents that were privileged in the hands of VVO on the basis that SPI succeeded to the rights of VVO upon SPI's acquisition of VAO.[3] (*See* Dkt. No. 441 at 1–3.) In his February 1, 2021 decision, the Discovery Master determined that SPI was not entitled to assert the attorney-client privilege over VVO's documents because SPI had not borne its burden of proving that VVO had been validly transformed into VAO such that SPI could be deemed to have succeeded to the rights of VVO. (Dkt. No. 413 at 3.) SPI now challenges that determination, faulting the Discovery Master for focusing on "legal formalities" where the "practical consequences" of VVO's transformation into VAO was that VAO went on to continue VVO's business operations. (Dkt. No. 441 at 2–3.) In the alternative, SPI asserts that it has sufficiently established that VVO's transformation into VAO was legally valid. (*Id.* at 3.)

---

[2] The Discovery Master initially granted FTE's motion on February 1, 2021. (*See* Dkt. No. 413.) With the consent of the parties, on February 8, 2021, the Discovery Master withdrew the February 1 order subject to refiling at a future date. (*See* Dkt. No. 414.) The Discovery Master reinstated the February 1 order on March 6, 2024. (*See* Dkt. No. 440.)

[3] SPI explains that VVO was transformed into VAO in 1992 and that SPI acquired VAO in 1997. (Dkt. No. 441 at 1.)

5

The Court declines to disturb the Discovery Master's grant of FTE's motion. The Court believes it would make little sense to focus on the "practical consequences" of VVO's transformation into VAO in evaluating SPI's claim of privilege where, as here, the very validity of VVO's transformation into VAO is a primary point of dispute between the parties. Because "[t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it," *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 119 F.3d 210, 214 (2d Cir. 1997), SPI bears the burden of establishing that it has the right to assert VVO's privilege. Ultimately, the Court is unable to conclude on the basis of the information before it that SPI has a right to assert VVO's privilege. Having failed to establish a right to invoke VVO's privilege, SPI's objection is denied.

### C.  SPI's Objection to the Discovery Master's May 4, 2024 Order

SPI also challenges the Discovery Master's May 4, 2024 order (Dkt. No. 443-2) declining to compel FTE to designate a witness to testify as to Topic Nos. 23, 25, 26, and 29 of SPI Defendants' Notice of Deposition of Plaintiff FTE Pursuant to Federal Rule of Civil Procedure 30(b)(6). (*See* Dkt. Nos. 443, 443-8.) Among other things, SPI seeks testimony regarding FGUP's[4] formation, organization, operation, and governance (Topic No. 23), FGUP's purported chain of title to the Stolichnaya marks (Topic No. 25), any purported assumption of, or succession to, the assets and liabilities of VVO by FGUP (Topic No. 26), and the factual basis for plaintiffs' claim that "VVO[] transferred all of its rights in the [Stolichnaya] trademarks to the Russian Federation" (Topic No. 29). (*See* Dkt. No. 443-8 at 13–14.)

In his May 4, 2024 order, the Discovery Master found SPI's attempts at inquiring into the Russian Federation's acquisition of the Stolichnaya marks to be barred by the act-of-state doctrine. (*See* Dkt. No. 443-2 at 2–3 (citing *FTE 2020*, 2020 WL 4349840).) In objecting to the Discovery Master's decision, SPI asserts that it does not seek to challenge the validity of the transfer from VVO to the Russian Federation but rather to unearth facts relevant to its defenses of unclean hands, waiver, laches, and acquiescence. (Dkt. No. 443 at 6–12.)

The Court agrees that SPI may seek testimony regarding Topics Nos. 23, 25, 26, and 29. The circumstances surrounding the Russian Federation's actions may support SPI's

---

[4] "FGUP" refers to the Federal State Unitary Enterprise Foreign Economic Association Sojuzplodoimport, an entity formed by the Russian Federation in 2001. (Dkt. No. 443 at 1.) According to the SPI Defendants, any rights in the Stolichnaya marks claimed by FTE must have flowed through FGUP, which was created to succeed VVO and through which the Russian Federation was "apparently given" VVO's rights in the marks. (*See id.* at 4–5.)

affirmative defenses without requiring the Court to pass on the validity of the transfer of the Stolichnaya marks from VVO to the Russian Federation. For example, SPI alleges that this testimony is relevant to SPI's defense of laches because the testimony would support that "Russia was on notice concerning purported defects in the validity of the transformation of VVO into VAO as early as 1992" but "took no adverse action with respect to the transformation of VVO into VAO or VAO's interest in the U.S. Marks." (*Id.* at 11.) Such a defense would not require the Court to "declare invalid the official act of a foreign sovereign performed within its own territory." *W.S. Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400, 405 (1990). The Court may give the transfer of the Sotlichnaya marks its "full purported legal effect," *Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 144 (2d Cir. 2022), but still conclude that FTE's claims are ultimately barred by unclean hands, waiver, laches, or acquiescence. As such, the Court sustains SPI's objection to the Discovery Master's order dated May 4, 2024, and sets aside that order to the extent it is inconsistent with this Opinion & Order.

### D. WGS's Objection to the Discovery Master's June 13, 2024 Order

WGS objects to the Discovery Master's June 13, 2024 order (Dkt. No. 447-1), which denied WGS's request for a stay of deposition discovery until this Court issues a ruling on WGS's motion for reconsideration as well as SPI's objection to the May 4, 2024 order. (*See* Dkt. No. 447.) Having now denied WGS's motion for reconsideration and sustained SPI's objection to the May 4, 2024 order, the Court denies WGS's objection to the June 13, 2024 order as moot.

\* \* \*

For the forgoing reasons, WGS's motion for reconsideration or, in the alternative, certification of issues for interlocutory appeal (Dkt. No. 357) and objections to the Discovery Master's June 13, 2024 order (Dkt. No. 447) are denied. SPI's objections to the Discovery Master's orders dated September 8, 2020 (Dkt. No. 374) and February 1, 2021 (Dkt. No. 441) are denied. The Court sustains SPI's objection to the Discovery Master's order dated May 4, 2024 (Dkt. No. 443) and sets aside that order to the extent it is inconsistent with this Opinion & Order.

Dated: New York, New York
     May 4, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

7