UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TREASURY ENTERPRISE SOJUZPLODOIMPORT and OAO "MOSCOW DISTILLERY CRISTALL," <br><br> Plaintiffs, <br><br> v. <br><br> SPIRITS INTERNATIONAL B.V., SPI SPIRITS LIMITED, SPI GROUP S.A., YURI SHEFLER, ALEXEY OLIYNIK, ALLIED DOMECQ INTERNATIONAL HOLDINGS B.V., ALLIED DOMECQ SPIRITS & WINE USA, INC., WILLIAM GRANT & SONS USA, WILLIAM GRANT & SONS, INC., STOLI GROUP (USA) LLC, and ZHS IP AMERICAS SARL <br><br> Defendants. | 14-cv-712 (SHS) <br><br> OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

This Opinion & Order addresses the parties' objections to the Discovery Master's orders dated November 9, 2017 (Dkt. No. 244), November 17, 2017 (Dkt. No. 248), August 22, 2019 (Dkt. No. 281-1), and February 21, 2020 (Dkt. No. 300). Pursuant to the Stipulation and Order Regarding Appointment of Discovery Master dated November 9, 2016, the Court reviews the Discovery Master's factual findings and legal conclusions *de novo* and reviews his rulings on procedural matters for abuse of discretion. (*See* Dkt. No. 180 ¶ 11.) For the reasons set forth below, the Court denies the parties' objections to these orders.

## I. PLAINTIFFS' OBJECTIONS TO THE DISCOVERY MASTER'S NOVEMBER 9, 2017 AND NOVEMBER 17, 2017 ORDERS

In a November 9, 2017 order addressing motions to compel and stay discovery from defendants SPI[1] and WGS (the "November 9 Order"), the Discovery Master ordered

---

[1] The Court uses the following nomenclature to refer to the parties: (i) defendants William Grant & Sons USA and William Grant & Sons, Inc. are referred to collectively as "WGS"; (ii) defendants Spirits International B.V., SPI Spirits Limited, SPI Group S.A., Yuri Shefler, Alexey

1

FTE to produce twelve categories of documents from the files of seven agencies of the Russian Federation and imposed a stay of discovery. (*See* Dkt. No. 244.) Shortly thereafter, in a November 17, 2017 order (*see* Dkt. No. 248), the Discovery Master denied a motion from plaintiffs seeking to partially lift the stay with respect to specific areas of fact discovery that plaintiffs alleged to be unrelated to the documents discussed in the November 9 Order.[2] Plaintiffs timely objected to both orders. The Court addresses plaintiffs' contentions below.

## A. The Documents Sought are Within FTE's "Possession, Custody, or Control"

Plaintiffs begin by asserting that documents held by agencies of the Russian Federation are not within FTE's possession, custody, or control such that the Discovery Master erred in compelling their production pursuant to Rule 34 of the Federal Rules of Civil Procedure. (*See* Dkt. No. 247 at 5–13.) The Court disagrees.

Rule 34 permits a party to request documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). With respect to documents possessed by non-parties, it is sufficient that a party to an action have "the right, authority, or practical ability to obtain the documents from [the] non-party" for those documents to be deemed within the "control" of the party under Rule 34. *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146–47 (S.D.N.Y. 1997). In the time since plaintiffs filed their objection, FTE has produced thousands of pages of documents from the files of the seven Russian Federation agencies identified in the November 9 Order. (*See* Dkt. Nos. 265 at 2–3; 287 ¶¶ 4, 10.) In light of FTE's demonstrated practical ability to obtain these documents, the Court cannot find that FTE lacked "possession, custody, or control" over them pursuant to Rule 34.

Even ignoring these later-in-time productions, the Court concludes that FTE would have still been required to produce the documents sought by defendants under Rule 34. The Russian Federation assigned its interest in the Stolichnaya marks to FTE in order for FTE to be able to serve as a plaintiff in this action. (*See* Dkt. No. 234-2 ¶ 4.) It would therefore be unjust to permit FTE to rely on that assignment to frustrate defendants' access to meaningful discovery from the Russian Federation. *Cf. JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005) ("It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations

---

Oliynik, Stoli Group (USA) LLC, and ZHS IP Americas SARL are referred to collectively as "SPI"; (iii) plaintiff Federal Treasury Enterprise Sojuzplodoimport is referred to as "FTE"; and (iv) plaintiff OAO "Moscow Distillery Cristall" is referred to as "Cristall."

[2] The Discovery Master subsequently lifted the stay of discovery on February 21, 2020. (*See* Dkt. No. 300.)

that go with litigating a claim."). To hold otherwise would allow the Russian Federation to "divorce the benefits of [its] claims from the obligations that come with the right to assert them," *id.* at 507, simply by assigning the right to sue to another entity.

### B. Materials Generated in Connection with the March 13, 2000 Executive Order

Plaintiffs next assert that the Discovery Master erred in ordering the production of monthly reports and related documents generated in connection with a March 13, 2000 Executive Order signed by President Vladimir Putin aimed at "restor[ing]" and "protect[ing]" the Russian Federation's intellectual property rights in vodka products. (Dkt. No. 206 at Ex. 3.) Plaintiffs contest the relevancy of these materials and allege that their compelled production would not be proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). (*See* Dkt. No. 247 at 13–17.)

Rule 26(b)(1) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party moving to compel bears the initial burden of demonstrating relevance and proportionality." *Winfield v. City of New York*, No. 15-cv-05236, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018). Defendants explain that these monthly reports and related documents are relevant to SPI's affirmative defenses of estoppel and laches "because they concern the timing and nature of efforts made by the Russian Federation to restore its purported rights to the trademarks." (Dkt. No. 253 at 19.) This is a sufficient basis on which to find these materials relevant under Rule 26(b)(1). Moreover, considering the alleged value of the marks in controversy and FTE's relative access to these materials as an entity owned by the Russian Federation (Dkt. No. 154 ¶ 7, 110), the Court finds the production of these materials to be proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the Court finds no error in the Discovery Master's determination to compel the production of these materials.

### C. All Other Documents Sought by Defendants

With respect to all other documents sought by defendants, plaintiffs allege that the Discovery Master erred in ordering their production without first assuring himself that those documents were likely to exist in the files of the seven Russian agencies identified in the November 9 Order. (*See* Dkt. No. 247 at 17–23.) In support of their position, plaintiffs cite to *Aguirre v. City of Los Angeles*, No. CV 14-5659, 2015 WL 12746233 (C.D. Cal. May 15, 2015), for the proposition that "a court cannot order a party to produce documents that do not exist" and that "[a] plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." (Dkt. No. 247 at 13, 17–23 (quoting *Aguirre*, 2015 WL 12746233, at *4).)

The Court disagrees that the November 9 Order should be reversed on this basis. To support a motion to compel, "the moving party must have a colorable basis for its belief

3

that relevant, responsive documents exist and are being improperly withheld." *Aguirre,* 2015 WL 12746233, at *4. Notwithstanding FTE's prior efforts to identify and produce responsive documents, a colorable basis existed to believe that responsive documents had yet to be produced. At the time the Discovery Master issued his November 9 Order, FTE had failed to produce even a single monthly report called for by the March 13, 2000 Executive Order. (Dkt. No. 244 at 5–6.) Other materials on the record, including a declaration from a practitioner of Russian law and SPI consultant, provided further grounds for questioning the completeness of FTE's prior productions. (*See, e.g.,* Dkt. No. 224 at Ex. 1 ¶¶ 54–59.) In light of these materials, the Court declines to disturb the November 9 Order as it pertains to defendants' other document requests.

### D.  Stay of Discovery

Plaintiffs object to the Discovery Master's imposition of a stay of discovery for the longer of 45 days from the date of his order or until FTE completes the discovery called for in that order. (Dkt. No. 247 at 23.) By separate objection (*see* Dkt. No. 250), plaintiffs also challenge a November 17, 2017 order of the Discovery Master (*see* Dkt. No. 248) declining to grant a partial lifting of the stay of discovery. Because the stay of discovery was lifted by order dated February 21, 2020 (*see* Dkt. No. 300), the Court denies these objections as moot.

## II.  SPI's Objections to the Discovery Master's August 22, 2019 and February 21, 2020 Orders

SPI objects to orders of the Discovery Master dated August 22, 2019 (Dkt. No. 281-1), and February 21, 2020 (Dkt. No. 300). In an August 22, 2019 order, the Discovery Master denied a request from plaintiffs to lift the stay of discovery imposed in his November 9 Order. In doing so, the Discovery Master found that FTE and its counsel had "taken all reasonable steps to search for and produce potentially relevant documents" and had "satisfied the standards" of Rule 26 by producing the documents called for in his November 9 Order. (*See* Dkt. No. 281-1 at 9, 11.) Nonetheless, the Discovery Master expressed concern over "the apparent reluctance" of one Russian agency—the Ministry of Agriculture—to provide FTE with access to files corresponding to the period from 2004 to 2009. (*Id.* at 10–11.) On the basis of this concern, the Discovery Master denied plaintiffs' motion to lift the stay without prejudice. (*Id.*)

In a submission dated January 17, 2020, plaintiffs notified the Discovery Master that, following the issuance of his August 22, 2019 order, FTE had successfully obtained access to the Ministry of Agriculture's remaining files and had produced an additional 722 pages of documents to defendants. (*See* Dkt. No. 286 at 2.) In light of these developments, plaintiffs once again requested that the stay of discovery be lifted. (*See id.*) In a February 21, 2020 order, the Discovery Master concluded that FTE's production

4

was "as complete a production of responsive documents as was reasonable to expect" and granted plaintiffs' request to lift the stay. (Dkt. No. 300 at 3.)

SPI timely objected to both the August 22, 2019 order and the February 21, 2020 order. (*See* Dkt. Nos. 282, 307.) In its objections, SPI contests the Discovery Master's findings that FTE satisfied its obligations under the November 9 Order and alleges numerous deficiencies in FTE's productions. SPI asks this Court to reimpose the stay of discovery until FTE produces various additional documents. (*See* Dkt. No. 307 at 23.)

The Court disagrees that a further stay of discovery is warranted. FTE reports that, following the November 9 Order, its personnel dedicated more than 600 hours to searching for responsive documents in the files of the seven Russian agencies identified in the November 9 Order. (Dkt. No. 266 ¶ 4.) As a result of these efforts, FTE produced nearly 11,000 additional pages of responsive materials. (*Id.*) SPI alleges that FTE's productions suffer from numerous "gaps." (*See* Dkt. Nos. 282 at 7–8; 307 at 7–14.) However, SPI's assertions frequently rest on little more than conjecture regarding what documents SPI believes should have been produced and, in many cases, FTE offers explanations for why certain allegedly "missing" documents were not able to be produced. (*See, e.g.,* Dkt. No. 285 at 8–9 (explaining that the requirement to generate additional reports pursuant to the March 13, 2000 Executive Order expired in late 2003).) In an action of this magnitude and complexity, the Court "do[es] not expect that any party can meet a standard of perfection." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.,* 685 F. Supp. 2d 456, 461 (S.D.N.Y. 2010). Considering the extensive efforts FTE undertook to identify and produce responsive documents, (*see* Dkt. Nos. 266, 276, 287, 291), the Court sees no reason to further stay discovery in this action. Accordingly, the Court denies SPI's objections to the August 22, 2019 and February 21, 2020 orders.

\* \* \*

For the forgoing reasons, the Court denies FTE's and Cristall's objections to the Discovery Master's orders dated November 9, 2017, and November 17, 2017. The Court also denies SPI's objections to the Discovery Master's orders dated August 22, 2019, and February 21, 2020.

Dated: New York, New York
      May 8, 2026

SO ORDERED:

_____

Sidney H. Stein, U.S.D.J.

5