# HUNTON

Erika Maley**
Direct 202.955.1858
emaley@hunton.com

2200 Pennsylvania Avenue, NW
Washington, DC 20037

May 22, 2026

**Via ECF**

The Honorable Sidney H. Stein, United States District Judge
UNITED STATES DISTRICT COURT FOR THE
   SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Federal Treasury Enterprise Sojuzplogoimport, et al. v. Spirits International B.V.,*
      *et al.*, Case No. 14-cv-712 (SHS)

**William Grant and Sons' Request to Proceed with Summary Judgment Motion**

Dear Judge Stein:

During the May 19, 2026 status conference, Your Honor requested that the William Grant defendants submit a letter explaining their proposal to file a summary judgment motion on issues for which discovery is complete. In particular, William Grant would like to proceed with a summary judgment motion showing that Plaintiffs lack statutory standing due to a 1991 Agreement that assigned rights to the registered trademarks to PepsiCo. The motion would also show, in the alternative, that if the Agreement conferred a license as Plaintiffs have argued, then their claims against William Grant fail because the registrations would be expired.

Proceeding with a summary judgment motion on these issues before the close of discovery will promote judicial efficiency, and help resolve this long-running dispute as expeditiously as possible. The issues are dispositive of the only cause of action remaining against William Grant, infringement of registered trademarks under Section 32 of the Lanham Act. All discovery on these issues has been completed. Resolving them now would streamline this case, reducing the amount of discovery needed and simplifying the trial. In addition, waiting until the close of discovery to file the motion would be highly burdensome for William Grant. The costs for William Grant to complete all discovery would likely exceed $500,000. And as discussed at the status conference, it remains highly uncertain when and how fact discovery can be completed. Many of the remaining witnesses are located in Russia, and the wars in Ukraine and the Middle East, as well as the health issues of certain witnesses, have made scheduling depositions highly challenging.

William Grant notes that it is not seeking to file a "seriatim" summary judgment motion as Plaintiffs suggested. This would be William Grant's first motion for summary judgment in

ATLANTA AUSTIN BANGKOK BEIJING BOSTON BRUSSELS CHARLOTTE DALLAS DUBAI HOUSTON LONDON
LOS ANGELES MIAMI NEW YORK NORFOLK RICHMOND SAN FRANCISCO THE WOODLANDS TYSONS WASHINGTON, DC
www.Hunton.com

this case. Plaintiffs, as well as the other Defendants, have previously filed summary judgment motions, without requesting leave of the Court. *See* ECF No. 323 (Plaintiffs' motion for summary judgment); ECF No. 377 (SPI defendants' motion for summary judgment). William Grant has not done so. Further, in light of the Court's concerns about judicial efficiency, William Grant does not intend to file a second summary judgment motion if the Court will consider this summary judgment motion before the close of discovery.

The summary judgment motion would cover two issues. First, it would demonstrate that Plaintiffs lack statutory standing under the Lanham Act because they were not the registrant of the STOLICHNAYA trademarks when William Grant distributed Stolichnaya vodka in the United States. In a June 1991 Agreement, the Soviet entity that then owned the registrations, V/O Sojuzplodoimport, assigned the registrations to PepsiCo, Inc. Second, and in the alternative, the motion would show that if PepsiCo was a licensee as Plaintiffs have argued, then the trademark registrations expired, because neither V/O nor Plaintiffs' alleged successors-in-interest filed the statutorily required affidavits to maintain the registrations with the USPTO after 1991.

William Grant does not intend to raise in the summary judgment motion the separate issue concerning the later purported assignment of trademark rights from VVO-SPI to the Russian Federation, which this Court held is barred by the Act of State doctrine. William Grant mentioned potentially raising this issue in a summary judgment motion in its April 30, 2026 letter. But it submitted that letter before this Court denied its Motion for Reconsideration on that question, on May 4, 2026. Given that ruling, the only issues William Grant now seeks to raise in its summary judgment motion are the entirely separate questions concerning the effect of V/O's 1991 Agreement with PepsiCo.

William Grant previously moved for judgment on the pleadings on these grounds in 2016. ECF No. 116. Your Honor denied that motion without prejudice, holding that the issues should be raised on summary judgment, following discovery into the Agreement. ECF No. 147 and September 8, 2016 Hr. Tr. That discovery has since been completed. Plaintiffs subpoenaed documents from and deposed PepsiCo by its corporate representative, William Finkelstein. In addition, Plaintiffs deposed all of the William Grant witnesses, as well as one of SPI's principals, the individual defendant Yuri Shefler. No other discovery on the 1991 Agreement or the USPTO filings remains outstanding. Indeed, the other relevant factual information is based upon public records.

The remaining discovery discussed at the status conference is unrelated to these issues. William Grant needs to depose Plaintiffs' witnesses regarding facts relevant to its other defenses, such as VVO's failure to police the marketplace or exercise quality control. Moreover, the two issues William Grant seeks to raise in its summary judgment motion solely involve New York contract and federal trademark law. These issues are unrelated to the questions about the 1992 privatization of VVO that are hotly contested between Plaintiffs and SPI.

Resolution of these issues now would significantly narrow the scope of a trial, avoid burdensome discovery, and streamline this case. We therefore respectfully request the Court permit William Grant to file a summary judgment motion on these issues without waiting for the close of discovery.

Respectfully submitted,

*/s/ Erika L. Maley*
Erika L. Maley
HUNTON ANDREWS KURTH LLP
*Counsel for Defendants,*
*William Grant & Sons USA and*
*William Grant & Sons, Inc.*

cc:     All counsel of record.